MARC E. HANKIN (SBN: 170505)
E-Mail:  Marc@hpl.law
ELODIE BARDON (SBN: 352856)
E-Mail:  Elodie@hpl.law
**HANKIN PATENT LAW,**
A Professional Corporation
11414 Thurston Circle
Los Angeles, CA 90049
Tel: (310) 979-3600

Attorneys for PLAINTIFF,
**P&P Imports LLC**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P&P Imports LLC,<br><br>Plaintiff<br><br>v.<br><br>Vevor Store LLC; Vevor Technology LLC; Vevor Technology Ltd.; Vevor Corporation; Vevor Equipment Inc.; Sanven Corporation; Sanven Technology Ltd.; Shanghai MuXinMuYe Youxiangongsi; Shanghai LEILEI E-Commerce Co., Ltd.; Shanghai SIJIE E-Commerce Co., Ltd.; Bozhou LEIKEYOU Technology Co., Ltd.; DOES 1 through 10, inclusive,<br><br>Defendants. | CASE No. 8:25-cv-02494<br><br>**VERIFIED COMPLAINT FOR DESIGN PATENT INFRINGEMENT; COPYRIGHT INFRINGEMENT; TRADE DRESS INFRINGEMENT; AND UNFAIR COMPETITON**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff P&P Imports LLC ("P&P," or "Plaintiff") files this complaint for its claims for relief against Defendants Vevor Store LLC; Vevor Technology LLC; Vevor Technology Ltd.; Vevor Corporation; Vevor Equipment Inc.; Sanven Corporation; Sanven Technology Ltd.; Shanghai MuXinMuYe Youxiangongsi; Shanghai LEILEI E-Commerce Co., Ltd.; Shanghai SIJIE E-Commerce Co., Ltd.; Bozhou LEIKEYOU Technology Co., Ltd.; and DOES 1 through 10, inclusive ("DOES") (collectively herein "Defendants" or "Vevor"), alleging, based on its own knowledge, and based on information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1.      This Complaint includes a Claim for Relief for Patent Infringement arising under the Patent Laws of the United States, 35 U.S.C. §101, *et seq*.

2.      This Complaint also includes a Claim for Relief for Copyright Infringement arising under the Copyright Laws of the United States, 17 U.S.C. §101, *et seq*.

3.      This Complaint also includes a Claim for Unfair Competition, False Designation of Origin, False Description, and Trade Dress Infringement pursuant to 15 U.S.C. § 1125(a).

4.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendants based on the fact that Defendants reside within this Judicial District: at least Vevor Store LLC, Vevor Technology LLC, Sanven Corporation, and Sanven Technology Ltd. have their principal place of business at 9166 Anaheim Pl 250, Rancho Cucamonga, CA 91730, and Vevor Technology Ltd. has its principal place of business at 324 S. Diamond Bar Blvd. Unit 717, Diamond Bar, CA 91765. Defendants also conduct business within this Judicial District, and many of the acts complained of occurred within this Judicial District.

6.      This Court has specific personal jurisdiction over Defendants because,

among other things, Vevor Store LLC, Vevor Technology LLC, Vevor Corporation, Sanven Corporation, and Sanven Technology Ltd. are incorporated in the State of California. Defendants have continuous and systematic contacts with the State of California such that they could reasonably foresee being brought into court in California.

7.    Additionally, Defendants import and sell the products accused of infringing in this case and deliver those products into the stream of commerce with the expectation that they will be purchased by customers in California.

8.    Defendants regularly transact business in the State of California and within this District. Defendants engage in other persistent courses of conduct and derive substantial revenue from products provided in this District and in California, and have purposefully established substantial, systematic, and continuous contacts within this District and should reasonably expect to be sued in a court in this District. Given these contacts, the Court's exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

9.    For example, Defendants have advertised the operation of multiple facilities and warehouses in the State of California as shown in an archived version of https://www.vevor.com/pages/about-us (archived as of June 2024):



10.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).  *See, e.g., TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017).  As detailed above, on information and belief, Defendants have regular and established places of business throughout California and in this District, and Defendants are subject to personal jurisdiction in this District at the time this action is commenced. Further, the claims asserted in this action arise out of wrongful acts committed by Defendants within this District.  Defendants continue to conduct business in this District, including one or more acts of making, selling, importing, and/or offering for sale infringing products, unlawfully using infringing content, or providing support services with respect to the infringing products to its customers within this District.

11.    All of P&P's Claims for Relief, as further described herein, arise out of the same nucleus of operative facts.

## THE PARTIES

12.    P&P is a California Limited Liability Company with its principal place of business at 17352 Derian Ave., Irvine, California 92614.

13.    Vevor Store LLC DBA Vevor, VevorConcept, Vevor Corporation, Vevor Equipment Inc., Vevor Official Shop, Vevor Official Store, VevorSale, Vevor Tool Store, Vevor Technology LLC, Vevor Technology Ltd., BENTISM, HappyBuy, HappiBuy, KFFKFF, Rabbit Horse Inc., Sanven Corporation, Sanven Technology Ltd., SkyHalo, SkysHalo, SVOPES, is a California Limited Liability Company with a principal place of business located at 9166 Anaheim Pl 250, Rancho Cucamonga, CA 91730. Vevor Store LLC also does business at the following addresses: 9448 Richmond Place #E, Rancho Cucamonga, CA 91730, and 17800 Castleton St. STE 665, City of Industry, CA 91748.  Vevor Store LLC does business in this District and offers outdoor, sporting, and games goods, tools, and garden, outdoor, automotive, and kitchen supplies for sale.

14.    Vevor Technology LLC DBA Vevor Store LLC is a California Limited Liability Company with a principal place of business located at 9166 Anaheim Pl 250,

Rancho Cucamonga, CA 91730. Vevor Technology LLC does business in this District and offers outdoor, sporting, and games goods, tools, and garden, outdoor, automotive, and kitchen supplies for sale.

15. Vevor Technology Ltd. DBA Vevor Store LLC, Vevor Tech. LLC, has a principal place of business located at 324 S. Diamond Bar Blvd. Unit 717, Diamond Bar, CA 91765. Vevor Technology Ltd. does business in this District and offers outdoor, sporting, and games goods, tools, and garden, outdoor, automotive, and kitchen supplies for sale.

16. Vevor Corporation DBA Vevor Store LLC, Vevor Tech. LLC, is a suspended California Corporation with a principal place of business located at 1172 Murphy Ave. STE 237, San Jose, CA 95131. Vevor Corporation does business in this District and offers outdoor, sporting, and games goods, tools, and garden, outdoor, automotive, and kitchen supplies for sale.

17. Vevor Equipment Inc. DBA Vevor Store LLC, Vevor Tech. LLC, is a Colorado Corporation with a principal place of business located at 1312 17th Street, Ste. 2110, Denver, CO 80202. Vevor Equipment Inc. does business in this District and offers outdoor, sporting, and games goods for sale.

18. Sanven Corporation DBA Vevor Store LLC, Vevor Tech. LLC, is a California Corporation with a principal place of business located at 9166 Anaheim Place 250, Rancho Cucamonga, CA 91730. Sanven Corporation does business in this District and offers outdoor, sporting, and games goods for sale.

19. Sanven Technology Ltd. DBA Vevor Store LLC, Vevor Tech. LLC, is a California Corporation with a principal place of business located at 9166 Anaheim Place 250, Rancho Cucamonga, CA 91730. Sanven Technology Ltd. does business in this District and offers outdoor, sporting, and games goods for sale.

20. Shanghai MuXinMuYe Youxiangongsi DBA Sanven Technology Ltd., Vevor Store LLC, Vevor Tech. LLC, has a principal place of business located at Room 1602A-1609, 803 lane, ShuangCheng St., BaoShan Area, Shanghai China. Shanghai

MuXinMuYe Youxiangongsi does business in this District and offers outdoor, sporting, and games goods for sale.

21.     Shanghai LEILEI E-Commerce Co., Ltd. DBA KFFKFF Home Decor Store US, KFFKFF, Vevor Store LLC, Vevor Tech. LLC, has principal places of business located at (1) Room 102, Unit 41, Building 1, No. 58 Baozhennan Road, Baozhen Town, Chongming District, Shanghai 200000 China, and (2) Room JT2389, FL/4, Bldg 2, No. 599 Wanzhen Rd, Zhenxinxincun St, Jiading District, Shanghai China 201800.  Shanghai LEILEI E-Commerce Co., Ltd. does business in this District and offers outdoor, sporting, and games goods for sale.

22.     Shanghai SIJIE E-Commerce Co., Ltd. DBA KFFKFF Home Decor Store US, KFFKFF, Vevor Store LLC, Vevor Tech. LLC, has a principal place of business located at (1) Room 102, Unit 41, Building 1, No. 58 Baozhennan Road, Baozhen Town, Chongming District, Shanghai China 200000, and (2) Room JT2389, FL/4, Bldg 2, No. 599 Wanzhen Rd, Zhenxinxincun St, Jiading District, Shanghai China 201800. Shanghai SIJIE E-Commerce Co., Ltd. does business in this District and offers outdoor, sporting, and games goods for sale.

23.     Bozhou LEIKEYOU Technology Co., Ltd. DBA SkyHalo, SkysHalo, Vevor Store LLC, Vevor Tech. LLC, has a principal place of business at NO. 28, Zhaoyangzhuang Village, Dawang Administrative Village, Niuji Town, Qiaocheng DIST, Bozhou City, Anhui Province China 236000.  Bozhou LEIKEYOU Technology Co., Ltd. does business in this District and offers outdoor, sporting, and games goods for sale.

