Kenneth T. Emanuelson (admitted pro hac vice)
Ken@Emanuelson.us
THE EMANUELSON FIRM, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone: 469-363-5808

R. JOSEPH TROJAN (CA BAR 137067)
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

ATTORNEYS FOR DEFENDANTS / COUNTERCLAIMANTS

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| P&P Imports LLC,<br><br>Plaintiff<br><br>v.<br><br>Vevor Store LLC; Vevor Technology LLC; Vevor Technology Ltd.; Vevor Corporation; Vevor Equipment Inc.; Sanven Corporation; Sanven Technology Ltd.; Shanghai MuXinMuYe Youxiangongsi; Shanghai LEILEI E-Commerce Co., Ltd.; Shanghai SIJIE E-Commerce Co., Ltd.; Bozhou LEIKEYOU Technology Co., Ltd.; DOES 1 through 10, inclusive,<br><br>Defendants. | CASE No. 8:25-cv-02494-DOC-DFM<br><br>DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE<br><br>DATE: April 27, 2026<br>TIME: 8:30 am<br>PLACE: Courtroom 10A, 411 W. Fourth St., Santa Ana, CA 92701<br><br>U.S. District Judge David O. Carter |

## I. INTRODUCTION

Plaintiff has moved to strike Defendants' nine affirmative defenses on the grounds that they are insufficiently pleaded and, in some instances, are not technically "affirmative" defenses. Defendants have already addressed these concerns by filing a separate Motion for Leave to Amend (Dkt. #63) and submitting a proposed Second Amended Answer.

The amendments set forth in Defendants' Second Amended Answer add specific factual allegations that address the points raised in Plaintiff's Motion and satisfy the plausibility standard this Court applies to affirmative defenses. *Nippon Sigmax Co., Ltd. v. Kranos Corp.*, 2021 WL 2634823, at *2 (C.D. Cal. June 25, 2021). Plaintiff's Motion should therefore be denied as moot. In the alternative, the Motion should be denied on the merits because the amended defenses are now adequately pleaded and Plaintiff has demonstrated no prejudice.

## II. PROCEDURAL BACKGROUND

Plaintiff filed its First Amended Complaint (Dkt. #22) on December 30, 2025. Defendants filed their Original Answer (Dkt. #53) on February 5, 2026, and their First Amended Answer (Dkt. #58) on February 25, 2026. On March 18, 2026, Plaintiff filed the present Motion to Strike (Dkt. #61), arguing that the nine affirmative defenses were insufficiently detailed and that certain defenses were more properly characterized as denials.

Defendants have responded by filing a separate Motion for Leave to Amend and submitting a proposed Second Amended Answer, attached as Exhibit A (clean) and Exhibit B (redline) to the Motion for Leave. The proposed amendments add concrete factual and legal support to each defense.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court may strike an insufficient defense. This Court applies the *Twombly/Iqbal* plausibility standard to affirmative defenses: a defense must contain "factual content that allows the court



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

to draw the reasonable inference" that the defense is viable. *Nippon Sigmax*, 2021 WL 2634823, at *2. Motions to strike are nonetheless considered "disfavored" motions and "should rarely be granted." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

## IV. ARGUMENT

### A. Plaintiff's Motion is Moot in Light of Defendants' Proposed Second Amended Answer

Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit applies this policy with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003). Defendants have sought leave to amend and have submitted a proposed Second Amended Answer that directly addresses the points raised by Plaintiff. Courts in this District routinely deny motions to strike as moot where a proposed amended pleading resolves the challenged issues. *See Nippon Sigmax*, 2021 WL 2634823, at *2. Because the operative pleading will be superseded upon the grant of leave, Plaintiff's Motion should be denied as moot.

### B. In the Alternative, the Amended Affirmative Defenses Are Now Sufficiently Pleaded Under the Twombly/Iqbal Standard

Even if the Court reaches the merits of Plaintiff's Motion, the proposed Second Amended Answer satisfies the *Twombly/Iqbal* plausibility standard this Court applies in evaluating defenses. Each defense now contains specific legal and factual allegations that go well beyond mere "labels and conclusions." *Nippon Sigmax*, 2021 WL 2634823, at *2–3.

As amended, Defendants' First Affirmative Defense (Non-Infringement) alleges that the accused products do not infringe under the "ordinary observer test" because an ordinary observer would not find the accused designs substantially similar to the patented designs in a way that could deceive the observer into believing they are the same. These factual allegations supply the concrete basis required for plausibility under *Twombly/Iqbal*.



