R. JOSEPH TROJAN (#137067)
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Kenneth T. Emanuelson (admitted *pro hac vice*)
THE EMANUELSON FIRM, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone: 469-363-5808
Ken@Emanuelson.us

ATTORNEYS FOR DEFENDANTS / COUNTERCLAIMANTS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| P&P Imports LLC,<br><br>Plaintiff<br><br>v.<br><br>Vevor Store LLC; Vevor Technology LLC; Vevor Technology Ltd.; Vevor Corporation; Vevor Equipment Inc.; Sanven Corporation; Sanven Technology Ltd.; Shanghai MuXinMuYe Youxiangongsi; Shanghai LEILEI E-Commerce Co., Ltd.; Shanghai SIJIE E-Commerce Co., Ltd.; Bozhou LEIKEYOU Technology Co., Ltd.; DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE No. 8:25-cv-02494-DOC-DFM**<br><br>ORIGINAL ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT FOR DEFENDANTS VEVOR CORPORATION AND VEVOR EQUIPMENT INC.<br><br>**DEMAND FOR JURY TRIAL** |



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

## ANSWER

Defendants Vevor Corporation and Vevor Equipment Inc. ("Defendants") hereby respond to the First Amended Complaint ("Complaint") of Plaintiff P&P Imports LLC ("P&P Imports") as follows:

## JURISDICTION AND VENUE

1. Defendants admit that the Complaint purports to set forth a Claim for Relief for Patent Infringement arising under the Patent Laws of the United States, 35 U.S.C. §101, et seq. Defendants deny that the Complaint sets forth a Claim for Relief upon which relief may be granted.

2. Defendants admit that the Complaint purports to set forth a Claim for Relief for Copyright Infringement arising under the Copyright Laws of the United States, 17 U.S.C. §101, et seq. Defendants deny that the Complaint sets forth a Claim for Relief upon which relief may be granted.

3. Defendants admit that the Complaint purports to set forth a Claim for Unfair Competition, False Designation of Origin, False Description, and Trade Dress Infringement pursuant to 15 U.S.C. § 1125(a). Defendants deny that the Complaint sets forth a Claim for Relief upon which relief may be granted.

4. Admitted.

5. Defendants admit that this Court has personal jurisdiction over any named defendants having a principal place of business in this judicial district. Defendants deny that either of Defendants has a principal place of business in this judicial district. Defendants deny the remaining allegations of Paragraph 5.

6. Defendants admit that this Court has personal jurisdiction over any named defendants incorporated in the State of California. Defendants deny that Vevor Equipment, Inc. is incorporated in the State of California. Defendants deny the remaining allegations of Paragraph 6.

7. Denied.



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

8. Defendants admit that certain named defendants in this action transact business in the State of California and within this judicial district. Defendants deny that either of Defendants transacts business in the State of California or within this judicial district. The remaining allegations of Paragraph 8 are legal conclusions rather than factual allegations. To the extent a response is deemed to be required, the remaining allegations are denied.

9. Admitted.

10. Paragraph 10 sets forth legal conclusions rather than factual allegations. To the extent a response is deemed to be required, the allegations of Paragraph 10 are denied.

11. Paragraph 11 sets forth legal conclusions rather than factual allegations. To the extent a response is deemed to be required, the allegations of Paragraph 11 are denied.

**THE PARTIES**

12. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 12.

13. Defendants admit that Vevor Store LLC is a California Limited Liability Company with a principal place of business located at 9166 Anaheim Pl 250, Rancho Cucamonga, CA 91730 and also does business at the following addresses: 9448 Richmond Place #E, Rancho Cucamonga, CA 91730, and 17800 Castleton St. STE 665, City of Industry, CA 91748, that Vevor Store LLC does business in this District and offers outdoor, sporting, and games goods, tools, and garden, outdoor, automotive, and kitchen supplies for sale. Defendant admits that Vevor Store LLC does business under certain brands and names. Defendant denies the remaining allegations of Paragraph 13.

14. Defendants admit that Vevor Technology LLC is a California Limited Liability Company with an address at 9166 Anaheim Pl 250, Rancho Cucamonga, CA 91730 and offers outdoor, sporting, and sells games goods, tools, and garden, outdoor, automotive, and kitchen supplies for sale. Defendants deny the remaining allegations of Paragraph 14.

15. Denied.



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

16. Defendants admit that Vevor Corporation is a suspended California Corporation with a listed address at 1172 Murphy Avenue Suite 237, San Jose, California 95131. Defendants deny the remaining allegations of Paragraph 16.

17. Defendants admit that Vevor Equipment Inc. is a Colorado Corporation with a listed address at 1312 17th Street, Ste. 2110, Denver, Colorado 80202. Defendants deny the remaining allegations of Paragraph 17.

18. Defendants admit that Sanven Corporation is a California Corporation with an address at 9166 Anaheim Place 250, Rancho Cucamonga, CA 91730 and offers outdoor, sporting, and games goods for sale. Defendants deny the remaining allegations of Paragraph 18.

19. Defendants admit that Sanven Technology Ltd. is a California Corporation with an address at 9166 Anaheim Place 250, Rancho Cucamonga, CA 91730 and offers outdoor, sporting, and games goods for sale. Defendants deny the remaining allegations of Paragraph 19.

20. Defendants admit that Shanghai MuXinMuYe Youxiangongsi has an address at Room 1602A-1609, 803 lane, ShuangCheng St., BaoShan Area, Shanghai China and offers outdoor, sporting, and games goods for sale. Defendants deny the remaining allegations of Paragraph 20.

21. Defendants lack information sufficient to form a belief as to the allegations relating to Shanghai LEILEI E-Commerce Co., Ltd. Defendants admit that Shanghai LEILE E-Commerce Co., Ltd. has a place of business located at Room 102, Unit 41, Building 1, No. 58 Baozhennan Road, Baozhen Town, Chongming District, Shanghai 200000 China and offers outdoor, sporting, and games goods for sale. Defendants deny the remaining allegations of Paragraph 21.

22. Defendants admit that Shanghai SIJIE E-Commerce Co., Ltd. DBA KFFKFF, has an address at Room JT2389, FL/4, Bldg 2, No. 599 Wanzhen Rd, Zhenxinxincun St, Jiading District, Shanghai China 201800. Defendants deny the remaining allegations of Paragraph 22.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

23. Defendants admit that Bozhou LEIKEYOU Technology Co., Ltd. has an address at NO. 28, Zhaoyangzhuang Village, Dawang Administrative Village, Niuji Town, Qiaocheng DIST, Bozhou City, Anhui Province China 236000 and offers outdoor, sporting, and games goods for sale. Defendants deny the remaining allegations of Paragraph 23.

