**BRUNO TARABICHI**, CA Bar No. 215129
bruno@tmwlawfirm.com
**TMW LAW**
4750 Almaden Expy. 124-359
San Jose, California 95118
Telephone: 408.634.0324
Facsimile: 408.715.6707

**DAVID R. OWENS**, CA Bar No. 180829
dowens@dowenslaw.com
**OWENS LAW FIRM, PC**
84 W. Santa Clara St., Suite 700
San Jose, California 95113
Telephone: 408-298-8200

**KENNETH T. EMANUELSON** (pro hac vice)
Ken@Emanuelson.us
**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: 469-363-5808

ATTORNEYS FOR DEFENDANTS/COUNTER-CLAIMANTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

**P&P IMPORTS LLC,**

Plaintiff

vs.

**VEVOR STORE LLC, et al.**

Defendants

**VEVOR STORE LLC, et al.**

Counter-Claimants

vs.

**P&P IMPORTS LLC,**

Counter-Defendant.

Case No. 8:25-cv-02494-DOC-DFM

**DEFENDANTS VEVOR STORE LLC, ET AL.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS CERTAIN CLAIMS FOR PATENT INFRINGEMENT PURSUANT TO FED. R. CIV. P. 12(b)(1)**

Hearing Date: October 19, 2026
Hearing Time: 8:30 am
Courtroom: 10A

Judge: Hon. David O. Carter

## TABLE OF CONTENTS


**I. INTRODUCTION ..... 1**

**II. BACKGROUND FACTS ..... 1**

**III. LEGAL STANDARDS ..... 3**

**IV. ARGUMENT ..... 5**

**V. CONCLUSION ..... 7**

# TABLE OF AUTHORITIES

## CASES

*Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) .......................... 6

*Beech Aircraft Corp. v. EDO Corp*. 900 F.2d, 1237 (Fed. Cir. 1993)............................................ 5

*Enzo APA & Sons v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998) ................................ 5, 6

*Hirose Enters. v. Holiday*, 2:25-cv-06973-MEMF-AJR, (C.D. Cal. Mar 25, 2026), vLex Fastcase, VLEX-1115435851 ........................................................................................................ 4

*Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ......................................................... 4

*Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) ............................................... 5

*Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)......................................... 4

*Savage v. Glendale Union High Sch. Dist. No*. 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) ...... 5

*Warren v. United States*, Case No. SACV 10-1225 JST (MLGx) (C.D. Cal. Mar 29, 2011), vLex Fastcase, VLEX-887676654 .................................................................................... 4

*Waymark Corp. v. Porta Sys. Corp.*, 334 F.3d 1358, 1364 (Fed. Cir. 2003).................................. 5

## STATUTES

35 U.S.C. § 100(d) ............................................................................................................... 5

35 U.S.C. § 261 ..................................................................................................................... 5

Fed. R. Civ. P. 12(b)(1)........................................................................................................... 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

At the time P&P Imports ("Plaintiff") filed its initial Complaint, it did not own three of the asserted design patents, as there are no recorded assignments from the inventors to the Plaintiff and Plaintiff has refused to provide any evidence of its ownership of these three design patents. A plaintiff must prove through written assignments that it owned the patents it asserted at the time it filed its lawsuit; otherwise, the plaintiff lacks standing and the court must dismiss any claims based on the asserted patents for lack of jurisdiction. Without any evidence of a written assignment executed prior to the filing of its Complaint, Plaintiff did not own these design patents prior to filing this lawsuit and lacks standing for its claims of patent infringement—these claims must be dismissed.

### II. BACKGROUND FACTS

Plaintiff filed this lawsuit on November 6, 2025 alleging, among other things, infringement of U.S. Design Patent Nos. D1,051,263 (the "'263 Patent); D1,048,254 (the "'254 Patent); and D1,012,214 (the "'214 Patent). (PACER #1, Pl.'s Compl. ¶¶ 202, 210, 242.) Plaintiff filed its First Amended Verified Complaint on December 30, 2025 asserting these same claims. (PACER #22, Pl.'s First Am. Compl. ¶¶ 207, 215, 247.)