24.     Upon information and belief, Vevor Store LLC, Vevor Technology LLC, Vevor Technology Ltd., Vevor Corporation, Vevor Equipment Inc., Sanven Corporation, Sanven Technology Ltd., Shanghai MuXinMuYe Youxiangongsi, Shanghai LEILEI E-Commerce Co., Ltd., Shanghai SIJIE E-Commerce Co., Ltd., and Bozhou LEIKEYOU Technology Co., Ltd. are parents, subsidiaries, affiliates, members, shareholders, investors, predecessors, officers, directors, agents, employees,

attorneys, successors, assigns firms, or working in concert and are the same entity and hereinafter referred to collectively herein as "Defendants" or "Vevor".

25.    P&P is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  P&P will amend this complaint to allege their true names and capacities when that has been ascertained.  P&P is informed and believes, and thereon alleges, that each of the fictitiously named Doe Defendants is responsible in some manner for the wrongs alleged herein, that P&P's injuries were proximately caused by such Doe Defendants, and that at all relevant times each was the parent, subsidiary, or affiliate corporate entity controlling or at least facilitating the actions taken by the other Defendants, or was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment. These fictitiously named Doe Defendants along with the Defendants named above are referred to collectively herein as "Defendants" or "Vevor".

26.    P&P and Defendants directly compete with each other for the sale of various outdoor, sporting, and games goods in the United States.

27.    On information and belief, the Vevor Defendants were formed and/or operate for the purpose of copying popular American products and selling those products at lower prices than the original, copied products.  Various of the Vevor Defendants have been sued previously for intellectual property infringement, including one case in which they admitted to willful infringement.

28.    On information and belief, the Vevor Defendants individually and/or collectively import Vevor products including the infringing products that are the subject of this lawsuit into the United States, sell those products through at least the websites vevor.com and amazon.com, distribute those products throughout the United States, and maintain physical locations throughout the State of California and elsewhere in the United States.

# FACTS RELEVANT TO ALL ALLEGATIONS

## A.    P&P's Protectable Intellectual Property

29.    P&P designs, offers for sale, and sells various toys, games, and sporting goods products within the United States, and P&P takes immense effort to police its intellectual property interests protecting those same products.

30.    On or about February 28, 2025, P&P discovered Vevor was selling multiple different products that infringed at least four different patents owned by P&P. As a first step to stop Vevor's infringing sales, P&P documented listings and sales of Vevor's infringing products and requested various e-retailers take down Vevor's sales listings of the infringing products.

31.    On February 28, 2025, P&P sent Vevor a First Cease and Desist Letter detailing Vevor's infringements of P&P's intellectual property and noticing those infringements to Vevor.  A true and correct copy of the First Cease and Desist Letter is attached hereto as Exhibit 001.

32.    In a written response to P&P's First Cease and Desist Letter, Vevor acknowledged the noticed infringements in writing, and Vevor agreed to cease selling the noticed infringing products.

33.    Despite Vevor's promise to cease the admitted infringing sales, Vevor instead deliberately took steps to relist and resume the sale of identically infringing products.  Moreover, Vevor also took material and intentional steps to expand the number of different infringing products, expand the number of different e-retailers on which it listed and sold infringing products, and expand the number and types of P&P's intellectual property it infringed.

34.    Therefore, rather than ceasing infringing product sales, as promised, Vevor redoubled its efforts to infringe P&P's intellectual property by making, offering for sale, and selling both the prior-noticed infringing products and newly infringing products and product lines.

35.    All sales of Vevor's infringing products occurring on or since February 28,

2025, when P&P sent P&P's First Cease and Desist Letter to Vevor, occurred after express notice of infringement of P&P's intellectual property, and all such conduct was willful and exceptional.

36.    All sales of Vevor's infringing products occurring on or since Vevor's written admission of marketing infringing products, when Vevor promised to cease all infringing sales, occurred after express notice of infringement of P&P's intellectual property, and all such conduct was willful and exceptional.

37.    On July 23, 2025, P&P sent Vevor a Second Cease and Desist Letter detailing Vevor's continuing infringements of P&P's intellectual property identified in P&P's First Cease and Desist Letter and detailing Vevor's expansion of infringing conduct since P&P's First Cease and Desist Letter.  A true and correct copy of P&P's Second Cease and Desist Letter is attached hereto as Exhibit 002.

38.    P&P's Second Cease and Desist Letter expressly noticed Vevor that Vevor had not ceased infringing P&P's intellectual property after being noticed of same in the First Cease and Desist Letter, and had not ceased infringing P&P's intellectual property after promising to cease that infringing conduct in writing.

39.    P&P relied on Vevor's written communication admitting infringement and promising to cease its infringing conduct detailed in P&P's First Cease and Desist Letter, to P&P's detriment, and P&P proceeded in expectation of Vevor taking the promised necessary steps to remove infringing listings and cease infringing sales. Because Vevor did not proceed as promised, P&P was economically and reputationally damaged by Vevor's continuing infringing sales.  Vevor's written communication to P&P was communicated over email by an agent of Vevor to P&P.

40.    P&P's Second Cease and Desist Letter also expressly noticed Vevor that Vevor had expanded its product lines to include many more infringing products and listings, and P&P noted to Vevor that such behavior was willful and exceptional conduct, particularly in light of P&P's First Cease and Desist Letter and Vevor's express promises to cease infringing sales.

41.    Vevor has ceased communications, refused to provide P&P sales and other information regarding the infringing products, and has taken no steps to resolve these matters since Vevor sent its written communication admitting infringement and promising to cease infringing sales, and Vevor continues to sell products that infringe P&P's intellectual property as of the filing of this Complaint.

### 1.    **P&P's Design Patents**

42.    P&P is the owner of U.S. Design Patent No. D1051263 entitled Sport Training Net ("'263 Patent").  A true and correct copy of the '263 Patent is attached hereto as Exhibit 003.



Figure 1 of the '263 Patent

43.    The '263 Patent covers the design of a Sport Training Net.

44.    P&P offers for sale the GoSports® 9 Pocket Baseball Net, an outdoor baseball net ("GoSports® 9 Pocket Baseball Net").

45.    The GoSports® 9 Pocket Baseball Net is available for sale through various retailers, including Amazon.com.

46.    The GoSports® 9 Pocket Baseball Net practices the claim of the '263 Patent.

47.    P&P is the owner of U.S. Design Patent No. D1048254 entitled Sports Net ("'254 Patent").  A true and correct copy of the '254 Patent is attached hereto as Exhibit 004.



Figure 1 of the '254 Patent

48.    The '254 Patent covers the design of a Sports Net.

49.    P&P offers for sale the GoSports® 7ft x 7ft Baseball & Softball Practice Hitting & Pitching Net ("GoSports® Hex Net").

50.    The GoSports® Hex Net is available for sale through various retailers, including Amazon.com.

51.    The GoSports® Hex Net practices the claim of the '254 Patent.

52.    P&P is the owner of U.S. Design Patent No. D900933 entitled Football Toss Trainer ("'933 Patent").  A true and correct copy of the '933 Patent is attached hereto as Exhibit 005.

53.    The '933 Patent covers the design of a Football Net.



Figure 1 of the '933 Patent

54.    P&P is the owner of U.S. Design Patent No. D960985 entitled Toss Trainer ("'985 Patent").  A true and correct copy of the '985 Patent is attached hereto as Exhibit 006.



Figure 1 of the '985 Patent

55.    P&P is the owner of U.S. Design Patent No. D1003355 entitled Toss Trainer ("'355 Patent").  A true and correct copy of the '355 Patent is attached hereto as Exhibit 007.



Figure 1 of the '355 Patent

56.    The '355 Patent, the '985 Patent, and the '933 Patent cover the design of a Toss Trainer.

57.    P&P offers for sale the GoSports® Football Throwing Net - 8 x 8 ft or 6 x 6 ft Nets ("GoSports® Football Net").

58.    The GoSports® Football Net is available for sale through various retailers, including Amazon.com.

59.    The GoSports® Football Net practices the claims of the '933 Patent, the '985 Patent, and the '355 Patent.

60.    P&P is the owner of U.S. Design Patent No. D1012214 entitled Sports Pylon ("'214 Patent").  A true and correct copy of the '214 Patent is attached hereto as Exhibit 008.



Figure 1 of the '214 Patent

61.     The '214 Patent covers the design of a Sports Pylon.

62.     P&P offers for sale the GoSports® Golf HEX Track Swing Path Guide ("GoSports® Golf Pylon").

63.     The GoSports® Golf Pylon is available for sale through various retailers, including Amazon.com.

64.     The GoSports® Golf Pylon practices the claim of the '214 Patent.

**2.     P&P's Copyrights**

**P&P's Premium Cornhole Game Photograph**

65.     P&P offers for sale the GoSports® 4 FT X 2 FT Solid Wood Premium Cornhole Set, an outdoor toss game ("P&P's Premium Cornhole Game").



P&P's Premium Cornhole Game Photograph

66.     P&P's Premium Cornhole Game is available for sale through various

retailers, including Amazon.com.