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

Defendants' Second Affirmative Defense (Invalidity) identifies dozens of specific prior-art references by patent and publication number for each asserted design patent. For example:

– Design Patent D1051263 is alleged to be anticipated or obvious over US469554A, US4275883A, US4492380A, US20100081513A1, and seven additional references.

– Design Patent D1048254 cites twelve specific references, including US2126102A and USD253872S.

– Similar detailed lists are provided for D900933, D960985, D1003355, and D1012214.

This patent-by-patent particularity directly addresses Plaintiff's criticism of the original pleading and allows the Court to draw the reasonable inference that the invalidity defense is viable.

Defendants' Fourth Affirmative Defense (Prosecution History Estoppel) now ties the defense to specific prosecution events, identifying the exact dates of amendments and arguments for each asserted patent (e.g., November 14, 2019, July 7, 2020, and August 21, 2020 for D900933; March 29, 2022 for D960985; and multiple 2023–2024 dates for the remaining patents). These concrete factual allegations satisfy *Twombly/Iqbal*.

Defendants' Fifth, Seventh, Eighth, and Tenth Affirmative Defenses (Limitation on Damages, No Exceptional Case, Adequate Remedy at Law, and No Enhanced Damages) add specific allegations regarding marking failures under 35 U.S.C. § 287(a), lack of pre-suit notice, absence of recklessness, licensing activity, and Defendants' reasonable good-faith conduct.

Defendants' Sixth Affirmative Defense (Equity) includes certain allegations of inequitable conduct based on Plaintiff's failure to disclose prior art to the USPTO.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

Defendants' Ninth Affirmative Defense is amended to further specify the reasons that Plaintiff appears, based on the public record, to lack standing to bring suit on at least certain of the asserted designs. Specifically, there is no evidence in the public record that Plaintiff held exclusive rights in at least D1051263, D1048254, D1012214 or D960985 (the "Unassigned Patents") as of the date of filing of the Original Complaint in this action. Only the holder of all substantial rights in a patent can bring suit on the patent, and the public record does not reflect that Plaintiff holds all substantial rights in the Unassigned Patents.

Collectively, the amendments provide the factual content that permits a reasonable inference of viability under the standard articulated in *Nippon Sigmax*.

**C. Alleged Mischaracterization of a Defense as an "Affirmative Defense" Is Not, By Itself, a Basis for Striking a Defense in this Circuit**

Plaintiff argues that certain defenses are improperly labeled and should be stricken on that basis alone. Courts in the Ninth Circuit consistently hold that mislabeling a defense as "affirmative" when it is more properly a "denial" is not grounds for striking it. *Kohler v. Islands Restaurants, L.P.,* 280 F.R.D. 560, 567 (S.D. Cal. 2012) ("The Court fails to see how identifying a defense as 'affirmative,' when in actuality it is not, makes that defense legally insufficient."). Instead, such defenses are simply construed as denials under Rule 8(b). *Perez v. Nuzon Corp.*, 2016 WL 11002544, at *2 (C.D. Cal. June 6, 2016).

**D. Plaintiff Has Not Demonstrated Any Prejudice**

In this District, prejudice to the movant is a critical factor in evaluating motions to strike. *See, e.g., California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Here, there is no prejudice to Plaintiff. Defendants have provided additional factual and legal detail clarifying the bases for their defenses, and Plaintiff cannot plausibly claim surprise or inability to respond. Allowing the defenses to remain promotes resolution on the merits and avoids unnecessary motion practice. Striking the defenses under these circumstances would run counter to the Ninth Circuit's instruction that Rule 12(f)



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

should not be used to resolve technical pleading issues. *Whittlestone*, 618 F.3d at 973.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court:

a. Deny Plaintiff's Motion as moot in light of Defendants' pending Motion for Leave to Amend and the attached Proposed Second Amended Answer; or, alternatively,

b. Deny the Motion on the merits because the challenged defenses are now sufficiently pleaded under the *Twombly/Iqbal* standard and cause no prejudice to Plaintiff.

Dated: April 1, 2026

Respectfully submitted,

*/s/ Kenneth T. Emanuelson*
Kenneth T. Emanuelson
Ken@Emanuelson.us
**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone: 469-363-5808

*/s/ R. Joseph Trojan*
R. JOSEPH TROJAN (#137067)
trojan@trojanlawoffices.com
**TROJAN LAW OFFICES**
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

ATTORNEYS FOR DEFENDANTS / COUNTERCLAIMANTS