24. Paragraph 24 sets forth legal conclusions rather than factual allegations. To the extent a response is deemed to be required, the allegations of Paragraph 24 are denied.

25. Paragraph 25 does not set forth factual allegations to be admitted or denied. To the extent a response is deemed to be required, the allegations of Paragraph 25 are denied.

26. Defendants deny that Plaintiff and Defendants sell products in similar product categories. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 26.

27. Defendants admit that certain of the defendants in the present civil action have been engaged in intellectual property litigation in the past. Defendants deny the remaining allegations of Paragraph 27.

28. Defendants admit that certain of the defendants in this case import products to the United States, that certain of the defendants sell products through vevor.com and amazon.com, that certain of the defendants sell products to customers in the United States, and that certain of the defendants in this case maintain physical locations in the State of California. Defendants deny the remaining allegations of Paragraph 28.

## FACTS RELEVANT TO ALL ALLEGATIONS

29. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 30.

31. Defendants admit that Plaintiff sent a letter to Vevor Corporation and Vevor Technology Ltd. on or about February 28, 2025, and that Exhibit 001 to the Complaint is a copy of the letter. Defendants deny the remaining allegations of Paragraph 31.

32. Defendants admit that a response was sent to the Plaintiff's letter. Defendants deny the remaining allegations of Paragraph 32.

33. Denied.

34. Denied.

35. Defendants admit that certain of the named defendants in this action sold products after February 28, 2025. Defendants deny the remaining allegations of Paragraph 35.

36. Denied.

37. Defendants admit that Plaintiff sent a letter addressed to certain named defendants on or about July 23, 2025, and that Exhibit 002 to the Complaint is a copy of the letter. Defendants deny the remaining allegations of Paragraph 37.

38. Defendants admit that the July 23, 2025 letter accused certain defendants in this action of infringement. Defendants deny the remaining allegations of Paragraph 38.

39. Defendants deny that Defendants have engaged in any infringing activity. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 39.

40. Defendants admit that Plaintiff accused certain of the defendants in this action of infringing activity, and asserted that such activity was willful. Defendants deny the remaining allegations of Paragraph 40.

41. Defendants deny that Defendants have not provided sales information to Plaintiff. Defendants deny the remaining allegations of Paragraph 41.

42. Defendants admit that Exhibit 003 to the Complaint is a copy of U.S. Design Patent No. D1051263 and that U.S. Design Patent No. D1051263 is entitled

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

"Sport Training Net." Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 42.

43. Defendants admit that U.S. Design Patent No. D1051263 is entitled "Sport Training Net." Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 46.

47. Defendants admit that Exhibit 004 to the Complaint is a copy of U.S. Design Patent No. D1048254 and that U.S. Design Patent No. D1048254 is entitled "Sports Net." Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 47.

48. Defendants admit that U.S. Design Patent No. D1048254 is entitled "Sports Net." Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 49.

50. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 51.

52. Defendants admit that Exhibit 005 to the Complaint is a copy of U.S. Design Patent No. D900933 and that U.S. Design Patent No. D900933 is entitled "Football Toss Trainer." Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 52.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

53. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 53.

54. Defendants admit that Exhibit 006 to the Complaint is a copy of U.S. Design Patent No. D960985 and that U.S. Design Patent No. D960985 is entitled "Toss Trainer." Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 54.

55. Defendants admit that Exhibit 007 to the Complaint is a copy of U.S. Design Patent No. D1003355 and that U.S. Design Patent No. D1003355 is entitled "Toss Trainer." Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 55.

56. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 56.

57. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 57.

58. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 58.

59. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 59.

60. Defendants admit that Exhibit 008 to the Complaint is a copy of U.S. Design Patent No. D1012214 and that the document is entitled "Sports Pylon." Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 60.

61. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 61.

62. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 62.

63. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 63.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

64. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 64.

65. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 65.

66. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 66.

67. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 67.

68. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 68.

69. Defendants admit that Exhibit 009-1 appears to be a copyright registration. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 69.

70. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 70.

71. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 71.

72. Defendants admit that Exhibit 010 appears to be an amazon listing. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 72.

73. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 73.

74. Defendants admit that Exhibit 010-1 appears to be a copyright registration. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 74.

75. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 75.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

76. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 76.

77. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 77.

78. Defendants admit that Exhibit 011 appears to be a copyright registration. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 78.

79. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 79.

80. Defendants admit that Exhibit 012 appears to be an Amazon.com listing. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 80.

81. Denied.

82. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 82.

83. Defendants admit that Exhibit 013 appears to be an Amazon.com listing. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 83.

84. Denied.

85. Defendants admit that certain of the named defendants in this action have offered for sale the products identified in Paragraph 85. Defendants deny the remaining allegations of Paragraph 85.

86. Defendants admit that certain of the named defendants in this action have offered for sale the products identified in Paragraph 86. Defendants deny the remaining allegations of Paragraph 86.

87. Defendants admit that certain of the named defendants in this action have offered for sale the products identified in Paragraph 87. Defendants deny the remaining allegations of Paragraph 87.

88. Defendants admit that certain of the named defendants in this action have offered for sale the products identified in Paragraph 88. Defendants deny the remaining allegations of Paragraph 88.

89. Denied.

90. Defendants admit that certain of the named defendants in this action have offered for sale certain accused products online via Amazon.com, Vevor.com, Lowes.com, and/or Temu.com. Defendants deny the remaining allegations of Paragraph 90.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 109.



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

110. Denied.

111. Denied.

112. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 112.

113. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 113.

114. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 114 relating to an online purchase by Plaintiff. Defendants deny the remaining allegations of Paragraph 114.

115. Defendants deny that Defendants have not provided sales data to Plaintiff. Defendants deny the remaining allegations of Paragraph 115.

116. Denied.

117. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 117.

118. Denied.

119. Defendants admit that certain named defendants have offered cornhole boards for sale via Amazon.com, Ebay.com, Walmart.com, and/or Vevor.com. Defendants deny the remaining allegations of Paragraph 119.

120. Denied.

121. Denied.

122. Defendants deny that any of the named defendants have sold infringing products on Amazon.com. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 122.

123. Denied.

124. Denied.

125. Defendants admit that cornhole boards have been offered for sale on Vevor.com. Defendants deny the remaining allegations of Paragraph 125.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

126. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 126.