The '263 Patent lists Peter H. Engler, Peter L. Tanoury, and Hyun Ki "Daniel" Yoon as co-inventors. The '254 Patent lists Peter Engler, Peter Tanoury, and Sean Kyne as co-inventors. The '214 Patent lists Peter Engler, Peter Tanoury, and Willis Santamaria as co-inventors.

Plaintiff asserted in its Complaint that it owns these three design patents. (PACER #1, Pl.'s Compl., ¶¶ 42, 47, 60; *see also* PACER #22, Pl.'s First Am. Compl. ¶¶ 42, 47, 60.) To the contrary, according to U.S. Patent and Trademark Office ("PTO") records, there are no recorded assignments from the named inventors to Plaintiff for these three patents that have an execution date prior to

Plaintiff's filing of its Complaint. The only assignments recorded at the PTO for these three design patents are three corresponding *nunc pro tunc* assignments executed by each group of co-inventors for each respective patent on April 30, 2026 (and recorded at the PTO over the time period of May 1-3, 2026).[1] (Owens Decl. ¶¶ 8-10, Exs. B-D (each of these assignments is recorded using the corresponding application number for each patent, which are 29/898,769 for the '263 Patent; 29/781,173 for the '254 Patent; and 29/783,479 for the '214 Patent as shown on the corresponding Recordation Cover Sheet.)[2] Obviously, these *nunc pro tunc* assignments were executed well after the filing date of the Complaint on November 6, 2025. (*Id.*) Notably, each of these three assignments recites, for each named co-inventor, that the corresponding inventions were "invented within the course and scope of my employment at P&P Imports LLC," but there is no reference to any specific document or agreement under which the inventors were obligated to assign to Plaintiff. (*Id.*)

The requisite L.R. 7-3 meet and confer conference between counsel with respect to this Motion was held on August 17, 2026. Plaintiff's counsel disagreed with the legal doctrine that *nunc pro tunc* assignments are insufficient to rectify standing and stated that, besides the recorded *nunc pro tunc* assignments, other assignments from the named co-inventors to Plaintiff for each of these three patents

[1] As discussed below, standing in this context is determined at the time of filing of the initial Complaint. Although Plaintiff filed a First Amended Verified Complaint on December 30, 2025, the execution date of these *nunc pro tunc* assignments is still well after the filing of Plaintiff's First Amended Verified Complaint on December 30, 2025. (PACER #22, Pl.'s First Am. Compl.)

[2] Much like the recording of real property sales with a county recorder's office, assignments regarding patent ownership can be "recorded" with the PTO, *see* 37 CFR § 3.11, and such recorded documents are available to the public via the PTO's website (Owens Decl. ¶ __). When submitting an assignment for recordation, a "Recordation Cover Sheet" is required, which provides summary information on the assignment being recorded. *See* 37 CFR § 3.28. Accordingly, the assignments referred to herein and attached to the Owens Decl. include both the Recordation Cover Sheets and the corresponding assignments.

dated prior to the filing of the Complaint exist. (*Id.* ¶ 4.) Plaintiff's counsel also stated that the language of these other assignments was a "present" assignment and not an intention to assign. (*Id.* ¶ 5.) Plaintiff's counsel's alleged detailed knowledge about these assignments, which evidences ready-access to them. However, Plaintiff's counsel refused to provide these documents to allow Defendants' counsel to verify the assignments on the basis that (i) Defendants' counsel should simply accept Plaintiff's counsel word that the assignments exist, (ii) such was not required as part of the meet and confer conference between counsel, and (iii) no formal document request had been propounded. (*Id.* ¶¶ 4, 5.)