67.    The online listings and packaging for P&P's Premium Cornhole Game include one (1) original photograph ("P&P's Premium Cornhole Game Photograph") at issue here.  A true and correct copy of P&P's Premium Cornhole Game Amazon.com listing is attached hereto as Exhibit 009.

68.    P&P's Premium Cornhole Game Photograph is a work protectable by Copyright.

69.    P&P sought to register and obtained United States Copyright Registration No. VA 2-376-256 for CH Bags 2023 Photographs ("CH Bags 2023 Copyright Registration").  A true and correct copy of P&P's CH Bags 2023 Copyright Registration is attached hereto as Exhibit 009-1.

### P&P's Rustic Cornhole Game Photographs

70.    P&P also offers for sale the GoSports® 4 ft x 2 ft Classic Cornhole Set - Rustic Wood, an outdoor toss game ("P&P's Rustic Cornhole Game").

Current Amazing listing image        Former Amazon listing image

  

P&P's Rustic Cornhole Game Photographs

71.    P&P's Rustic Cornhole Game is available for sale through various retailers, including Amazon.com.

72.    The online listings and packaging for P&P's Rustic Cornhole Game have included two (2) original photographs ("P&P's Rustic Cornhole Game Photographs") at issue here.  A true and correct copy of P&P's Rustic Cornhole Game Amazon.com listing is attached hereto as Exhibit 010.

73. P&P's Rustic Cornhole Game Photographs are works protectable by Copyright.

74. P&P sought to register and obtained United States Copyright Registration No. VA 2-259-559 for P&P's Rustic Cornhole Game Photographs ("Rustic Cornhole Game Copyright Registration"). A true and correct copy of P&P's Rustic Cornhole Game Copyright Registration is attached hereto as Exhibit 010-1.

<b>P&P's Cornhole Game Insert</b>

75. As part of the sale of each of its cornhole games, P&P attaches P&P's Cornhole Game Insert.

76. P&P's Cornhole Game Insert at issue here comprises the following:



77. P&P's Cornhole Game Insert comprises one or more works protectable by Copyright.

78. P&P sought to register and obtained United States Copyright Registration No. VA 2-303-493 for Cornhole Lookbook 2022 ("P&P's Cornhole Lookbook 2022 Copyright Registration"). A true and correct copy of P&P's Cornhole Lookbook 2022 Copyright Registration is attached hereto as Exhibit 011.

### 3.    P&P's Trade Dress

79.    P&P offers for sale the GoPong® 8' Portable Folding Beer Pong Table ("GoPong® Beer Pong Table").

80.    The GoPong® Beer Pong Table is available for sale through various retailers, including Amazon.com.  A true and correct copy of P&P's GoPong® Beer Pong Table Amazon.com listing is attached hereto as Exhibit 012.

81.    The GoPong® Beer Pong Table embodies trade dress rights, namely a black top presented in 4 outlined symmetrical segments, bounded by shaped metal colored siding, and a white-lined design on the black top including a triangle with an internal ornamental element and an offset circular ornamental element, and three sets of metal colored legs with rounded metal crossbeams offset by black colored feet and sleeves, all owned by P&P ("GoPong® Beer Pong Table Trade Dress").



GoPong® Beer Pong Table

82.    P&P also offers for sale the GoSports® 10 ft x 7 ft PRO Replacement Hitting Net ("GoSports® Hitting Net").

83.    The GoSports® Hitting Net is available for sale through various retailers, including Amazon.com.  A true and correct copy of P&P's GoSports® Hitting Net Amazon.com listing is attached hereto as Exhibit 013.

84.    The GoSports® Hitting Net embodies trade dress rights, namely a rectangular net with a black colored border and an internal and centered hexagonal sleeve net opening with a red-orange colored border, all owned by P&P ("GoSports® Hitting Net Trade Dress").

GoSports® Hitting Net

**B.     Defendants' Infringing Actions**

85.     Vevor has offered and continues to offer for sale the:

- VEVOR 9 Hole Baseball Net, Item B0CQY53QRJ

- VEVOR 9 Hole Baseball Net, Item B0CQQHY4RN

- VEVOR Baseball Pitching Net 9 Hole, Item B0D5CQNCV8

- VEVOR Baseball Softball Practice Net, Item B0CN71LCPT

- VEVOR 8 x 8 ft Football Trainer Throwing Net, Item B0CN6CQ7GZ

- VEVOR 7x7ft Football Training Launch Net, Item B0CN6D7RQX

- VEVOR 6 x 6 ft Football Trainer Throwing Net, Item B0CN6CKH4G

- VEVOR Golf Practice Net, Item B0D456ND1K

Collectively referred to herein as the "Infringing Nets".

86.     Vevor has also offered and continues to offer for sale the:

- Vevor 5x4ft Golf Hitting Mat ( "Infringing Mat").

87.     Vevor has also offered and continues to offer for sale the:

- VEVOR Cornhole Set, 4x2 ft Corn Hole Game Boards, Item B0F8Q1SFWG

- VEVOR Cornhole Set, 4x2 ft Corn Hole Game Boards, Item B0F8Q2GR18

- VEVOR Cornhole Set, 3x2 ft Corn Hole Game Boards, Item B0F8QJN9TP

- VEVOR Cornhole Set, 3x2 ft Corn Hole Game Boards, Item BBT001

- • VEVOR 3x2ft Cornhole Set Portable Corn Hole Toss Game Board Wood 8 Bean Bag, eBay item 286570268366
- • VEVOR 3x2ft Cornhole Set Portable Corn Hole Toss Game Board Aluminum 8 Bean Bags, eBay item 286537044142
- • VEVOR 4x2ft Cornhole Set Portable Outdoor Corn Hole Toss Game Board Wood Carry, eBay item 256932555651

Collectively referred to herein as the "Infringing Cornhole Boards".

88.     Vevor has also offered and continues to offer for sale the:

- • VEVOR 8 Foot Portable Pong Table, Item B0DT97MXZV ("Infringing Pong Table").

89.     Despite Vevor's acknowledgment of the infringement and assurances that Vevor would cease selling infringing products protected by P&P's intellectual property, Vevor has continued to engage in willful infringement.

### 1.     Patent Infringement

90.     Vevor has offered and/or continues to offer for sale the Infringing Nets and the Infringing Mat at least at Amazon.com, Vevor.com, HomeDepot.com, Lowes.com, Shein.com, Temu.com, and AliExpress.com ("Infringing Nets Listings" and "Infringing Mat Listings"). A true and correct copy of the Infringing Nets Listings and Infringing Mat Listings on Amazon.com, Vevor.com, HomeDepot.com, Lowes.com, Shein.com, Temu.com, and AliExpress.com are attached hereto as Exhibits 014, 014-1, 014-2, and 014-3.

91.     Items B0CQY53QRJ, B0CQQHY4RN, and B0D5CQNCV8 of the Infringing Nets (reproduced below) are a direct copy of P&P's GoSports® 9 Pocket Baseball Net and both practice and infringe the claim of P&P's '263 Patent.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



P&P's '263 Patent



Vevor B0CQY53QRJ



Vevor B0CQQHY4RN



Vevor B0D5CQNCV8

92.    Upon information and belief, Items B0CQY53QRJ, B0CQQHY4RN, and B0D5CQNCV8 of the Infringing Nets were manufactured and sold with lower quality materials and construction compared to P&P's GoSports® 9 Pocket Baseball Net.

93.    Because Items B0CQY53QRJ, B0CQQHY4RN, and B0D5CQNCV8 of the Infringing Nets were inferior in quality to P&P's GoSports® 9 Pocket Baseball Net, and because Items B0CQY53QRJ, B0CQQHY4RN, and B0D5CQNCV8 of the Infringing Nets were offered for sale using P&P's GoSports® 9 Pocket Baseball Net patented design, potential customers associated P&P's GoSports® 9 Pocket Baseball Net with the inferior quality and construction of Items B0CQY53QRJ, B0CQQHY4RN, and B0D5CQNCV8 of the Infringing Nets, which harmed P&P's GoSports® 9 Pocket Baseball Net's reputation.

94.    Vevor's actions, having harmed the reputation of P&P's GoSports® 9 Pocket Baseball Net, were directly responsible for P&P making fewer sales of P&P's GoSports® 9 Pocket Baseball Net, which resulted in lost profits, and that harm is

continuing into the future.

95. Item B0CN71LCPT of the Infringing Nets (reproduced below) is a direct copy of P&P's GoSports® Hex Net and both practices and infringes the claim of P&P's '254 Patent.





P&P's '254 Patent                    Vevor B0CN71LCPT

96. Upon information and belief, Item B0CN71LCPT of the Infringing Nets was manufactured and sold with lower quality materials and construction compared to P&P's GoSports® Hex Net.

97. Because Item B0CN71LCPT of the Infringing Nets was inferior in quality to P&P's GoSports® Hex Net, and because Item B0CN71LCPT of the Infringing Nets was offered for sale using P&P's GoSports® Hex Net patented design, potential customers associated P&P's GoSports® Hex Net with the inferior quality and construction of Item B0CN71LCPT of the Infringing Nets, which harmed the reputation and goodwill of P&P and P&P's GoSports® Hex Net.

98. Vevor's actions, having harmed the reputation of P&P's GoSports® Hex Net, were directly responsible for P&P making fewer sales of P&P's GoSports® Hex Net, which resulted in lost profits, and that harm is continuing into the future.

99. Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G of the Infringing Nets (reproduced below), are substantially similar to P&P's GoSports® Football Net and both practice and infringe the claims of P&P's '933 Patent, P&P's '985 Patent, and P&P's '355 Patent.



P&P's '933 Patent



Vevor 8x8ft Football Net,
B0CN6CQ7GZ



P&P's '985 Patent



Vevor 7x7ft Football Net,
B0CN6D7RQX

P&P's '355 Patent



Vevor 6x6ft Football Net,
B0CN6CKH4G

100.   Upon information and belief, Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G of the Infringing Nets were manufactured and sold with lower quality materials and construction compared to P&P's GoSports® Football Net.

101.   Because Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G of the Infringing Nets were inferior in quality to P&P's GoSports® Football Net, and

because Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G of the Infringing Nets were offered for sale using P&P's GoSports® Football Net patented design, potential customers associated P&P's GoSports® Football Net with the inferior quality and construction of Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G of the Infringing Nets, which harmed the reputation and goodwill of P&P and P&P's GoSports® Football Net.

102.    Vevor's actions, having harmed the reputation of P&P's GoSports® Football Net, were directly responsible for P&P making fewer sales of P&P's GoSports® Football Net, which resulted in lost profits, and that harm is continuing into the future.

103.    Vevor's Infringing Mat (reproduced below) is substantially similar to P&P's GoSports® Golf Pylon and both practices and infringes the claim of P&P's '214 Patent.



P&P's '214 Patent





Vevor 5x4ft Golf Hitting Mat        Enlarged Image of Vevor 5x4ft Golf Hitting Mat

104.    Upon information and belief, Vevor's Infringing Mat was manufactured

and sold with lower quality materials and construction compared to P&P's GoSports® Golf Pylon.

105.    Because Vevor's Infringing Mat was inferior in quality to P&P's GoSports® Golf Pylon, and because Vevor's Infringing Mat was offered for sale using P&P's GoSports® Golf Pylon patented design, potential customers associated P&P's GoSports® Golf Pylon with the inferior quality and construction of Vevor's Infringing Mat, which harmed P&P's GoSports® Golf Pylon's reputation.

106.    Vevor's actions, having harmed the reputation of P&P's GoSports® Golf Pylon, were directly responsible for P&P making fewer sales of P&P's GoSports® Golf Pylon, which resulted in lost profits, and that harm is continuing into the future.

### Vevor's Attempts to Conceal Infringing Conduct

107.    Since P&P's First Cease and Desist Letter, Vevor has maintained or resumed the sale of the products protected by P&P's '263 Patent and P&P's '254 Patent, now sold by Vevor under the SKYHALO brand.

108.    Vevor has continued to sell the infringing products through online platforms, including The Home Depot.

109.    P&P directly contacted Home Depot and submitted patent complaints which, once again, led to the removal of the infringing listings.

110.    Vevor's behavior is not only a direct violation of P&P's intellectual property rights but also a flagrant disregard of Vevor's prior commitments to cease the infringing activity.

111.    Vevor's behavior also constitutes exceptional conduct because Vevor purposefully modified its listing imagery to remove the VEVOR brand name in an attempt to obscure or secret Vevor's continuing and willful infringements of P&P's intellectual property.

112.    The listing imagery has been photoshopped to remove the Vevor logo from the product and bag.

113.    However, when P&P purchased the product, the product came in a Vevor

box and packaging and the product itself was clearly marked with the Vevor logo.

114.    Therefore, Vevor used intentional subterfuge to attempt to hide the fact that Vevor was still selling infringing goods via the product listing, which, under these circumstances, is reliable evidence of willful patent infringement.



Vevor's SKYHALO listing showing infringement of P&P's '263 Patent



Photograph from P&P's test-buy of the SKYHALO listing showing VEVOR printed on the delivered product, though the VEVOR logo was artifically removed from the SKYHALO listing and imagery

- 24 -

1
2
3
4
5
6
7
8
9
10



11    Vevor's SKYHALO listing showing infringement of P&P's '254 Patent

12
13
14
15
16



17    Image from P&P's Test Buy of the related SKYHALO listing

18
19
20
21
22
23



24    Enlarged image to highlight issue

25    115.   Despite numerous demands that Vevor produce accounting of the

26    infringing units manufactured and sold, including those manufactured and sold under

27    the SKYHALO brand to The Home Depot, as of the date of the Complaint, P&P has

28    not been provided with an accounting of Vevor's sales of Vevor's Infringing Nets and

Infringing Mat.

116.   Vevor's use of P&P's Design Patents is intentional and willful.

117.   P&P has never authorized or granted permission to Vevor to practice or use any of P&P's intellectual property, including P&P's Design Patents.

## 2.   Copyright Infringement

118.   Just months after P&P sent its initial Cease and Desist letter, and after committing to no longer infringe P&P's intellectual property, Vevor expanded its product offerings to include new violations and launched new products constituting new willful violations of P&P's intellectual property.

### a.   *Infringement of VA 2-376-256 and VA 2-259-559*

119.   Defendants offer and/or have offered the Infringing Cornhole Boards for sale, at least, at Amazon.com, Ebay.com, HomeDepot.com, Walmart.com, Reeti.com, Target.com, and Vevor.com ("Infringing Cornhole Boards Listings").   A true and correct copy of the Infringing Cornhole Boards Listings on Amazon.com, Ebay.com, HomeDepot.com, Walmart.com, Reeti.com, Target.com, and Vevor.com are attached hereto as Exhibit 015.

120.   Specifically, Vevor continues to willfully infringe P&P's Copyrights by marketing the Infringing Cornhole Boards, which are sold and delivered using illegal copies P&P's proprietary images and product inserts without authorization.

121.   Photographs on the Infringing Cornhole Boards Listings include derivative versions of the Rustic Cornhole Game Photographs and the Premium Cornhole Game Photograph ("Infringing Cornhole Boards Photographs").

### Amazon.com listings

122.   On Amazon.com, P&P has identified 18 counts of infringement.

123.   Vevor's Amazon.com listings ASINs B0F8Q1SFWG, B0F8Q2GR18, and B0F8QJN9TP infringe P&P's Copyrights.   Within each listing, there are six separate copyright infringements: 4 infringements of VA 2-376-256 and 2 infringements of VA 2-259-559.

| Infringing Cornhole Boards B0F8Q1SFWG | |
|---|---|
| P&P's Copyrights | Vevor's ASIN: B0F8Q1SFWG images |

P&P's VA 2-376-256





 

Images enlarged to highlight infringement



P&P's VA 2-259-559







Images circled to highlight infringement

VERIFIED COMPLAINT DESIGN PATENT INFRINGEMENT; COPYRIGHT INFRINGEMENT; TRADE DRESS INFRINGEMENT; AND UNFAIR COMPETITON

1

## Infringing Cornhole Boards B0F8Q2GR18

| P&P's Copyrights | Vevor's ASIN: B0F8Q2GR18 images |
|---|---|

P&P's VA 2-376-256





 

Images enlarged to   highlight infringement

P&P's VA 2-259-559





Images circled to highlight infringement

1

### Infringing Cornhole Boards B0F8QJN9TP

| P&P's Copyrights | Vevor's ASIN: B0F8QJN9TP images |
|---|---|
| P&P's VA 2-376-256 |  |

 

Images enlarged to    highlight infringement



P&P's VA 2-259-559







Images circled to highlight infringement

VERIFIED COMPLAINT DESIGN PATENT INFRINGEMENT; COPYRIGHT INFRINGEMENT; TRADE DRESS INFRINGEMENT; AND UNFAIR COMPETITON

Vevor.com listings

124.   In addition to the sale of the Infringing Cornhole Boards on Amazon, Vevor also listed some Infringing Cornhole Boards on Vevor.com.

125.   The Infringing Cornhole Boards Listing was accessible on this page: https://www.vevor.com/cornhole-sets-c_13778/3x2ft-cornhole-set-portable-corn-hole-toss-game-board-aluminum-with-8-bean-bags-p_010465124461.

126.   As of the day of this Complaint, the listing photographs have been changed.

| P&P's Copyrights | Vevor's initial listing BBT001 image |
|---|---|
| P&P's VA 2-376-256  |    Images   enlarged |
| P&P's VA 2-259-559  |   Images circled to highlight infringement |

1

<u>eBay Listings</u>

2      127.   Vevor also used eBay to distribute its products using infringing listing

3  imagery.

| P&P's VA 2-376-256 | eBay item number:286570268366 |
|---|---|
|  | <br /><br /> |

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| P&P's VA 2-376-256 | eBay item number: 286537044142 |
|---|---|
|  |  |

| P&P's VA 2-376-256 | eBay item number:256932555651 |
|---|---|
|  |  |

| P&P's VA 2-376-256 | eBay item number:256932555651 |
|---|---|
|  |  |

128.    Upon information and belief, the Infringing Cornhole Boards Photographs were intentionally modified by Vevor by, for example, adding or removing sunglasses or hair on the models before transmitting these photographs to marketplaces.

129.    Upon information and belief, Vevor knowingly and intentionally stole P&P's images and used software and/or AI to generate derivative infringing works that are based on and substantially similar to P&P's images and are intentionally designed to confuse customers with respect to the source of goods and to divert sales that Vevor would otherwise not receive.

130.    These modified photographs are derivative of P&P's Rustic Cornhole Game Photographs and P&P's Premium Cornhole Game Photograph, and they infringe

the Rustic Cornhole Game Copyright Registration and the and the CH Bags 2023 Copyright Registration.