127. Defendants admit that products have been sold by one or more named defendants via eBay. Defendants deny the remaining allegations of Paragraph 127.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 135.

136. Denied.

137. Denied.

138. Defendants admit that the insert has been affixed to cornhole boards. Defendants deny the remaining allegations of Paragraph 138.

139. Defendants lack knowledge or information sufficient to form a belief as to the allegations relating to any test buys by Plaintiff. Defendants deny the remaining allegations of Paragraph 139.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 144.

145. Denied.

146. Defendants deny that Plaintiff has not been provided with an accounting of Vevor cornhole boards. Defendants deny the remaining allegations of Paragraph 146.

147. Denied.

148. Defendants admit that pong tables have been offered for sale on Amazon.com and Vevor.com, and that Exhibit 016 appears to include copies of online product listings. Defendants deny the remaining allegations of Paragraph 148.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Defendants deny that an accounting has not been provided to Plaintiff. Defendants deny the remaining allegations of Paragraph 153.

154. Defendants admit that sports nets have been sold on Amazon.com, Vevor.com, and Ebay.com. Defendants deny the remaining allegations of Paragraph 154.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Defendants deny that an accounting has not been provided to Plaintiff. Defendants deny the remaining allegations of Paragraph 159.

160. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 160.

161. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 161.

162. Denied.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

163. Denied.

164. Denied.

165. Defendants admit that Fortune Brands cited in its complaint multiple intellectual property cases involving Defendants. Defendants deny the remaining allegations of Paragraph 165.

166. Defendants admit that certain of the named defendants in this action have been involved in litigation relating to intellectual property rights. Defendants deny the remaining allegations of Paragraph 166.

167. Denied.

168. Defendants admit that the corporate paperwork for certain of the named defendants was not filed according to the prescribed schedule. Defendants deny the remaining allegations of Paragraph 168.

169. Denied.

170. Denied.

171. Defendants admit that the executive positions of certain named defendants have changed hands over time. Defendants deny the remaining allegations of Paragraph 171.

172. Denied.

173. Defendants admit that certain entities have ceased operations and the contact information for such entities has not been revised. Defendants deny the remaining allegations of Paragraph 168.

174. Defendants admit that the Vevor website, including the terms of service, have changed over time. Defendants deny the remaining allegations of Paragraph 174.

175. Defendants admit that past litigants have filed certain motions relating to service of process on certain named defendants in this action. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 175.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### INFRINGEMENT OF COPYRIGHT REGISTRATION NO. VA 2-259-559

176. Defendants repeat and incorporate by reference the responses contained in the preceding paragraphs as if set forth fully herein.

177. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 177.

178. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 178.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

## SECOND CLAIM FOR RELIEF

### INFRINGEMENT OF COPYRIGHT REGISTRATION NO. VA 2-376-256

186. Defendants repeat and incorporate by reference the responses contained in the preceding paragraphs as if set forth fully herein.

187. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 187.

188. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 188.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

**THIRD CLAIM FOR RELIEF**

**INFRINGEMENT OF COPYRIGHT REGISTRATION NO. VA 2-303-493**

196. Defendants repeat and incorporate by reference the responses contained in the preceding paragraphs as if set forth fully herein.

197. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 197.

198. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 198.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

**FOURTH CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. DESIGN PATENT NO. D1051263**

206. Defendants repeat and incorporate by reference the responses contained in the preceding paragraphs as if set forth fully herein.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

**FIFTH CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. DESIGN PATENT NO. D 1048254**

214. Defendants repeat and incorporate by reference the responses contained in the preceding paragraphs as if set forth fully herein.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

**SIXTH CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. DESIGN PATENT NO. D900933**

222. Defendants repeat and incorporate by reference the responses contained in the preceding paragraphs as if set forth fully herein.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

**SEVENTH CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. DESIGN PATENT NO. D960985**

230. Defendants repeat and incorporate by reference the responses contained in the preceding paragraphs as if set forth fully herein.

231. Denied.

232. Denied.

233. Denied.

234. Denied.

235. Denied.

236. Denied.

237. Denied.

**EIGHTH CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. DESIGN PATENT NO. D1003355**

238. Defendants repeat and incorporate by reference the responses contained in the preceding paragraphs as if set forth fully herein.

239. Denied.

240. Denied.

241. Denied.

242. Denied.

243. Denied.

244. Denied.

245. Denied.

**NINTH CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. DESIGN PATENT NO. D1012214**

246. Defendants repeat and incorporate by reference the responses contained in the preceding paragraphs as if set forth fully herein.

247. Denied.

248. Denied.

249. Denied.

250. Denied.

251. Denied.

252. Denied.

253. Denied.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

## TENTH CLAIM FOR RELIEF

## UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND TRADE DRESS INFRINGEMENT

### Section 43(a) of the Lanham Act

254. Defendants repeat and incorporate by reference the responses contained in the preceding paragraphs as if set forth fully herein.

255. Denied.

256. Denied.

257. Denied.

258. Denied.

259. Denied.

260. Denied.

261. Denied.

262. Denied.

263. Denied.

264. Denied.

265. Defendants admit that Plaintiff sent letters addressed to certain named defendants leveling allegations of infringement. Defendants deny the remaining allegations of Paragraph 265.

266. Denied.

267. Denied.

268. Denied.

269. Denied.

270. Defendants admit that Plaintiff sent two letters addressed to certain named defendants leveling allegations of infringement. Defendants deny the remaining allegations of Paragraph 270.

271. Denied.

272. Denied.

273. Denied.

274. Denied.

275. Denied.

276. Denied.

277. Denied.

**ELEVENTH CLAIM FOR RELIEF**

**UNFAIR COMPETITION – Cal. Bus. & Prof. Code § 17200**

278. Defendants repeat and incorporate by reference the responses contained in the preceding paragraphs as if set forth fully herein.

279. Denied.

280. Denied.

281. Denied.

282. Denied.

283. Denied.

**TWELFTH CLAIM FOR RELIEF**

**UNFAIR COMPETITION - California Common Law**

284. Defendants repeat and incorporate by reference the responses contained in the preceding paragraphs as if set forth fully herein.