Nonetheless, subsequent to the meet and confer, Defendants' counsel sent an email to Plaintiff's counsel summarizing the meet and confer and reiterating a request for the alleged assignments. (*Id.* ¶ 6.) In response, Plaintiff's counsel maintained the position that Defendants' counsel misstated the law regarding *nunc pro tunc* assignments being insufficient for standing and maintained refusal to provide the alleged assignments. (*Id.*) Therefore, Plaintiff left Defendants with no choice but to file this Motion.[3]

## III. LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, a party may move to dismiss if a federal court lacks subject matter jurisdiction to hear the case. Fed. R. Civ. P. 12(b)(1). A court must dismiss for lack of subject matter jurisdiction when a

[3] Defendants are somewhat baffled as to what advantage Plaintiff may gain, or what negative impact Plaintiff may incur, by refusing to simply provide these documents to potentially resolve this issue without motion practice. Plaintiff's counsel, in emphatically stating that assignments were executed prior to the filing of the Complaint and contain language of an express assignment, makes it seem obvious that counsel has easy access to the relevant documents and could have easily provided those to Defendants' counsel. Instead, Plaintiff's counsel obstinately refuses to provide such documents, thereby forcing Defendants and this Court to expend resources on this Motion, which may otherwise be moot if such documents do exist and are sufficient. Based on Plaintiff's counsel's refusal, Defendants suspect these alleged documents do not exist.

plaintiff fails to satisfy the constitutional standing requirement under Article III. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("Though lack of statutory standing requires dismissal for failure to state a claim, lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."); *see also Hirose Enters. v. Holiday*, 2:25-cv-06973-MEMF-AJR, (C.D. Cal. Mar 25, 2026), vLex Fastcase, VLEX-1115435851 (citing *Maya*).

A motion to dismiss under Rule 12(b)(1) may be either a facial attack or a factual attack. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see also*, *Warren v. United States*, Case No. SACV 10-1225 JST (MLGx) (C.D. Cal. Mar 29, 2011), vLex Fastcase, VLEX-887676654 (citing *Safe Air*). In a facial attack, the moving party "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. By contrast, in a factual attack, the moving party "disputes the truth of the [complainant's] allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. In resolving a factual attack, a district court may properly "review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. Additionally, the court "need not presume the truthfulness of the plaintiff's allegations." *Id*. Rather, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id*. (quoting *Savage v. Glendale Union High Sch. Dist. No*. 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

In a patent infringement suit, the patent statutes are relevant in determining whether constitutional standing exists because the statutes "define the nature and source of the infringement claim and determine the party that is entitled to judicial relief." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). Under the patent statutes, only a "patentee" may bring a "civil action for infringement of his patent." 35 U.S.C. § 281. Ownership of a patent begins with the named

inventors. *See Beech Aircraft Corp. v. EDO Corp*. 900 F.2d, 1237 (Fed. Cir. 1993). However, the term "patentee" includes both the person to whom the patent was originally awarded as well as any "successors in title." 35 U.S.C. § 100(d); *see also Enzo APA & Sons v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998). Thus, if a patent was assigned by the named inventors to a given assignee, that assignee may bring a patent infringement suit in its own name. *Id*. However, any patent assignment must be in writing in order to be valid. 35 U.S.C. § 261; *Waymark Corp. v. Porta Sys. Corp.*, 334 F.3d 1358, 1364 (Fed. Cir. 2003).

To demonstrate standing in a patent infringement action, the plaintiff, whether the original patentee or a valid assignee, must show that it actually owned the patent *at the time the lawsuit commenced*. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) (emphasis added). This is a threshold jurisdictional issue. *Id*. at 1363. Moreover, "*nunc pro tunc* assignments are not sufficient to retroactively confer standing . . . ." (emphasis added). Enzo APA, 134 F.3d at 1093. If the plaintiff did not own the patent when the lawsuit began, the court must dismiss the action since the plaintiff cannot acquire standing retroactively. *Id*. at 1364.