131.   Upon information and belief, Vevor's Infringing Cornhole Boards were manufactured and sold with lower quality materials and construction compared to P&P's Rustic Cornhole Game and P&P's Premium Cornhole Game.

132.   Because the Infringing Cornhole Boards were inferior in quality to P&P's Rustic Cornhole Game and P&P's Premium Cornhole Game, and because the Infringing Cornhole Boards were offered for sale using the Infringing Cornhole Boards Photographs, potential customers associated P&P's Rustic Cornhole Game and P&P's Premium Cornhole Game with the inferior quality and construction of the Infringing Cornhole Boards, which harmed the reputation and goodwill of P&P, P&P's Rustic Cornhole Game, and P&P's Premium Cornhole Game.

133.   Vevor's actions, having harmed the reputation of P&P's Rustic Cornhole and P&P's Premium Cornhole Game, were directly responsible for P&P making fewer sales of P&P's Rustic Cornhole and P&P's Premium Cornhole Game, which resulted in lost profits, continuing into the future.

134.   Vevor's use of P&P's Rustic Cornhole Game Photographs, and P&P's Premium Cornhole Game Photograph is intentional and willful.

135.   P&P has never authorized or granted permission to Vevor to use any of P&P's intellectual property, including P&P's CH Bags 2023 Copyright Registration, and P&P's Rustic Cornhole Game Copyright Registration.

*b.   Infringement of VA 2-303-493*

136.   Vevor has copied the imagery and text from P&P's Cornhole Lookbook 2022 ("P&P's VA 2-303-493"), verbatim.

137.   Photographs of Vevor's Cornhole Game Inserts, as included with the Cornhole games sold, include derivative works of the Cornhole Lookbook 2022 protected by the Cornhole Lookbook 2022 Copyright Registration ("the Infringing Cornhole Game Inserts").

138.  The insert pictured below is a sticker that is affixed to each of the Infringing Cornhole Boards, which is copyright infringement by the product itself.

| P&P's VA 2-303-493 | Vevor's Cornhole Game Insert for Vevor's Infringing Cornhole Boards |
|---|---|





139.  All the products received from one or more test buys showed Vevor infringed P&P's VA 2-303-493.

Images from P&P's test-buy for ASIN B0F8Q2GR18, showing copyright infringement on the product

 

Images from P&P's test-buy for ASIN B0F8QJN9TP, showing copyright infringement by the product

 

Images from P&P's test-buy for ASIN B0F8Q1SFWG, showing copyright infringement by the product




Images from P&P's test-buy of Vevor Model Number: BBT001, showing copyright infringement by the product




140.    The Infringing Cornhole Game Inserts, being derivative of the Cornhole Lookbook 2022, infringes P&P's copyrighted work protected by Cornhole Lookbook 2022 Copyright Registration.

141.    Because the Infringing Cornhole Game Inserts are included with every cornhole game Vevor distributes to consumers, Vevor has created a high likelihood of confusion in the marketplace.

142.    When placed side by side, P&P's Cornhole Game Inserts and Vevor's Cornhole Game Inserts exhibit striking similarities in the selection, arrangement, and presentation of drawings and pictograms, as well as in the accompanying text.

143.    Vevor's use of P&P's Cornhole Lookbook 2022 is intentional and willful.

144.    P&P has never authorized or granted permission to Vevor to use any of P&P's intellectual property, including P&P's copyrighted work protected by the Cornhole Lookbook 2022 Copyright Registration.

145.    Each of the Infringing Cornhole Boards that has been manufactured is a separate count of infringement and each sale for each of the Infringing Cornhole Boards is an individual act of infringement, all of which damages P&P.

146.    Despite numerous demands that Vevor produce accounting of the units manufactured and sold, as of the date of the Complaint, P&P has not been provided with an accounting of Vevor's sales of Vevor's Infringing Cornhole Boards.

### 3.    Trade Dress Infringement

147.    P&P's Trade Dress meets all the requirements for enforceability, and the consumer confusion caused by Vevor's intentional targeting of P&P's products' trade dress is abundantly clear.

148.    Vevor has sold and/or is still selling the Infringing Pong Table on Amazon.com, Vevor.com, and HomeDepot.com.   A true and correct copy of the Vevor's Infringing Pong Table Listings on Amazon.com, Vevor.com, and HomeDepot.com is attached hereto as Exhibit 016.

| GoPong® Beer Pong Table | Vevor's Beer Pong Table |
| --- | --- |
|  | |

149. Vevor's Infringing Pong Table (reproduced above), being a direct copy of P&P's GoPong® Beer Pong Table, has the same overall look and feel as the GoPong® Beer Pong Table Trade Dress.

150. Upon information and belief, Vevor's Infringing Pong Table was manufactured and sold with lower quality materials and construction compared to P&P's GoPong® Beer Pong Table.

151. Because Vevor's Infringing Pong Table was inferior in quality to P&P's GoPong® Beer Pong Table, and because the Infringing Pong Table was offered for sale using P&P's GoPong® Beer Pong Table trade dress, potential customers associated P&P's GoPong® Beer Pong Table with the inferior quality and construction of the Infringing Pong Table, which harmed the reputation and goodwill of P&P and P&P's GoPong® Beer Pong Table.

152. Vevor's actions, having harmed the reputation of P&P's GoPong® Beer Pong Table, was directly responsible for P&P making fewer sales of P&P's GoPong® Beer Pong Table, which resulted in lost profits, and that harm is continuing into the future.

153. Despite numerous demands that Vevor produce accounting of the units manufactured and sold, as of the date of the Complaint, P&P has not been provided with an accounting of Vevor's sales of Vevor's Infringing Pong Table.

154. Vevor has sold and/or is still selling the Infringing Nets Item B0D456ND1K on Amazon.com, Vevor.com, Wayfair.com, HomeDepot.com, and Ebay.com: A true and correct copy of the Vevor's Infringing Nets Item B0D456ND1K Listing on Amazon, along with similar listings on Vevor.com, Wayfair.com, HomeDepot.com, and Ebay.com, is attached hereto as Exhibit 017.

| GoSports® Hitting Net | Vevor's Hitting Net |
|---|---|
|  |  |

155.   Vevor Infringing Nets Item B0D456ND1K (reproduced above), being a direct copy of P&P's GoSports® Hitting Net, has the same overall look and feel as GoSports® Hitting Net Trade Dress.

156.   Upon information and belief, Vevor Nets was manufactured and sold with lower quality materials and construction compared to P&P's GoSports® Hitting Net.

157.   Because the Infringing Nets was inferior in quality to P&P's GoSports® Hitting Net, and because the Infringing Nets was offered for sale using P&P's GoSports® Hitting Net trade dress, potential customers associated P&P's GoSports® Hitting Net with the inferior quality and construction of the Infringing Nets, which harmed P&P's GoSports® Hitting Net's reputation.

158.   Vevor's actions, having harmed the reputation of P&P's GoSports® Hitting Net, was directly responsible for P&P making fewer sales of P&P's GoSports® Hitting Net, which resulted in lost profits, and that harm is continuing into the future.

159.   Despite numerous demands that Vevor produce accounting of the units manufactured and sold, as of the date of the Complaint, P&P has not been provided with an accounting of Vevor's sales of Vevor's Infringing Nets.

C.    **Defendants' Behavior in the Marketplace**

160.   Defendant's unlawful behavior with respect to competitor's intellectual property is well known in Federal Courts across the United States.  For example, Fortune Brands Water Innovations LLC generated an exceptional digest of Vevor's past

and ongoing unlawful conduct in the marketplace and included it in their Complaint filed in June.  *See, generally, Fortune Brands Water Innovations LLC v. Vevor Corporation et al.*, 5:25-cv-01580 (C.D. Cal. June 24, 2025).  That digest has been updated to reference two new cases filed within the last six months and is presented below, because, upon information and belief, it accurately characterizes the general conduct of Defendants in the marketplace leading up to the filing of this Complaint.

161.  Defendants have consistently engaged in a pattern of misappropriating and infringing intellectual property of others.  As a result of this infringing conduct, Defendants have been sued for infringement of intellectual property at least ten times since 2016:

- *Heattrak, LLC. v. Vevor Corp. et al.*, 2:24-cv-00463 (N.D.J. Jan. 25, 2024) (alleging patent infringement and unfair competition);

- *Vita-Mix Corp. v. Vevor Corp. et al.*, 2:23-cv-01541 (C.D. Cal. March 1, 2023) (alleging patent infringement, trade dress infringement, and unfair competition);

- *Nautilus, Inc. v. Vevor Corp. et al.*, 5:22-cv-01020 (C.D. Cal. Jun 22, 2022) (alleging patent infringement and trademark infringement);

- *Summit Tool Co. v. Vevor Corp. et al.*, 2:22-cv-2161 (C.D. Cal. March 31, 2022) (alleging trademark infringement, trade dress infringement, and unfair competition);

-  *Schluter Systems, L.P. v. Sanven Corp. et al.*, 8:22-cv-00155 (N.D.N.Y. Feb. 17, 2022) (alleging trademark infringement and unfair competition);

- *Motion Pro, Inc. v. Vevor Corp. et al.*, 1:21-cv-03380 (D. Colo. Dec 16, 2021) (alleging patent infringement);

- *Gen. Wire Spring Co. v. Vevor Corp.*, 3:20-cv-00087 (N.D. Cal. Jul 6, 2020) (alleging trade dress infringement, trademark infringement, and unfair competition);

- *Stahls' Inc. v. Vevor Corp. et al.*, 2:16-cv-10204 (E.D.MI. Jan 21, 2016)

(alleging patent infringement, trademark infringement, copyright infringement, unfair competition, misappropriation, deceptive trade practices and unjust enrichment);

- *Fortune Brands Water Innovations LLC v. Vevor Corporation et al.*, 5:25-cv-01580 (C.D. Cal. June 24, 2025) (alleging patent infringement);

- *BendPak, Inc. v. Vevor Technology LLC et al.*, 2:25-cv-06507 (C.D. Cal. July 17, 2025) (alleging patent infringement).