285. Denied.

286. Denied.

287. Denied.

288. Denied.

289. Denied.

290. Denied.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief, as prayed for or otherwise.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

## GENERAL DENIAL

Except as expressly admitted herein, Defendants deny each and every allegation contained in Plaintiff's Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants assert the following defenses and affirmative defenses without assuming any burden of proof that rightfully should be placed on Plaintiff and reserving its rights to assert additional defenses. Furthermore, Defendants repeat and incorporate by reference each of their answers in paragraphs 1 through 278, Prayer for Relief, and General Denial as set forth above with each of the following defenses as if fully set forth herein.

## FIRST DEFENSE

## NON-INFRINGEMENT

1. Defendants do not infringe, and have not infringed, any valid and enforceable claim of any asserted patent, copyright or trade dress literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents.

1. Specifically, the accused products do not infringe the asserted patents under the "ordinary observer test" under any reasonable claim construction.

2. An ordinary observer of the patented design and the accused products would not find the accused design substantially similar to the patented design, such that it could deceive the observer into thinking they are the same.

## SECOND DEFENSE

## PATENT INVALIDITY

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

3. The asserted claims of the patents-in-suit are invalid for failure to meet the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

4. Design Patent D1051263 is anticipated or obvious over the disclosures of the prior art, including but not limited to the disclosures of US469554A, US4275883A, US4492380A, US20100081513A1, US20150190696A1, USD807964S1, USD880596S1, USD900933S1 and CN306315884S, alone or in combination.

5. Design Patent D1048254 is anticipated or obvious over the disclosures of the prior art, including but not limited to the disclosures of US2126102A, USD253872S, US4863166A, US4883272A, US5533636A, US6039563A, US7021630B1, USD662784S1, US8540593B1, USD709970S1, US20160053490A1, USD769070S1, US9604112B2, USD825811S1, US10166453B1, USD880596S1, USD885912S1, USD900933S1, alone or in combination.

6. Design Patent D900933 is anticipated or obvious over the disclosures of the prior art, including but not limited to the disclosures of US920907A, US2944816A, US3986719A, US4068846A, US4492380A, US4553751A, US4723780A, US4883272A, US4905996A, US5042813A, US5332230A, US5725444A, US5860655A, USD449084S1, USD462733S1, US20030047001A1, US20040178585A1, USD585949S1, USD649209S1, US20120149503A1, US20120149500A1, US20130072327A1, US8540592B1, US8647221B1, US20140171225A1, USD709970S1, US9808697B2, USD805591S1, USD809076S1 and US10166453B1, alone or in combination.

7. Design Patent D960985 is anticipated or obvious over the disclosures of the prior art, including but not limited to the disclosures of US920907A, US3986719A, US4068846A, US4492380A, US4553751A, US4723780A, US4883272A, US4905996A, US5042813A, US5725444A, USD449084S1, US20030047001A1, US20040178585A1, USD649209S1, US20130072327A1,

US20140171225A1, USD709970S1, USD805591S1 and US10166453B1, alone or in combination.

8. Design Patent D1003355 is anticipated or obvious over the disclosures of the prior art, including but not limited to the disclosures of US920907A, US4068846A, US4286786A, US4492380A, US4553751A, US4883272A, US4921257A, US5042813A, US5080375A, USD356841S, US5725444A, USD449084S1, US20030047001A1, US20040178585A1, US20090181810A1, US8187123B2, US8246496B2, US20130072327A1, US20140171225A1, USD709970S1, US9452337B2, US9573036B2, USD805591S1, US10166453B1, USD858664S1, USD868162S1, USD868917S1, USD872181S1, USD872182S1, USD877256S1, USD900934S1, US20200384301A1, USD935538S1, US20220062726A1, USD953458S1, USD955483S1 and USD956140S1, alone or in combination.

9. Design Patent D1012214 is anticipated or obvious over the disclosures of the prior art, including but not limited to the disclosures of USD341763S, USD711719S1, US10279228B2, USD927949S1, USD935298S1 and USD942238S1, either alone or in combination.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

**FOURTH DEFENSE**

**PROSECUTION HISTORY ESTOPPEL**

10. Plaintiff is estopped from asserting infringement under the doctrine of equivalents by reason of amendments and arguments made during prosecution of the applications leading to the asserted patents.

11. The claim scope of U.S. Design Patent No. D900933 is limited by amendments and arguments made by the applicant during the course of prosecution including but not necessarily limited to the amendments and arguments made by applicant on November 14, 2019, July 7, 2020 and August 21, 2020.

12. The claim scope of U.S. Design Patent No. D960985 is limited by amendments and arguments made by the applicant during the course of prosecution including but not necessarily limited to the amendments and arguments made by applicant on March 29, 2022.

13. The claim scope of U.S. Design Patent No. D1003355 is limited by amendments and arguments made by the applicant during the course of prosecution including but not necessarily limited to amendments and arguments made by applicant on May 22, 2023.

14. The claim scope of U.S. Design Patent No. D1012214 is limited by amendments and arguments made by the applicant during the course of prosecution including but not necessarily limited to the amendments and arguments made by applicant on June 22, 2023.

15. The claim scope of U.S. Design Patent No. D1048254 is limited by amendments and arguments made by the applicant during the course of prosecution including but not necessarily limited to the amendments and arguments made by applicant on May 12, 2023, December 28, 2023, August 12, 2024, August 15, 2024 and September 11, 2024.

16. The claim scope of U.S. Design Patent No. D1051263 is limited by amendments and arguments made by the applicant during the course of prosecution including but not necessarily limited to the amendments and arguments made by applicant on August 15, 2024.

**FIFTH DEFENSE**

**LIMITATION ON DAMAGES**

17. Any recovery of damages by Plaintiff is limited under 35 U.S.C. §§ 286, 287, and/or 288.

18. To the extent that Plaintiff failed to properly and consistently mark products practicing the asserted patents in accordance with 35 U.S.C. § 287(a),



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

Plaintiff is barred from recovering damages for any infringement by any Defendant occurring prior to the date that Defendant received actual formal notice of the alleged infringement.

19. P&P Imports is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

**SIXTH DEFENSE**

**EQUITY**

20. Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches unclean hands.

21. On information and belief, Plaintiff engaged in inequitable conduct before the USPTO by failing to disclose prior art known to Plaintiff that would have been material to the determination of patentability.

**SEVENTH DEFENSE**

**NO EXCEPTIONAL CASE**

22. This is not an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is not entitled to any award of attorney fees.

23. The present case does not stand out from others with respect to the substantive strength of Plaintiff's claims.

24. Defendants' conduct has been reasonable and in good faith at all times, and Plaintiff's assertions of willful infringement lack any factual basis.