## IV. ARGUMENT

Plaintiff has asserted claims for design patent infringement of the '263, '254, and '214 in its Fourth, Fifth, and Ninth Claims for Relief in the Complaint (and as maintained in its First Amended Complaint). (PACER #1, Pl.'s Compl. ¶¶ 201-208, 209-216, 241-248; PACER #22, Pl.'s First Am. Compl. ¶¶ 206-213, 214-221, 246-253.) Plaintiff also asserted in its Complaint (and in its First Amended Complaint) that it owns these three design patents.

However, there are no recorded assignments at the PTO of these patents from the inventors to Plaintiff dated or executed prior to the filing of this lawsuit. The only assignments recorded for these three design patents are three corresponding *nunc pro tunc* assignments recorded at the PTO *after* the filing of the initial

Complaint (and, for that matter, after the filing of the First Amended Complaint). (Owens Decl. ¶¶ 8-10, Exs. B-D.) However, an assignment filed after the filing of a complaint cannot confer standing retroactively. *Abraxis Bioscience*, 625 F.3d at 1364. Accordingly, there appear to be no written assignments for these three design patents executed prior to the filing of the Complaint in this case.

As noted, Plaintiff, while alleging that assignments executed prior to the filing of the Complaint do exist, has refused to provide such documents to Defendants. Such refusal calls into question whether such assignments actually do exist. The fact that Plaintiff's counsel has refused to provide these alleged assignments speaks for itself—either these documents do not exist or the purported assignment language in such documents is not legally sufficient for standing.

The fact that Plaintiff went to the trouble of recording subsequent *nunc pro tunc* assignments but did not simply record the alleged prior existing assignments is also telling—why not simply record those prior assignments, even if after the filing of the Complaint? Such existing assignments would surely be stronger evidence of ownership than the recorded *nunc pro tunc* assignments and may have obviated the issue regarding Plaintiff's lack of standing. The answer, again, appears to be that either these documents do not exist or the assignment language in such documents is insufficient.

Further, it is curious that the *nunc pro tunc* assignments state that the inventions were "invented within the course and scope of my employment at P&P Imports LLC." (Owens Decl. ¶¶ 8-10, Exs. B-D.) Why would such language be included if not to bolster the very premise that Plaintiff owns these patents despite the lack of actual assignments executed prior to the filing of this lawsuit.

Even more telling is Plaintiff's counsel's email response after the meet and confer in which Plaintiff's counsel insisted that it is a misstatement of the law that *nunc pro tunc* assignments are insufficient to convey standing. (Owens Decl. ¶ 6.) To the contrary, as explained above, the law could not be more clear—*nunc pro*

*tunc* assignments are insufficient to convey standing. Moreover, to the extent Plaintiff's is relying upon language *in* the *nunc pro tunc* assignments referencing the inventors' employment by Plaintiff as somehow being sufficient to show a prior existing assignment, such misses the point that later *nunc pro tunc* assignments cannot rectify standing. This only furthers the supposition that written assignments executed prior to Plaintiff's filing of this lawsuit do not exist.

Based on the lack of any written assignments for these three patents, Plaintiff lacks standing to assert the corresponding claims of design patent infringement against Defendants. Without standing, the Court must dismiss these claims.

## V. CONCLUSION

Plaintiff has the burden to prove that it owns the patents it has asserted at the time it filed this lawsuit. Plaintiff is unable to do so, as there are no written assignments for U.S. Design Patent Nos. D1,051,263; D1,048,254; and D1,012,214 showing Plaintiff's ownership. Therefore, Plaintiff lacks standing to assert its claims of patent infringement based on these three patents. Accordingly, the Fourth, Fifth, and Ninth Claims for Relief as alleged in Plaintiff's First Amended Complaint must be dismissed.

Date: September 14, 2026

Respectfully Submitted,

/s/ David R. Owens
David R. Owens
OWENS LAW FIRM, PC

Bruno Tarabichi
TMW LAW

Kenneth T. Emanuelson (pro hac vice)
THE EMANUELSON FIRM, P.C.

Attorneys for Defendants