162. On information and belief, Defendants attempt to avoid service and liability, in part, by closing, opening, and renaming companies to shift ownership and responsibility for their assets.

163. For example, Defendants have repeatedly failed to file their corporate renewal paperwork.

164. Defendants have also reassigned their trademark rights without any apparent transfer of the business.

165. On information and belief, Defendants attempt to avoid service and liability, in part, by removing and installing individuals from executive positions.

166. For example, Defendants have repeatedly removed, demoted, or promoted executives, including hiring and promoting family members of former executives and registered agents.

167. On information and belief, Defendants attempt to avoid service and liability, in part, by changing their physical and electronic contact information, using P.O. Box addresses, and using generic emails such as salessupermarket@outlook.com.

168. In many instances, Defendants do not update the physical address for each Defendant company.

169. For example, Vevor has repeatedly changed its website, terms of service, and other public statements, including in response to litigants in previously filed lawsuits that established communication through contact information provided by Vevor.

170.   Based on these practices, plaintiffs often have difficulty executing service on Vevor entities.  *See, e.g., Nautilus, Inc. v. Vevor Corp. et al.*, 5:22-cv-01020, ECF No. 77 (C.D. Cal. Dec. 1, 2022) (order granting plaintiff's motion for alternative service); *Vita-Mix Corp. v. Vevor Corp. et al.*, 2:23-cv-01541, ECF No. 45 (C.D. Cal. Aug. 7, 2023) (order granting plaintiff's motion for alternative service); *Motion Pro,Inc. v. Vevor Corp. et al.*, 1:21-cv-03380, ECF No. 26 (D. Colo. April 5, 2021) (order granting plaintiff's motion for default based on plaintiff's motion for acceptance of service or in motion for alternative service). *See Fortune Brands*, complaint at pp. 6-8.

## **CLAIMS FOR RELIEF**

## **FIRST CLAIM FOR RELIEF**

**INFRINGEMENT OF COPYRIGHT REGISTRATION NO. VA 2-259-559**

171.   P&P repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

172.   P&P owns the Copyright in the Rustic Cornhole Game Photographs, registration number VA 2-259-559.

173.   In accordance with the Copyright Act, P&P has Registered the Copyright to the Rustic Cornhole Game Photographs with the Copyright Office of the United States, prior to commencement of this action, and said registered copyright has not expired.

174.   Vevor has, without permission, used the Rustic Cornhole Game Photographs.

175.   Vevor has infringed P&P's exclusive rights to the Rustic Cornhole Game Photographs, pursuant to 17 U.S.C. § 113.

176.   Vevor's conduct was intentional and willful and undertaken with a conscious disregard of P&P's rights.

177.   P&P is entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including but not limited to Vevor's profits attributable to the infringement, pursuant to 17 U.S.C. § 504.

178.   P&P is entitled to statutory damages under the Copyright Act for intentional and willful infringement, up to $150,000 per infringement.

179.   P&P also is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

180.   Vevor's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause P&P great and irreparable injury that cannot fully be compensated or measured in money.  P&P has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, P&P is entitled to preliminary and permanent injunctions prohibiting further infringements of their Copyrights and exclusive rights.

## SECOND CLAIM FOR RELIEF

### INFRINGEMENT OF COPYRIGHT REGISTRATION NO. VA 2-376-256

181.   P&P repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

182.   P&P owns the Copyright in P&P's Premium Cornhole Game Photograph, registration number VA 2-376-256.

183.   In accordance with the Copyright Act, P&P has Registered the Copyright to P&P's Premium Cornhole Game Photograph with the Copyright Office of the United States, prior to commencement of this action, and said registered copyright has not expired.

184.   Vevor has, without permission, used P&P's Premium Cornhole Game Photograph.

185.   Vevor has infringed P&P's exclusive rights to P&P's Premium Cornhole Game Photograph, pursuant to 17 U.S.C. § 113.

186.   Vevor's conduct was intentional and willful and undertaken with a conscious disregard of P&P's rights.

187.   P&P is entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including but not limited to Vevor's profits attributable to the infringement, pursuant to 17 U.S.C. § 504.

188.   P&P is entitled to statutory damages under the Copyright Act for intentional and willful infringement, up to $150,000 per infringement.

189.   P&P also is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

190.   Vevor's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause P&P great and irreparable injury that cannot fully be compensated or measured in money.  P&P has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, P&P is entitled to preliminary and permanent injunctions prohibiting further infringements of their Copyrights and exclusive rights.

**THIRD CLAIM FOR RELIEF**

**INFRINGEMENT OF COPYRIGHT REGISTRATION NO. VA 2-303-493**

191.   P&P repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

192.   P&P owns the Copyright in the Cornhole Lookbook 2022, registration number VA 2-303-493.

193.   In accordance with the Copyright Act, P&P has Registered the Copyright to the Cornhole Lookbook 2022 with the Copyright Office of the United States, prior to commencement of this action, and said registered copyright has not expired.

194.   Vevor has, without permission, used the Cornhole Lookbook 2022.

195.   Vevor has infringed P&P's exclusive rights to the Cornhole Lookbook 2022s, pursuant to 17 U.S.C. § 113.

196.   Vevor's conduct was intentional and willful and undertaken with a conscious disregard of P&P's rights.

197.   P&P is entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including but not limited to Vevor's profits attributable to the infringement, pursuant to 17 U.S.C. § 504.

198.   P&P is entitled to statutory damages under the Copyright Act for intentional and willful infringement, up to $150,000 per infringement.

199.   P&P also is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

200.   Vevor's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause P&P great and irreparable injury that cannot fully be compensated or measured in money.  P&P has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, P&P is entitled to preliminary and permanent injunctions prohibiting further infringements of their Copyrights and exclusive rights.

### FOURTH CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. DESIGN PATENT NO. D1051263

201.   P&P repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

202.   Vevor has infringed and continue to infringe the Claim of the '263 Patent through, among other activities, the manufacture, use, sale, importation, and/or offer for sale of Vevor's Infringing Nets Items B0CQY53QRJ, B0CQQHY4RN, and B0D5CQNCV8 throughout the United States, including within this judicial district and by aiding, assisting, and encouraging the infringement of the '263 Patent by others.

203.   By way of example, as shown below, Vevor's Infringing Nets Items B0CQY53QRJ, B0CQQHY4RN, and B0D5CQNCV8 appear identical to the design claimed by the '263 Patent:



P&P's '263 Patent



Vevor B0CQQHY4RN



Vevor B0D5CQNCV8



Vevor B0CQY53QRJ



Vevor's SKYHALO Net

204.   Vevor has infringed and continue to infringe the Claim of the '263 Patent through the foregoing activities including, without limitation, making, using, importing, offering for sale, and selling Vevor's Infringing Nets Items B0CQY53QRJ, B0CQQHY4RN, and B0D5CQNCV8 in the United States.

205.   Vevor's infringement, contributory infringement, and/or knowing and intentional inducement to infringe has injured P&P and P&P is entitled to recover damages adequate to compensate it for such infringement, including lost profits, but in no event not less than a reasonable royalty, as permitted pursuant to 35 U.S.C. § 284.

206.   Vevor's infringement, contributory infringement, and/or inducement to infringe the '263 Patent has been willful, deliberate, and objectively reckless.

207.   P&P also is entitled to its attorneys' fees and full costs pursuant to 35 U.S.C § 285 and as a result of Vevor's willful and exceptional conduct.

208.   Vevor's infringement of the '263 Patent has caused irreparable harm to P&P, which has no adequate remedy at law, and will continue to injure P&P unless and

until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Vevor's Infringing Nets Items B0CQY53QRJ, B0CQQHY4RN, and B0D5CQNCV8 and any other products within the scope of the '263 Patent, and enjoining Vevor from further contributing to and/or inducing infringement of the '263 Patent.

## FIFTH CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. DESIGN PATENT NO. D 1048254

209.   P&P repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

210.   Vevor has infringed and continue to infringe the Claim of the '254 Patent through, among other activities, the manufacture, use, sale, importation, and/or offer for sale of Vevor Infringing Nets Item B0CN71LCPT throughout the United States, including within this judicial district and by aiding, assisting, and encouraging the infringement of the '254 Patent by others.

211.  By way of example, as shown below, Vevor Infringing Nets Item B0CN71LCPT appears identical to the design claimed by the '254 Patent:



P&P's '254 Patent



Vevor B0CN71LCPT



Vevor's SKYHALO Net

212.   Vevor has infringed and continues to infringe the '254 Patent through the foregoing activities including, without limitation, making, using, importing, offering for sale, and selling Vevor Infringing Nets Item B0CN71LCPT in the United States.