**EIGHTH DEFENSE**

**ADEQUATE REMEDY AT LAW**

25. Plaintiff is not entitled to injunctive relief because it has an adequate remedy at law in the form of monetary damages and has suffered no irreparable harm.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

26. On information and belief, Plaintiff has licensed, or is willing to license, the patented designs to others, demonstrating that any alleged harm is fully compensable by money damages.

**NINTH DEFENSE**

**LACK OF STANDING**

27. Plaintiff lacks standing to sue for infringement of at least certain of the patents asserted in this action.

28. Specifically, on information and belief, Plaintiff did not own all substantial rights in all of the asserted patents as of the date of filing of the Original Complaint.

29. On information and belief, Plaintiff did not hold exclusive rights in at least D1051263, D1048254, D1012214 or D960985 (the "Unassigned Patents") as of the date of filing of the Original Complaint in this action.

30. The records of the United States Patent and Trademark Office reflect that there has been no recorded assignment of any of the Unassigned Patents.

31. 35 U.S.C. § 281 provides that, "[a] patentee shall have remedy by civil action for infringement of his patent."

32. Plaintiff was not the "patentee" of the Unassigned Patents under 35 U.S.C. § 281 as of the date of filing of this action, and thus lacked standing to sue for infringement when the case was filed.

**TENTH DEFENSE**

**NO ENHANCED DAMAGES**

33. Plaintiff is not entitled to enhanced damages or attorney fees under 35 U.S.C. § 284 or § 285. Specifically, Defendants have not engaged in any willful infringement.



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

34. Defendants lacked sufficient pre-suit notice of infringement of the asserted patents.

35. Any alleged infringement by Defendants was not reckless or in bad faith.

**ELEVENTH DEFENSE**

**INSUFFICIENT SERVICE OF PROCESS**

36. Defendants Vevor Corporation and Vevor Equipment Inc. have never been properly served with the complaint and summons for the present civil action.

37. To this date, Plaintiff has not properly served Defendants with the summons and complaint by any method authorized under the Federal Rules of Civil Procedure.

38. Although counsel for Defendants has expressed willingness to accept service on behalf of Defendants, Defendants have not been served by any method authorized under Rule 4, nor have they executed a waiver of service.

39. As a result, Defendants have not been properly brought before the Court, and the Court lacks personal jurisdiction over Defendants unless and until valid service is accomplished.

40. Accordingly, the action is subject to dismissal under Rule 12(b)(5), quashing of service, or such other relief as the Court deems appropriate.

41. Defendants preserve all objections and defenses relating to service of process, personal jurisdiction, venue, and any other applicable grounds for relief.

**TWELFTH DEFENSE**

**IMPROPER VENUE**

42. Venue is improper in this judicial district as to Plaintiff's patent infringement claims against Defendants under the exclusive patent venue statute, 28 U.S.C. § 1400(b).

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

43. Neither Defendant resides in this judicial district within the meaning of 28 U.S.C. § 1400(b).

44. Neither Defendant maintains a regular and established place of business in this judicial district within the meaning of 28 U.S.C. § 1400(b).

45. Plaintiff's patent claims against Defendants should therefore be dismissed, severed and transferred, or otherwise transferred pursuant to 28 U.S.C. § 1406(a) and any other applicable authority.

46. Defendants preserve all objections and defenses relating to venue and transfer.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer to assert additional defenses or counterclaims that discovery may reveal.

## JURY TRIAL DEMANDED

Defendants hereby demand a jury trial on all issues so triable.

## COUNTERCLAIMS

Defendants/Counterclaimants Vevor Corporation and Vevor Equipment Inc. ("Counterclaimants") assert counterclaims against Plaintiff/Counterdefendant P&P Imports LLC ("P&P Imports") as follows:

## NATURE AND BASIS OF ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Act, 35 U.S.C. § 1, et seq. Defendants request declarations that Defendants do not infringe any valid, enforceable claims of the asserted patents, copyrights or alleged trade dress.

## THE PARTIES, JURISDICTION, AND VENUE



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

2. Vevor Corporation is a suspended California Corporation with a listed address at 1172 Murphy Avenue Suite 237, San Jose, California 95131.

3. Vevor Equipment Inc. is a dissolved Colorado Corporation with a listed address at 1312 17th Street, Suite 2110, Denver, Colorado 80202.

4. On information and belief, Counterclaim Defendant P&P Imports LLC ("P&P Imports") is a California Limited Liability Company with its principal place of business at 17352 Derian Ave., Irvine, California 92614.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. This Court has personal jurisdiction over P&P Imports pursuant to the laws of the State of California and the United States Constitution, including the Due Process Clause of the Fifth Amendment. On information and belief, P&P Imports had substantial contacts with the State of California relating to the Asserted Patents, Asserted Copyrights and Asserted Trade Dress sufficient to confer specific jurisdiction. Further, by filing its Complaint, P&P Imports has consented to the personal jurisdiction of this Court.

7. Venue over these counterclaims is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400.

**FACTUAL ALLEGATIONS**

8. P&P Imports alleges in its Complaint that it is the owner of U.S. Design Patent Nos. D1051263, D1048254, D900933, D960985, D1003355, and D1012214 ("Asserted Patents").

9. P&P Imports asserts in its Complaint that Defendants have infringed one or more claims of the Asserted Patents.

10. Defendants do not infringe and have not infringed any valid, enforceable claim of the Asserted Patents.

11. P&P Imports alleges in its Complaint that it is the owner of U.S. Copyright Registration Nos. VA 2-259-559, VA 2-376-256 and VA 2-303-493 ("Asserted Copyrights").

12. P&P Imports asserts in its Complaint that Defendants have infringed the Asserted Copyrights.

13. Defendants do not infringe and have not infringed any valid, enforceable portion of the Asserted Copyrights.

14. P&P Imports alleges in its Complaint that holds trade dress in its products ("Asserted Trade Dress").

15. P&P Imports asserts in its Complaint that Defendants have infringed the Asserted Trade Dress.

16. Defendants do not infringe and have not infringed any valid, enforceable portion of the Asserted Trade Dress.

**COUNTERCLAIM I:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D1051263**

17. Defendants reallege and incorporate the averments of paragraphs 1 through 16, inclusive, of their Counterclaims as if set forth herein in full.

18. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning Defendants' non-infringement of the claim of U.S. Design Patent No. D1051263.