213.   Vevor's infringement, contributory infringement, and/or knowing and intentional inducement to infringe has injured P&P and P&P is entitled to recover damages adequate to compensate it for such infringement, including lost profits, but in no event not less than a reasonable royalty, as permitted pursuant to 35 U.S.C. § 284.

214.   Vevor's infringement, contributory infringement, and/or inducement to infringe the '254 Patent has been willful, deliberate, and objectively reckless.

215.   P&P also is entitled to its attorneys' fees and full costs pursuant to 35 U.S.C § 285 and as a result of Vevor's willful and exceptional conduct.

216.   Vevor's infringement of the '254 Patent has caused irreparable harm to P&P, which has no adequate remedy at law, and will continue to injure P&P unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Vevor Infringing Nets Item B0CN71LCPT and any other products within the scope of the '254 Patent, and enjoining Vevor from further contributing to and/or inducing infringement of the '254 Patent.

## SIXTH CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. DESIGN PATENT NO. D900933

217.   P&P repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

218.   Vevor has infringed and continue to infringe the Claim of the '933 Patent through, among other activities, the manufacture, use, sale, importation, and/or offer for sale of Vevor Infringing Nets Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G throughout the United States, including within this judicial district and by aiding, assisting, and encouraging the infringement of the '933 Patent by others.

219.   By way of example, as shown below, Vevor Infringing Nets Items

B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G appear identical to the design claimed by the '933 Patent:



Vevor 8x8ft Football Net, B0CN6CQ7GZ



P&P's '933 Patent



Vevor 7x7ft Football Net, B0CN6D7RQX



Vevor 6x6ft Football Net, B0CN6CKH4G

220.   Vevor has infringed and continues to infringe the Claim of the '933 Patent through the foregoing activities including, without limitation, making, using, importing, offering for sale, and selling Vevor Infringing Nets Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G in the United States.

221.   Vevor's infringement, contributory infringement, and/or knowing and

intentional inducement to infringe has injured P&P and P&P is entitled to recover damages adequate to compensate it for such infringement, including lost profits, but in no event not less than a reasonable royalty, as permitted pursuant to 35 U.S.C. § 284.

222.   Vevor's infringement, contributory infringement, and/or inducement to infringe the '933 Patent has been willful, deliberate, and objectively reckless.

223.   P&P also is entitled to its attorneys' fees and full costs pursuant to 35 U.S.C § 285 and as a result of Vevor's willful and exceptional conduct.

224.   Vevor's infringement of the '933 Patent has caused irreparable harm to P&P, which has no adequate remedy at law, and will continue to injure P&P unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Vevor Infringing Nets Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G and any other products within the scope of the '933 Patent, and enjoining Vevor from further contributing to and/or inducing infringement of the '933 Patent.

## <u>SEVENTH CLAIM FOR RELIEF</u>

### INFRINGEMENT OF U.S. DESIGN PATENT NO. D960985

225.   P&P repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

226.   Vevor has infringed and continue to infringe the '985 Patent through, among other activities, the manufacture, use, sale, importation, and/or offer for sale of Vevor Infringing Nets Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G throughout the United States, including within this judicial district and by aiding, assisting, and encouraging the infringement of the '985 Patent by others.

227.   By way of example, as shown below, Vevor Infringing Nets Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G appear identical to the design claimed by the '985 Patent:



Vevor 8x8ft Football Net, B0CN6CQ7GZ



Vevor 7x7ft Football Net, B0CN6D7RQX



P&P's '985 Patent



Vevor 6x6ft Football Net, B0CN6CKH4G

228.   Vevor has infringed and continues to infringe the Claim of the '985 Patent through the foregoing activities including, without limitation, making, using, importing, offering for sale, and selling Vevor Infringing Nets Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G in the United States.

229.   Vevor's infringement, contributory infringement, and/or knowing and intentional inducement to infringe has injured P&P and P&P is entitled to recover damages adequate to compensate it for such infringement, including lost profits, but in

1  no event not less than a reasonable royalty, as permitted pursuant to 35 U.S.C. § 284.

2  230.  Vevor's infringement, contributory infringement, and/or inducement to

3  infringe the '985 Patent has been willful, deliberate, and objectively reckless.

4  231.  P&P also is entitled to its attorneys' fees and full costs pursuant to 35

5  U.S.C § 285 and as a result of Vevor's willful and exceptional conduct.

6  232.  Vevor's infringement of the '985 Patent has caused irreparable harm to

7  P&P, which has no adequate remedy at law, and will continue to injure P&P unless and

8  until this Court enters an injunction prohibiting further infringement and, specifically,

9  enjoining further importation, manufacture, use, offer for sale, and/or sale of the Vevor

10 Infringing Nets Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G and any

11 other products within the scope of the '985 Patent, and enjoining Vevor from further

12 contributing to and/or inducing infringement of the '985 Patent.

13 **EIGHTH CLAIM FOR RELIEF**

14 **INFRINGEMENT OF U.S. DESIGN PATENT NO. D1003355**

15 233.  P&P repeats and incorporates by reference the allegations contained in the

16 preceding paragraphs as if set forth fully herein.

17 234.  Vevor has infringed and continue to infringe the '355 Patent through,

18 among other activities, the manufacture, use, sale, importation, and/or offer for sale of

19 Vevor Infringing Nets Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G

20 throughout the United States, including within this judicial district and by aiding,

21 assisting, and encouraging the infringement of the '355 Patent by others.

22 235.  By way of example, as shown below, Vevor Infringing Nets Items

23 B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G appear identical to the design

24 claimed by the '355 Patent:

25

26

27

28



Vevor 8x8ft Football Net, B0CN6CQ7GZ



Vevor 7x7ft Football Net, B0CN6D7RQX



P&P's '355 Patent



Vevor 6x6ft Football Net, B0CN6CKH4G

236.    Vevor has infringed and continue to infringe the Claim of the '355 Patent through the foregoing activities including, without limitation, making, using, importing, offering for sale, and selling Vevor Infringing Nets Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G in the United States.

237.    Vevor's infringement, contributory infringement, and/or knowing and intentional inducement to infringe has injured P&P and P&P is entitled to recover damages adequate to compensate it for such infringement, including lost profits, but in

no event not less than a reasonable royalty, as permitted pursuant to 35 U.S.C. § 284.

238.   Vevor's infringement, contributory infringement, and/or inducement to infringe the '355 Patent has been willful, deliberate, and objectively reckless.

239.   P&P also is entitled to its attorneys' fees and full costs pursuant to 35 U.S.C § 285 and as a result of Vevor's willful and exceptional conduct.

240.   Vevor's infringement of the '355 Patent has caused irreparable harm to P&P, which has no adequate remedy at law, and will continue to injure P&P unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Vevor Infringing Nets Items B0CN6CQ7GZ, B0CN6D7RQX, and B0CN6CKH4G and any other products within the scope of the '355 Patent, and enjoining Vevor from further contributing to and/or inducing infringement of the '355 Patent.

<u>**NINTH CLAIM FOR RELIEF**</u>

**INFRINGEMENT OF U.S. DESIGN PATENT NO. D1012214**

241.   P&P repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

242.   Vevor has infringed and continue to infringe the '214 Patent through, among other activities, the manufacture, use, sale, importation, and/or offer for sale of Vevor Infringing Mat throughout the United States, including within this judicial district and by aiding, assisting, and encouraging the infringement of the '214 Patent by others.

243.   By way of example, as shown below, Vevor Infringing Mat appears identical to the design claimed by the '214 Patent:



P&P's '214 Patent




Vevor 5x4ft Golf Hitting Mat          Enlarged Image of Vevor 5x4ft Golf Hitting Mat

244.  Vevor has infringed and continue to infringe the Claim of the '214 Patent through the foregoing activities including, without limitation, making, using, importing, offering for sale, and selling Vevor Infringing Mat in the United States.

245.  Vevor's infringement, contributory infringement, and/or knowing and intentional inducement to infringe has injured P&P and P&P is entitled to recover damages adequate to compensate it for such infringement, including lost profits, but in no event not less than a reasonable royalty, as permitted pursuant to 35 U.S.C. § 284.

246.  Vevor's infringement, contributory infringement, and/or inducement to infringe the '214 Patent has been willful, deliberate, and objectively reckless.

247.  P&P also is entitled to its attorneys' fees and full costs pursuant to 35 U.S.C § 285 and as a result of Vevor's willful and exceptional conduct.

248.  Vevor's infringement of the '214 Patent has caused irreparable harm to P&P, which has no adequate remedy at law, and will continue to injure P&P unless and until this Court enters an injunction prohibiting further infringement and, specifically,

enjoining further importation, manufacture, use, offer for sale, and/or sale of the Vevor Infringing Mat and any other products within the scope of the '214 Patent, and enjoining Vevor from further contributing to and/or inducing infringement of the '214 Patent.

## **TENTH CLAIM FOR RELIEF**

### **UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND TRADE DRESS INFRINGEMENT**

### **Section 43(a) of the Lanham Act**

249.   P&P repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

250.   P&P owns the Beer Pong Table Trade Dress, which comprises the distinctive color black arbitrarily applied to the top of the table, a top having in 4 outlined symmetrical segments, bounded by shaped metal colored siding, and a white-lined design on the black top including a triangle with an internal ornamental element and an offset circular ornamental element, three sets of metal colored legs with rounded metal crossbeams offset by black colored feet and sleeves.