19. Defendants have not infringed and do not infringe any valid, enforceable claim of U.S. Design Patent No. D1051263.

20. Defendants are entitled to a judicial declaration that they have not infringed and do not infringe any valid, enforceable claim of U.S. Design Patent No. D1051263.



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

**COUNTERCLAIM II:**

**DECLARATION OF INVALIDITY OF U.S. DESIGN PATENT NO. D1051263**

21. Defendants reallege and incorporate the averments of paragraphs 1 through 20, inclusive, of their Counterclaims as if set forth herein in full.

22. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning the validity of the claim of U.S. Design Patent No. D1051263.

23. The claim of U.S. Design Patent No. D1051263 is invalid under the Patent Act, 35 U.S.C. § 1, et seq.

24. Defendants are entitled to a judicial declaration that the claim of U.S. Design Patent No. D1051263 is invalid.

**COUNTERCLAIM III:**

**DECLARATION OF UNENFORCEABILITY OF U.S. DESIGN PATENT NO. D1051263**

25. Defendants reallege and incorporate the averments of paragraphs 1 through 24, inclusive, of their Counterclaims as if set forth herein in full.

26. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning the enforceability of the claim of U.S. Design Patent No. D1051263.

27. The claim of U.S. Design Patent No. D1051263 is unenforceable under the Patent Act, 35 U.S.C. § 1, et seq.

28. Defendants are entitled to a judicial declaration that the claim of U.S. Design Patent No. D1051263 is unenforceable.

**COUNTERCLAIM IV:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D1048254**

29. Defendants reallege and incorporate the averments of paragraphs 1 through 28, inclusive, of their Counterclaims as if set forth herein in full.

30. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning Defendants' non-infringement of the claim of U.S. Design Patent No. D1048254.

31. Defendants have not infringed and do not infringe any valid, enforceable claim of U.S. Design Patent No. D1048254.

32. Defendants are entitled to a judicial declaration that they have not infringed and do not infringe any valid, enforceable claim of U.S. Design Patent No. D1048254.

**COUNTERCLAIM V:**

**DECLARATION OF INVALIDITY OF U.S. DESIGN PATENT NO. D1048254**

33. Defendants reallege and incorporate the averments of paragraphs 1 through 32, inclusive, of their Counterclaims as if set forth herein in full.

34. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning the validity of the claim of U.S. Design Patent No. D1048254.

35. The claim of U.S. Design Patent No. D1048254 is invalid under the Patent Act, 35 U.S.C. § 1, et seq.

36. Defendants are entitled to a judicial declaration that the claim of U.S. Design Patent No. D1048254 is invalid.

**COUNTERCLAIM VI:**



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

**DECLARATION OF UNENFORCEABILITY OF U.S. DESIGN PATENT NO. D1048254**

37. Defendants reallege and incorporate the averments of paragraphs 1 through 38, inclusive, of their Counterclaims as if set forth herein in full.

38. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning the enforceability of the claim of U.S. Design Patent No. D1048254.

39. The claim of U.S. Design Patent No. D1048254 is unenforceable under the Patent Act, 35 U.S.C. § 1, et seq.

40. Defendants are entitled to a judicial declaration that the claim of U.S. Design Patent No. D1048254 is unenforceable.

**COUNTERCLAIM VII:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D900933**

41. Defendants reallege and incorporate the averments of paragraphs 1 through 40, inclusive, of their Counterclaims as if set forth herein in full.

42. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning Defendants' non-infringement of the claim of U.S. Design Patent No. D900933.

43. Defendants have not infringed and do not infringe any valid, enforceable claim of U.S. Design Patent No. D900933.

44. Defendants are entitled to a judicial declaration that they have not infringed and do not infringe any valid, enforceable claim of U.S. Design Patent No. D900933.

**COUNTERCLAIM VIII:**

**DECLARATION OF INVALIDITY OF U.S. DESIGN PATENT NO. D900933**

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

45. Defendants reallege and incorporate the averments of paragraphs 1 through 44, inclusive, of their Counterclaims as if set forth herein in full.

46. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning the validity of the claim of U.S. Design Patent No. D900933.

47. The claim of U.S. Design Patent No. D900933 is invalid under the Patent Act, 35 U.S.C. § 1, et seq.

48. Defendants are entitled to a judicial declaration that the claim of U.S. Design Patent No. D900933 is invalid.

**COUNTERCLAIM IX:**

**DECLARATION OF UNENFORCEABILITY OF U.S. DESIGN PATENT NO. D900933**

49. Defendants reallege and incorporate the averments of paragraphs 1 through 48, inclusive, of their Counterclaims as if set forth herein in full.

50. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning the enforceability of the claim of U.S. Design Patent No. D900933.

51. The claim of U.S. Design Patent No. D900933 is unenforceable under the Patent Act, 35 U.S.C. § 1, et seq.

52. Defendants are entitled to a judicial declaration that the claim of U.S. Design Patent No. D900933 is unenforceable.

**COUNTERCLAIM X:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D960985**

53. Defendants reallege and incorporate the averments of paragraphs 1 through 52, inclusive, of their Counterclaims as if set forth herein in full.



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

54. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning Defendants' non-infringement of the claim of U.S. Design Patent No. D960985.

55. Defendants have not infringed and do not infringe any valid, enforceable claim of U.S. Design Patent No. D960985.

56. Defendants are entitled to a judicial declaration that they have not infringed and do not infringe any valid, enforceable claim of U.S. Design Patent No. D960985.

**COUNTERCLAIM XI:**

**DECLARATION OF INVALIDITY OF U.S. DESIGN PATENT NO. D960985**

57. Defendants reallege and incorporate the averments of paragraphs 1 through 56, inclusive, of their Counterclaims as if set forth herein in full.

58. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning the validity of the claim of U.S. Design Patent No. D960985.

59. The claim of U.S. Design Patent No. D960985 is invalid under the Patent Act, 35 U.S.C. § 1, et seq.

60. Defendants are entitled to a judicial declaration that the claim of U.S. Design Patent No. D960985 is invalid.

**COUNTERCLAIM XII:**

**DECLARATION OF UNENFORCEABILITY OF U.S. DESIGN PATENT NO. D960985**

61. Defendants reallege and incorporate the averments of paragraphs 1 through 60, inclusive, of their Counterclaims as if set forth herein in full.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

62. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning the enforceability of the claim of U.S. Design Patent No. D960985.

63. The claim of U.S. Design Patent No. D960985 is unenforceable under the Patent Act, 35 U.S.C. § 1, et seq.

64. Defendants are entitled to a judicial declaration that the claim of U.S. Design Patent No. D960985 is unenforceable.

**COUNTERCLAIM XIII:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D1003355**

65. Defendants reallege and incorporate the averments of paragraphs 1 through 64, inclusive, of their Counterclaims as if set forth herein in full.

66. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning Defendants' non-infringement of the claim of U.S. Design Patent No. D1003355.

67. Defendants have not infringed and do not infringe any valid, enforceable claim of U.S. Design Patent No. D1003355.

68. Defendants are entitled to a judicial declaration that they have not infringed and do not infringe any valid, enforceable claim of U.S. Design Patent No. D1003355.

**COUNTERCLAIM XIV:**

**DECLARATION OF INVALIDITY OF U.S. DESIGN PATENT NO. D1003355**

69. Defendants reallege and incorporate the averments of paragraphs 1 through 68, inclusive, of their Counterclaims as if set forth herein in full.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

70. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning the validity of the claim of U.S. Design Patent No. D1003355.

71. The claim of U.S. Design Patent No. D1003355 is invalid under the Patent Act, 35 U.S.C. § 1, et seq.

72. Defendants are entitled to a judicial declaration that the claim of U.S. Design Patent No. D1003355 is invalid.

**COUNTERCLAIM XV:**

**DECLARATION OF UNENFORCEABILITY OF U.S. DESIGN PATENT NO. D1003355**

73. Defendants reallege and incorporate the averments of paragraphs 1 through 72, inclusive, of their Counterclaims as if set forth herein in full.

74. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning the enforceability of the claim of U.S. Design Patent No. D1003355.

75. The claim of U.S. Design Patent No. D1003355 is unenforceable under the Patent Act, 35 U.S.C. § 1, et seq.

76. Defendants are entitled to a judicial declaration that the claim of U.S. Design Patent No. D1003355 is unenforceable.

**COUNTERCLAIM XVI:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D1012214**

77. Defendants reallege and incorporate the averments of paragraphs 1 through 76, inclusive, of their Counterclaims as if set forth herein in full.

TROJAN LAW OFFICES, P.C. BEVERLY HILLS

78. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning Defendants' non-infringement of the claim of U.S. Design Patent No. D1012214.

79. Defendants have not infringed and do not infringe any valid, enforceable claim of U.S. Design Patent No. D1012214.

80. Defendants are entitled to a judicial declaration that they have not infringed and do not infringe any valid, enforceable claim of U.S. Design Patent No. D1012214.

**COUNTERCLAIM XVII:**
**DECLARATION OF INVALIDITY OF U.S. DESIGN PATENT NO. D1012214**

81. Defendants reallege and incorporate the averments of paragraphs 1 through 80, inclusive, of their Counterclaims as if set forth herein in full.

82. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning the validity of the claim of U.S. Design Patent No. D1012214.

83. The claim of U.S. Design Patent No. D1012214 is invalid under the Patent Act, 35 U.S.C. § 1, et seq.

84. Defendants are entitled to a judicial declaration that the claim of U.S. Design Patent No. D1012214 is invalid.

**COUNTERCLAIM XVIII:**
**DECLARATION OF UNENFORCEABILITY OF U.S. DESIGN PATENT NO. D1012214**

85. Defendants reallege and incorporate the averments of paragraphs 1 through 84, inclusive, of their Counterclaims as if set forth herein in full.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

86. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq. concerning the enforceability of the claim of U.S. Design Patent No. D1012214.

87. The claim of U.S. Design Patent No. D1012214 is unenforceable under the Patent Act, 35 U.S.C. § 1, et seq.

88. Defendants are entitled to a judicial declaration that the claim of U.S. Design Patent No. D1012214 is unenforceable.

**COUNTERCLAIM XIX:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA 2-259-559**

89. Defendants reallege and incorporate the averments of paragraphs 1 through 88, inclusive, of their Counterclaims as if set forth herein in full.

90. There is an actual and justiciable controversy between the parties arising under the Copyright Act, 17 U.S.C. §§ 101, et seq. concerning Defendant's non-infringement of U.S. Copyright Registration No. VA 2-259-559 (the "'559 Registration").

91. Defendants have not infringed and do not infringe the '559 Registration.

92. Defendants are entitled to a judicial declaration that they have not infringed and do not infringe the '559 Registration.

**COUNTERCLAIM XX:**

**DECLARATION OF INVALIDITY OF U.S. COPYRIGHT REGISTRATION NO. VA 2-259-559**

93. Defendants reallege and incorporate the averments of paragraphs 1 through 92, inclusive, of their Counterclaims as if set forth herein in full.



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

94. There is an actual and justiciable controversy between the parties arising under the Copyright Act, 17 U.S.C. §§ 101, et seq. concerning the validity of the '559 Registration.

95. The '559 Registration is invalid under the Copyright Act, 17 U.S.C. §§ 101, et seq.

96. Defendants are entitled to a judicial declaration that the '559 Registration is invalid.

**COUNTERCLAIM XXI:**

**DECLARATION OF UNENFORCEABILITY OF U.S. COPYRIGHT REGISTRATION NO. VA 2-259-559**

97. Defendants reallege and incorporate the averments of paragraphs 1 through 96, inclusive, of their Counterclaims as if set forth herein in full.

98. There is an actual and justiciable controversy between the parties arising under the Copyright Act, 17 U.S.C. §§ 101, et seq. concerning the enforceability of the '559 Registration.

99. The '559 Registration is unenforceable under the Copyright Act, 17 U.S.C. §§ 101, et seq.

100. Defendants are entitled to a judicial declaration that the '559 Registration is unenforceable.

**COUNTERCLAIM XXII:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA 2-376-256**

101. Defendants reallege and incorporate the averments of paragraphs 1 through 100, inclusive, of their Counterclaims as if set forth herein in full.

102. There is an actual and justiciable controversy between the parties arising under the Copyright Act, 17 U.S.C. §§ 101, et seq. concerning Defendant's

non-infringement of U.S. Copyright Registration No. VA VA 2-376-256 (the "'256 Registration").

103. Defendants have not infringed and do not infringe the '256 Registration.

104. Defendants are entitled to a judicial declaration that they have not infringed and do not infringe the '256 Registration.

**COUNTERCLAIM XXIII:**

**DECLARATION OF INVALIDITY OF U.S. COPYRIGHT REGISTRATION NO. VA 2-376-256**

105. Defendants reallege and incorporate the averments of paragraphs 1 through 104, inclusive, of their Counterclaims as if set forth herein in full.

106. There is an actual and justiciable controversy between the parties arising under the Copyright Act, 17 U.S.C. §§ 101, et seq. concerning the validity of the '256 Registration.

107. The '256 Registration is invalid under the Copyright Act, 17 U.S.C. §§ 101, et seq.

108. Defendants are entitled to a judicial declaration that the '256 Registration is invalid.

**COUNTERCLAIM XXIV:**

**DECLARATION OF UNENFORCEABILITY OF U.S. COPYRIGHT REGISTRATION NO. VA 2-376-256**

109. Defendants reallege and incorporate the averments of paragraphs 1 through 108, inclusive, of their Counterclaims as if set forth herein in full.

110. There is an actual and justiciable controversy between the parties arising under the Copyright Act, 17 U.S.C. §§ 101, et seq. concerning the enforceability of the '256 Registration.

111. The '256 Registration is unenforceable under the Copyright Act, 17 U.S.C. §§ 101, et seq.

112. Defendants are entitled to a judicial declaration that the '256 Registration is unenforceable.

**COUNTERCLAIM XXV:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA 2-303-493**

113. Defendants reallege and incorporate the averments of paragraphs 1 through 112, inclusive, of their Counterclaims as if set forth herein in full.

114. There is an actual and justiciable controversy between the parties arising under the Copyright Act, 17 U.S.C. §§ 101, et seq. concerning Defendant's non-infringement of U.S. Copyright Registration No. VA VA 2-303-493 (the "'493 Registration").

115. Defendants have not infringed and do not infringe the '493 Registration.

116. Defendants are entitled to a judicial declaration that they have not infringed and do not infringe the '493 Registration.

**COUNTERCLAIM XXVI:**

**DECLARATION OF INVALIDITY OF U.S. COPYRIGHT REGISTRATION NO. VA 2-303-493**

117. Defendants reallege and incorporate the averments of paragraphs 1 through 116, inclusive, of their Counterclaims as if set forth herein in full.

118. There is an actual and justiciable controversy between the parties arising under the Copyright Act, 17 U.S.C. §§ 101, et seq. concerning the validity of the '493 Registration.

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

119. The '493 Registration is invalid under the Copyright Act, 17 U.S.C. §§ 101, et seq.

120. Defendants are entitled to a judicial declaration that the '493 Registration is invalid.

**COUNTERCLAIM XXVII:**
**DECLARATION OF UNENFORCEABILITY OF U.S. COPYRIGHT REGISTRATION NO. VA 2-303-493**

121. Defendants reallege and incorporate the averments of paragraphs 1 through 120, inclusive, of their Counterclaims as if set forth herein in full.

122. There is an actual and justiciable controversy between the parties arising under the Copyright Act, 17 U.S.C. §§ 101, et seq. concerning the enforceability of the '493 Registration.

123. The '493 Registration is unenforceable under the Copyright Act, 17 U.S.C. §§ 101, et seq.

124. Defendants are entitled to a judicial declaration that the '493 Registration is unenforceable.

**COUNTERCLAIM XXVIII:**
**DECLARATION OF NON-INFRINGEMENT OF TRADE DRESS**

125. Defendants reallege and incorporate the averments of paragraphs 1 through 124, inclusive, of their Counterclaims as if set forth herein in full.

126. There is an actual and justiciable controversy between the parties arising under the Lanham Act, 15 U.S.C. §§ 1051 et seq., concerning Defendant's non-infringement of P&P Imports' trade dress.

127. Defendants have not infringed and do not infringe any alleged trade dress rights held by P&P Imports.

128. Defendants are entitled to a judicial declaration that they have not infringed and do not infringe any trade dress rights held by P&P Imports.

**COUNTERCLAIM XXIX:**

**DECLARATION OF INVALIDITY OF TRADE DRESS**

129. Defendants reallege and incorporate the averments of paragraphs 1 through 128, inclusive, of their Counterclaims as if set forth herein in full.

130. There is an actual and justiciable controversy between the parties arising under the Lanham Act, 15 U.S.C. §§ 1051 et seq., concerning the existence and validity of trade dress rights asserted by P&P Imports.

131. P&P Imports holds no valid trade dress rights in its product designs.

132. Defendants are entitled to a judicial declaration that P&P Imports holds no valid trade dress rights in its product designs.

**COUNTERCLAIM XXX:**

**DECLARATION OF UNENFORCEABILITY OF TRADE DRESS**

133. Defendants reallege and incorporate the averments of paragraphs 1 through 132, inclusive, of their Counterclaims as if set forth herein in full.

134. There is an actual and justiciable controversy between the parties arising under the Lanham Act, 15 U.S.C. §§ 1051 et seq., concerning the enforceability of P&P Imports' alleged trade dress rights.

135. P&P Imports' alleged trade dress rights are unenforceable under the Lanham Act, 15 U.S.C. §§ 1051 et seq.

136. Defendants are entitled to a judicial declaration that P&P Imports' alleged trade dress rights are unenforceable.

**PRAYER FOR RELIEF**



TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS

WHEREFORE, Defendants request judgments in their favor and against P&P Imports as follows:

(i) P&P Imports recovers nothing and its Complaint be dismissed with prejudice;

(ii) The Court denies any injunctive relief in favor of P&P Imports and against Defendants;

(iii) The Court declares that Defendants have not infringed and do not infringe any claim of any of the Asserted Patents;

(iii) The Court declares that Defendants have not infringed and do not infringe any of the Asserted Copyrights;

(iii) The Court declares that Defendants have not infringed and do not infringe any trade dress rights asserted by P&P Imports;

(iv) The Court finds this case to be exceptional pursuant to 35 U.S.C. § 285 and award Defendants their reasonable attorneys' fees in this action;

(v) All costs be taxed against P&P Imports; and

(vi) Defendants be granted such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Defendants hereby demand a jury trial on all issues so triable.

Dated: June 15, 2026

Respectfully submitted,

*<u>/s/ R. Joseph Trojan</u>*
R. JOSEPH TROJAN (#137067)
trojan@trojanlawoffices.com
**TROJAN LAW OFFICES**
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

*<u>/s/ Kenneth T. Emanuelson</u>*
Kenneth T. Emanuelson

**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone: 469-363-5808
Ken@Emanuelson.us

ATTORNEYS FOR DEFENDANTS

TROJAN LAW OFFICES, P.C.
BEVERLY HILLS