251.   P&P's Beer Pong Table Trade Dress is distinctive especially because the specific color and ornamental elements, and it has established secondary meaning in the minds of consumers at least because of P&P's extensive sales over a long period of time, substantial advertising, its market share, its exclusive use, and the evidence of willful copying by Vevor.

252.   P&P's Beer Pong Table Trade Dress is non-functional because the color black applied to the top of the table, metal colored siding, metal colored legs, and any other ornamental element are not necessary to the use of the Beer Pong Table nor has any function in using the Beer Pong Table. The arbitrary Beer Pong Table Trade Dress does not increase the quality of the product, nor does it influence the cost of it, but merely serves as an identifier of source of the products as coming from P&P.

253.   P&P also owns the Hitting Net Trade Dress, which comprises rectangular net with a black colored border and including an internal and centered hexagonal sleeve

net opening with a red-orange colored border.

254.  P&P's Hitting Net Trade Dress is distinctive especially because the specific hexagonal shaped sleeve net opening and the orange color, and it has established secondary meaning in the minds of consumers at least because of P&P's extensive sales over a long period of time, substantial advertising, its market share, its exclusive use, and the evidence of willful copying by Vevor.

255.  P&P's Hitting Net Trade Dress is non-functional because the orange color or the shape of the sleeve net opening are not necessary to the use of the GoSports® Hitting Net nor has any function in using the GoSports® Hitting Net.  The arbitrary Hitting Net Trade Dress does not increase the quality of the product, nor does it influence the cost of it, but merely serves as an identifier of source of the products as coming from P&P.

256.  P&P's promotional efforts include – by way of example but not limitation – using and displaying the Beer Pong Table Trade Dress and the Hitting Net Trade Dress on, in, or in connection with widespread distribution of promotional materials; P&P's website; Amazon's website; and other websites.

257.  As a result of the widespread use and promotion of the Beer Pong Table Trade Dress and the Hitting Net Trade Dress, the trade dresses have acquired secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the trade dresses with P&P as the source of origin of the GoPong® Beer Pong Table and the GoSports® Hitting Net.

258.  Vevor has infringed the Beer Pong Table Trade Dress by utilizing a virtually identical trade dress with Vevor Infringing Pong Table as shown herein above.

259.  Vevor has infringed the Hitting Net Trade Dress by utilizing a virtually identical trade dress with Vevor Infringing Nets, Item B0D456ND1K as shown herein above.

260.  Vevor has been made aware of such infringement, at least when P&P sent Vevor two cease and desist letters.  Vevor acknowledged the infringements and assured

P&P that it would cease selling the infringing products protected by P&P's Trade dress.

261. Vevor's trade dress infringements never ceased despite proper notice.

262. P&P is informed and believes, and on that basis alleges, that Vevor acted with the intent to trade upon P&P's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Vevor or the products offered by Vevor are associated with, sponsored by, or approved by P&P, when they are not.

263. Vevor had actual knowledge of P&P's ownership and prior use of the Beer Pong Table Trade Dress and of the Hitting Net Trade Dress prior to the aforementioned acts of infringement, and without the consent of P&P, has willfully and intentionally violated 15 U.S.C. § 1125(a).

264. Vevor has used P&P's copyrighted works protected by P&P's CH Bags 2023 Copyright Registration, Rustic Cornhole Game Copyright Registration, and Cornhole Lookbook 2022 Copyright Registration without P&P's authorization or consent.

265. Vevor has been made aware of such infringement, at least, when P&P sent two cease and desist letters. Vevor acknowledged the infringements and assured P&P that it would cease selling the infringing products protected by P&P's Copyrights.

266. Vevor's copyright infringement never ceased despite proper notice.

267. Vevor has infringed and continues to infringe the '933 Patent, the '263 Patent, the '254 Patent, the '985 Patent, the '355 Patent, and the '214 Patent, through, among other activities, the manufacture, use, sale, importation, and/or offer for sale of Vevor Infringing Nets and Vevor Infringing Mat, throughout the United States, including within this judicial district and by aiding, assisting, and encouraging the infringement of the '933 Patent by others.

268. Vevor has been made aware of such infringement, at least, when P&P sent two cease and desist letters. Vevor acknowledged the infringements and assured P&P that it would cease selling the infringing products protected by P&P's Design Patents.

269.   Vevor's patent infringement never ceased despite proper notice.

270.   Vevor's conduct, acting for its own use and benefit, in complete disregard of P&P's rights and at P&P's expense, constitutes Unfair Competition pursuant to 15 U.S.C. § 1125.

271.   As a direct, proximate, and foreseeable result of Vevor's wrongful conduct, P&P has suffered, and will continue to suffer, irreparable harm.  P&P has no adequate remedy at law to compensate for these substantial injuries and are entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

272.   P&P is entitled to all damages it has sustained by virtue of the aforementioned conduct in an amount to be determined at trial pursuant to 15 U.S.C. § 1117.

## ELEVENTH CLAIM FOR RELIEF

### UNFAIR COMPETITION – Cal. Bus. & Prof. Code § 17200

273.   P&P repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

274.   Vevor's conduct as stated herein constitutes unfair methods of competition and/or unfair, unlawful, fraudulent, and/or deceptive business acts, and/or practices in the conduct of any trade or commerce, in violation of California Business and Professions Code § 17200.

275.   Vevor's acts alleged herein are unlawful as they violate the Lanham Act.

276.   Vevor's conduct, in violation of California Business and Professions Code § 17200, et seq., has caused, and is likely to continue to cause, public confusion, deception, mistake, and infringes P&P's rights, including its copyright, design patent, and trade dress rights and the goodwill associated with them.

277.   Vevor's acts have caused, and will continue to cause, irreparable injury to P&P, which injury has no adequate remedy at law.  P&P is thus entitled to a preliminary and permanent injunction restraining Vevor, its agents, employees, representatives, and any and all other persons and/or entities acting in concert with it from engaging further

in such unlawful acts.

278.   P&P is entitled to restitution in the amount of disgorgement of all of Vevor's profits earned in connection with the foregoing tortious activities.

## PRAYER FOR RELIEF

WHEREFORE, P&P respectfully prays for the following relief:

A.   That judgment be entered in favor of P&P and against Defendants on each claim made in the Complaint;

B.   That the Court order that Vevor, its parents, subsidiaries, affiliates, members, shareholders, investors, predecessors, officers, directors, representatives, agents, employees, attorneys, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Vevor, be immediately and permanently enjoined from:

1.   directly or indirectly infringing the VA 2-259-559 Copyright; and

2.   directly or indirectly infringing the VA 2-376-256 Copyright; and

3.   directly or indirectly infringing the VA 2-303-493 Copyright; and

4.   directly or indirectly infringing the '263 Patent; and

5.   directly or indirectly infringing the '254 Patent; and

6.   directly or indirectly infringing the '933 Patent; and

7.   directly or indirectly infringing the '985 Patent; and

8.   directly or indirectly infringing the '355 Patent; and

9.   directly or indirectly infringing the '214 Patent; and

10. directly or indirectly infringing the Beer Pong Table Trade Dress; and

11. directly or indirectly infringing the Hitting Net Trade Dress;

C.   That P&P be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Vevor's unlawful acts, including P&P's loss of past and/or future sales, and damages caused by Vevor's acts of infringement;

D.   That P&P be awarded increased damages based upon the intentional and willful nature of Vevor's conduct of the kind complained of herein, which are

presently estimated to be in excess of $3M (treble of $1M estimated compensatory damages) for patent infringement and $8M for willful copyright infringement, and in an amount to be proven at trial;

E.    That P&P be awarded all gains, profits, and advantages received by Vevor from the sale of its Infringing Cornhole Boards, Infringing Nets, Infringing Mat, and Infringing Pong Table, and any other products that infringe upon P&P's rights;

F.    Restitution in the amount of all of Vevor's profits earned in connection with its acts in violation of Cal. Bus. Prof. Code § 17200 *et seq.*;

G.    That Plaintiff be awarded prejudgment interest, post judgment interest, and taxable costs of this action, including Expert Witness fees, together with attorneys' fees, pursuant to at least Section 35 of the Lanham Act, 15 U.S.C. § 1117, and 35 U.S. Code § 285;

H.    That Plaintiff be granted such other and further relief as the Court deems just and proper.

Dated: November 6, 2025

Respectfully submitted,

**HANKIN PATENT LAW, APC**
*/Marc E. Hankin/*
Marc E. Hankin, Esq.
Attorneys for Plaintiff,
P&P Imports LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated: November 6, 2025

Respectfully submitted,

**HANKIN PATENT LAW, APC**
*/Marc E. Hankin/*
Marc E. Hankin, Esq.
Attorneys for Plaintiff,
P&P Imports LLC

**VERIFICATION**

I, Peter Tanoury , certify as follows:

     1.    I am the managing member of P&P Imports LLC, Plaintiff in this action.

     2.    I have read the foregoing VERIFIED COMPLAINT DESIGN PATENT INFRINGEMENT; COPYRIGHT INFRINGEMENT; TRADE DRESS INFRINGEMENT; AND UNFAIR COMPETITON in the above-entitled action and know the contents thereof. The same is true of my own personal knowledge, except for those matters which have been stated herein on information and belief, and as to those matters, I believe them to be true.

     3.    I declare under the penalties of perjury of the States of California and the United States that the foregoing is true and correct.

Executed in Irvine , CA on November 6 , 2025.

By: