**BRUNO TARABICHI**, CA Bar No. 215129
bruno@tmwlawfirm.com
**TMW LAW**
4750 Almaden Expy. 124-359
San Jose, California 95118
Telephone: 408.634.0324
Facsimile: 408.715.6707

**DAVID R. OWENS**, CA Bar No. 180829
dowens@dowenslaw.com
**OWENS LAW FIRM, PC**
84 W. Santa Clara St., Suite 700
San Jose, California 95113
Telephone: 408-298-8200

**KENNETH T. EMANUELSON** (pro hac vice)
Ken@Emanuelson.us
**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: 469-363-5808

ATTORNEYS FOR DEFENDANTS/COUNTER-CLAIMANTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **P&P IMPORTS LLC,**<br>Plaintiff<br>vs.<br>**VEVOR STORE LLC, et al.**<br>Defendants<br>**VEVOR STORE LLC, et al.**<br>Counter-Claimants<br>vs.<br>**P&P IMPORTS LLC,**<br>Counter-Defendant. | Case No. 8:25-cv-02494-DOC-DFM<br><br>**DECLARATION OF DAVID R. OWENS IN SUPPORT OF VEVOR STORE LLC, ET AL.'S MOTION TO DISMISS CERTAIN CLAIMS FOR PATENT INFRINGEMENT PURSUANT TO FED. R. CIV. P. 12(b)(1)**<br><br>Hearing Date: October 19, 2026<br>Hearing Time: 8:30 am<br>Courtroom: 10A<br><br>Judge: Hon. David O. Carter |

I, DAVID R. OWENS, declare as follows:

1. I am an attorney at law, duly admitted into practice before all courts for the State of California. I am a shareholder in the law firm of Owens Law Firm, PC, co-counsel for Defendants. I make this Declaration in support of Defendants' Motion to Dismiss Certain Claims for Patent Infringement Pursuant to Fed. R. Civ. P. 12(b)(1) filed concurrently herewith. The matters set forth herein are of my own personal knowledge, and if called upon to testify as to such matters, I could and would do so.

2. Pursuant to L.R. 7-3, a meet and confer was held between myself and my co-counsel Ken Emanuelson and Bruno Tarabichi and counsel for Plaintiff, Jiaxiao Zhang and Casey Kempner on August 17, 2026 regarding Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1).

3. During this meet and confer, Defendants' counsel explained Defendants' position that written assignments from the inventors to the Plaintiff, executed prior to the filing of this lawsuit, were required for Plaintiff to have standing to assert claims of patent infringement. Defendants' counsel stated that the U.S. Patent and Trademark Office ("PTO") assignment records did not show any such assignments for U.S. Design Patent Nos. D1,051,263; D1,048,254; and D1,012,214 other than corresponding *nunc pro tunc* assignments that were executed after the filing of this lawsuit. Defendants' counsel stated that *nunc pro tunc* assignments executed after the filing of the lawsuit cannot rectify the lack of standing.

4. In response, Plaintiff's counsel stated that Plaintiff disagreed with Defendants' position. Plaintiff's counsel stated that Plaintiff's disagreed with the proposition that *nunc pro tunc* assignments are ineffective with respect to standing. Plaintiff's counsel also stated that assignments were not required to be recorded at the PTO to confer standing and that assignments conveying ownership of these three design patents, executed prior to the filing of the lawsuit, did, in fact, exist.

5. Defendants' counsel requested copies of these alleged assignments to verify that they were proper; however, Plaintiff's counsel refused to provide such documents and requested that Defendants' counsel simply take their word for it that such existed. Plaintiff's counsel also stated, with respect to refusing to provide copies of these assignments, that no formal document requests had been served by Defendants, and that Defendants' had been uncooperative with respect to other matters (which Defendants categorically deny). Defendants' counsel additionally asked whether such assignments had language of a "present" assignment, as opposed to language simply indicating an intent to assign, and Plaintiff's counsel unequivocally stated that the language was not just an intent to assign but rather a present assignment.

6. On August 21, 2026, I sent an email to Plaintiff's counsel summarizing the above meet and confer and again requesting that Plaintiff provide these documents in an attempt to avoid motion practice. Plaintiff's counsel responded by email on August 21, 2026 reiterating Plaintiff's position that Defendants have misstated the law regarding *nunc pro tunc* assignments and maintaining Plaintiff's refusal to provide the alleged operative assignments. Attached as Exhibit A is a true and correct copy of these two emails.

7. Assignments recorded at the U.S. Patent and Trademark Office ("PTO") are available to the public via the PTO website at https://assignmentcenter.uspto.gov/search/patent.

8. Attached as Exhibit B is a true and correct copy of the nunc pro tunc assignment as recorded at the PTO for U.S. Design Patent No. D1,051,263 issued from U.S. Patent Application No. 29/898,769.

9. Attached as Exhibit C is a true and correct copy of the nunc pro tunc assignment as recorded at the PTO for U.S. Design Patent No. D1,048,254 issued from U.S. Patent Application No. 29/781,173.

10. Attached as Exhibit D is a true and correct copy of the nunc pro tunc

assignment as recorded at the PTO for U.S. Design Patent No. D1,012,214 issued from U.S. Patent Application No. 29/783,479.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed September 14, 2026 at San Francisco, California.

By: /s/ David R. Owens
David R. Owens

# EXHIBIT A

**From:** Jiaxiao Zhang
**To:** dowens@dowenslaw.com; Bruno Tarabichi; "Ken Emanuelson"
**Cc:** Casey Kempner; marc@hpl.law
**Subject:** RE: P&P Imports v. Vevor et. al. - Meet and Confer Summary
**Date:** Monday, August 24, 2026 11:47:24 AM
**Attachments:** image001.png
image003.png

---

Good morning Counsel,

Your Friday afternoon email mischaracterizes both our discussion and the applicable authority.

As I explained during our meet and confer last Monday, Defendants' allegations ignore: 1) that recording assignments with the USPTO is not required; 2) clear evidence that the patents have always been owned by Plaintiff; 3) assignment records that have been formally recorded in the USPTO for each of the patents referenced in Mr. Emanuelson's letter; and 4) the unambiguous language in USPTO formally recorded assignment documents for each of the patents referenced in Mr. Emanuelson's letter.

Because there is no standing issue, Plaintiff disagrees with what you frame as an "obvious resolution" to said non-issue. Specific reasons were explained during our meet and confer, and they are reiterated herein. To wit, the ad hoc and expedited production that you are demanding is unnecessary and procedurally improper.

Legally:
Your substantive premise is wrong. The absence of a recorded assignment does not establish that an entity lacked ownership when an action was filed; recording an assignment is a ministerial act, not a prerequisite to or requirement of a valid transfer of rights. Nor does an allegation or dispute concerning the documentation of patent ownership automatically implicate Article III standing or subject-matter jurisdiction. Defendants cannot recast USPTO assignment records into confirmation or evidence that no valid assignment exists, particularly after being expressly informed otherwise. This is particularly true when, as your emails and letter confirm/admit, Defendants have failed to complete a review of the available USPTO assignment records.

Your categorical assertion that "nunc pro tunc assignments are insufficient for purposes of standing" misstates the law. The Federal Circuit recognizes that an instrument may be corrected *nunc pro tunc* to reflect an assignment that (as here) has already occurred. Mr. Emanuelson's letter (and exhibits) acknowledges the existence of and recordation of *nunc pro tunc* assignments for these patents at the USPTO. These publicly available assignments explicitly state that they are "effective at least as early as the filing date of each one of the Patent Applications identified in Appendix A, and consistent with employment and other agreements and company policies entered into by ASSIGNORS and inuring to the benefit of Assignee prior to the filing date of each one of the Patent Applications identified in Appendix A" and properly include standard language recognized as conveying patent rights. Furthermore, as explained during our meet and confer, it is clear just from the face of

the patents that the inventors are Plaintiff's employees and founders, and that Plaintiff's ownership rights existed before this action was filed.

These assignments are valid and proper and convey everything they need to convey to properly substantiate ownership prior to the filing of the present action.

Procedurally:
Defendants have served no requests for production or any other discovery requests to Plaintiff, including concerning patent ownership. Instead, counsel appears to be attempting to manufacture a production deadline by threatening a motion and recasting an ordinary meet and confer as a substitute for discovery. Local Rule 7-3 requires counsel to discuss contemplated motions; it does not compel document production, displace Fed. R. Civ. P. R. 34, or authorize Defendants to impose unilateral deadlines. This is particularly true when Defendants first alleged a potential standing concern months ago but then ignored, for months, Plaintiff's email confirming our disagreement that standing was a valid issue and proffering a meet and confer time.

To the extent not already clear from our meet and confer, Plaintiff will produce relevant documents through the ordinary discovery process. Production "in due course" is proper, legitimate, and even proactive given that Defendants have failed to serve Plaintiffs with any discovery requests. If Defendants want production sooner, they may serve appropriate discovery requests.

Defendants' other allegations are spurious. Defendants' latest demands continue their pattern of bad faith actions that resulted in this suit being filed. Defendants and Defendants' counsel have been uncooperative and obstructionist and now resort to making bald accusations rather than even attempt to proceed with discovery.

Defendants' failure to investigate should not be rewarded, nor should Defendants' unsupported demands be allowed to be reengineered into an untrue accusation that Plaintiff violated its meet-and-confer obligations. Any motion advanced on speculation, despite our express confirmation of pre-suit ownership and without a reasonable factual investigation, will be opposed accordingly. Plaintiff reserves all rights.

Regards,
Jiaxiao

**Jiaxiao Zhang**
Senior Corporate Counsel
P&P Imports LLC
17352 Derian Ave
Irvine, CA 92614
JZhang@pandpimports.com | (949) 269-1452
http://www.pandpimports.com

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at P&P Imports LLC by replying to this email and deleting the original.

---

**From:** dowens@dowenslaw.com <dowens@dowenslaw.com>
**Sent:** Friday, August 21, 2026 3:31 PM
**To:** Jiaxiao Zhang <jzhang@pandpimports.com>; Casey Kempner <ckempner@pandpimports.com>; marc@hpl.law
**Cc:** 'Ken Emanuelson' <ken@emanuelson.us>; Bruno Tarabichi <bruno@tmwlawfirm.com>
**Subject:** P&P Imports v. Vevor et. al. - Meet and Confer Summary

Ms. Zhang:

This email summarizes the results of our meet and confer held on August 17, 2026 regarding Defendants Motion to Dismiss for Lack of Standing with respect to certain of the asserted design patents.

At the outset, Defendants' counsel noted (further to Mr. Emanuelson's letter of June 18, 2026) that Plaintiff appeared to not have ownership of four of the asserted design patents in this case. We noted that there was no recorded assignment for D960,985. However, you informed us that D960,985 was a continuation application and that the parent contained an assignment including this continuation. We appreciate this information and will evaluate this further.

However, with respect to the remaining three patents (D1,051,263; D1,048,254; and D1,012,214), which similarly have no recorded assignments conveying ownership to the Plaintiff prior to the filing of the Complaint, you informed us that assignments conveying ownership from the inventors to Plaintiff prior to the filing of the Complaint do exist for these patents (noting of course, that any nunc pro tunc assignments are insufficient for purposes of standing—a doctrine of which you seemed to not agree with). Of course, the obvious resolution would be to provide us with these assignments so that we could verify your contention prior to preparing and filing a motion—the essence of a good faith meet and confer.

Unfortunately, you have elected to obfuscate the process by refusing to provide these documents. (You actually asked us to simply take your word for it, noting that in any motion opposition you would provide these documents, so your avoidance of providing these documents at this time is telling.) Your statement that Plaintiff is preparing a production of documents that will include these documents but refusing to inform us when such production would be made, is tantamount to refusing to timely provide these documents for

purposes of this meet and confer. Your repeated statement that such would be provided "in due course," despite our asking several times when that would be or whether the documents can simply be provided now, shows a lack of credibility and serves only as a tactic to force Defendants into spending time and money preparing a motion because you refuse to cooperate to resolve this issue without motion practice. Since you clearly stated that these documents exist and contain proper assignments (and not simply language of an intent to assign), you obviously have these documents in your ready possession and could easily provide copies in a day or two. In fact, you even mentioned several instances in which you believed Defendants were uncooperative (which we categorically deny) as a basis for your obstructionist refusal to provide us with these documents. It is unfathomable as to why you would not want to provide these documents and avoid a motion. As a result, the tact you are taking belies your contention that these documents exist or that they are proper assignments.

Defendants contend that you have not fulfilled your obligations to meet and confer. Accordingly, we urge you to re-consider your position and provide us with the documents you contend are the assignments for these three patents at this time.

**David R. Owens**
**Shareholder**
**Owens Law Firm, PC**
84 W. Santa Clara St., Suite 700
San Jose, CA 95113
Tel: 408-298-8202

**IMPORTANT NOTICE REGARDING RECEIPT OF THIS EMAIL**
This email message is intended for the personal use of the recipient(s) named above. This message may be protected by the attorney-client privilege and may contain confidential information. If you are not an intended recipient or if you have received this message in error, you may not review, copy or distribute this message. In this case, please notify the sender immediately by email and delete the original email and any copies. Your cooperation is appreciated.

# EXHIBIT B

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

Assignment ID: PATI1778357

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | NUNC PRO TUNC ASSIGNMENT |
| **EFFECTIVE DATE:** | 07/31/2023 |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| Peter H. Engler | 04/30/2026 |
| Peter L. Tanoury | 04/30/2026 |
| Hyun Ki “Daniel” Yoon | 04/30/2026 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Company Name:** | P&P Imports LLC |
| **Street Address:** | 17352 Derian Ave. |
| **Internal Address:** | LEGAL |
| **City:** | Irvine |
| **State/Country:** | CALIFORNIA |
| **Postal Code:** | 92614 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 29898769 |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

| | |
|---|---|
| **Phone:** | 949-630-0447 |
| **Email:** | kwhite@pandpimports.com |
| **Correspondent Name:** | Kevin White |
| **Address Line 1:** | 17352 Derian Ave. |
| **Address Line 4:** | Irvine, CALIFORNIA 92614 |

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | PNPD044 |
| **NAME OF SUBMITTER:** | Mr. Kevin White |
| **SIGNATURE:** | /Mr. Kevin White/ |
| **DATE SIGNED:** | 05/01/2026 |

**Total Attachments: 3**
source=ASSIGNMENT_nunc_PEPTHY-signed#page1.tiff

source=ASSIGNMENT_nunc_PEPTHY-signed#page2.tiff
source=ASSIGNMENT_nunc_PEPTHY-signed#page3.tiff

# PATENT ASSIGNMENT

WHEREAS, I **Peter H. Engler** ("Assignor 1") am an inventor of the inventions identified in the attached Appendix A, each invention identified by title, U.S. Patent Application Number, and filing date, and each invention as described in its respective U.S. Patent Application filed in the U.S. Patent and Trademark Office (the "Patent Applications"), which were invented within the course and scope of my employment at P&P Imports LLC;

WHEREAS, I **Peter L. Tanoury** ("Assignor 2") am an inventor of the inventions identified in the attached Appendix A, each invention identified by title, U.S. Patent Application Number, and filing date, and each invention as described in its respective U.S. Patent Application filed in the U.S. Patent and Trademark Office (the "Patent Applications"), which were invented within the course and scope of my employment at P&P Imports LLC; and

WHEREAS, I **Hyun Ki "Daniel" Yoon** ("Assignor 3") am an inventor of the inventions identified in the attached Appendix A, each invention identified by title, U.S. Patent Application Number, and filing date, and each invention as described in its respective U.S. Patent Application filed in the U.S. Patent and Trademark Office (the "Patent Applications"), which were invented within the course and scope of my employment at P&P Imports LLC; and

WHEREAS, Assignor 1 Peter H. Engler, Assignor 2 Peter L. Tanoury, and Assignor 3 Hyun Ki "Daniel" Yoon are collectively referred to as "ASSIGNORS."

WHEREAS, P&P Imports LLC ("Assignee") desires to acquire all rights in and to the Patent Applications and any patents (including any reissues and extensions) that may be granted therefrom.

NOW, THEREFORE, for valuable consideration including employment by Assignee, the receipt of which is acknowledged, ASSIGNORS hereby assign to Assignee 100% of their right, title, and interest in the inventions and Patent Applications (as well as such rights in any divisions, continuations in whole or part, or substitute applications), *nunc pro tunc*, effective at least as early as the filing date for each one of the Patent Applications identified in Appendix A, and consistent with employment and other agreements and company policies entered into by ASSIGNORS and inuring to the benefit of Assignee prior to the filing date for each one of the Patent Applications identified in Appendix A, to Assignee for the entire term of any issued Patent and any reissues or extensions that may be granted and for the entire terms of any and all foreign patents that may issue from foreign applications (as well as divisions, continuations in whole or part, or substitute applications) filed claiming the benefit of the Patent Applications;

ASSIGNORS HEREBY authorize the United States Patent and Trademark Office to issue any Patents resulting from the Patent Applications to Assignee in full. The right, title, and interest is to be held and enjoyed by Assignee and Assignee's successors and assigns as fully and exclusively as it would have been held and enjoyed by ASSIGNORS had any assignments not been made; and

ASSIGNORS HEREBY further agree to: (a) cooperate with Assignee in the prosecution of the Patent Application and any foreign counterparts; (b) execute, verify, acknowledge, and deliver all such further papers, including patent applications and instruments of transfer; and (c) perform such other acts as Assignee lawfully may request to obtain or maintain patents for the inventions in any and all countries.

Execution Date: 4/30/26

Assignor 1: [signature]
**Peter H. Engler**

First Witness: [signature]
Print Name: Kevin White

Second Witness: [signature]
Print Name: Cary Nguyen

Execution Date: 4/30/26

Assignor 2: [signature]
**Peter L. Tanoury**

First Witness: [signature]
Print Name: Kevin White

Second Witness: [signature]
Print Name: Cary Nguyen

**PATENT ASSIGNMENT**

Execution Date: 4/30/26

Assignor 3: ______________________
**Hyun Ki "Daniel" Yoon**

First Witness: ______________________
Print Name: Kevin Wint

Second Witness: ______________________
Print Name: Cary Kuepper

APPENDIX A (PEPTHY)

| No. | Title | App. # | Filing Date |
|---|---|---|---|
| 1 | Inflatable Hoop | 29/762125 | 2020-12-15 |
| 2 | Sports Net Frame | 29/851956 | 2022-09-01 |
| 3 | SPORTS TARGET | 29/935846 | 2024-04-03 |
| 4 | SPORT TRAINING NET | 29/898769 | 2023-07-31 |
| 5 | SPORTS TARGET | 29/937953 | 2024-04-17 |
| 6 | RECREATIONAL PIT | 29/899639 | 2023-08-10 |
| 7 | Sports Net | 29/906903 | 2023-11-13 |
| 8 | RECREATIONAL PIT | 29/929067 | 2024-02-19 |

# EXHIBIT C

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

Assignment ID: PATI1778810

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | NUNC PRO TUNC ASSIGNMENT |
| **EFFECTIVE DATE:** | 04/28/2021 |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| Peter H. Engler | 04/30/2026 |
| Peter L. Tanoury | 04/30/2026 |
| Sean P. Kyne | 04/30/2026 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Company Name:** | P&P Imports LLC |
| **Street Address:** | 17352 Derian Ave. |
| **City:** | Irvine |
| **State/Country:** | CALIFORNIA |
| **Postal Code:** | 92614 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 29781173 |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

**Phone:** 9496300447
**Email:** jzhang@pandpimports.com
**Correspondent Name:** Jiaxiao Zhang
**Address Line 1:** 17352 Derian Ave
**Address Line 4:** Irvine, CALIFORNIA 92614

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | PNPD099 |
| **NAME OF SUBMITTER:** | JIAXIAO ZHANG |
| **SIGNATURE:** | /JIAXIAO ZHANG/ |
| **DATE SIGNED:** | 05/03/2026 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

**Total Attachments: 3**
source=ASSIGNMENT_nunc_PEPTSK-signed#page1.tiff

source=ASSIGNMENT_nunc_PEPTSK-signed#page2.tiff
source=ASSIGNMENT_nunc_PEPTSK-signed#page3.tiff

# PATENT ASSIGNMENT

WHEREAS, I **Peter H. Engler** ("Assignor 1") am an inventor of the inventions identified in the attached Appendix A, each invention identified by title, U.S. Patent Application Number, and filing date, and each invention as described in its respective U.S. Patent Application filed in the U.S. Patent and Trademark Office (the "Patent Applications"), which were invented within the course and scope of my employment at P&P Imports LLC;

WHEREAS, I **Peter L. Tanoury** ("Assignor 2") am an inventor of the inventions identified in the attached Appendix A, each invention identified by title, U.S. Patent Application Number, and filing date, and each invention as described in its respective U.S. Patent Application filed in the U.S. Patent and Trademark Office (the "Patent Applications"), which were invented within the course and scope of my employment at P&P Imports LLC; and

WHEREAS, I **Sean P. Kyne** ("Assignor 3") am an inventor of the inventions identified in the attached Appendix A, each invention identified by title, U.S. Patent Application Number, and filing date, and each invention as described in its respective U.S. Patent Application filed in the U.S. Patent and Trademark Office (the "Patent Applications"), which were invented within the course and scope of my employment at P&P Imports LLC; and

WHEREAS, Assignor 1 Peter H. Engler, Assignor 2 Peter L. Tanoury, and Assignor 3 Sean P. Kyne are collectively referred to as "ASSIGNORS."

WHEREAS, P&P Imports LLC ("Assignee") desires to acquire all rights in and to the Patent Applications and any patents (including any reissues and extensions) that may be granted therefrom.

NOW, THEREFORE, for valuable consideration including employment by Assignee, the receipt of which is acknowledged, ASSIGNORS hereby assign to Assignee 100% of their right, title, and interest in the inventions and Patent Applications (as well as such rights in any divisions, continuations in whole or part, or substitute applications), *nunc pro tunc*, effective at least as early as the filing date for each one of the Patent Applications identified in Appendix A, and consistent with employment and other agreements and company policies entered into by ASSIGNORS and inuring to the benefit of Assignee prior to the filing date for each one of the Patent Applications identified in Appendix A, to Assignee for the entire term of any issued Patent and any reissues or extensions that may be granted and for the entire terms of any and all foreign patents that may issue from foreign applications (as well as divisions, continuations in whole or part, or substitute applications) filed claiming the benefit of the Patent Applications;

ASSIGNORS HEREBY authorize the United States Patent and Trademark Office to issue any Patents resulting from the Patent Applications to Assignee in full. The right, title, and interest is to be held and enjoyed by Assignee and Assignee's successors and assigns as fully and exclusively as it would have been held and enjoyed by ASSIGNORS had any assignments not been made; and

ASSIGNORS HEREBY further agree to: (a) cooperate with Assignee in the prosecution of the Patent Application and any foreign counterparts; (b) execute, verify, acknowledge, and deliver all such further papers, including patent applications and instruments of transfer; and (c) perform such other acts as Assignee lawfully may request to obtain or maintain patents for the inventions in any and all countries.

Execution Date: 4/30/26 | Assignor 1: ____________ **Peter H. Engler**

First Witness: ____________ | Second Witness: ____________
Print Name: ____________ | Print Name: ____________

Execution Date: 4/30/26 | Assignor 2: ____________ **Peter L. Tanoury**

First Witness: ____________ | Second Witness: ____________
Print Name: ____________ | Print Name: ____________

**PATENT ASSIGNMENT**

Execution Date: 4/20/26

Assignor 3: [signature]
**Sean P. Kyne**

First Witness: [signature]
Print Name: [illegible]

Second Witness: [signature]
Print Name: [illegible]

APPENDIX A (PEPTSK)

| No. | Title | App. # | Filing Date |
|---|---|---|---|
| 1 | Pool Float | 29/579845 | 2016-10-04 |
| 2 | Inflatable Sports Training Aid | 29/719931 | 2020-01-08 |
| 3 | Inflatable Float | 29/726837 | 2020-03-05 |
| 4 | Inflatable Sprinkler | 29/727396 | 2020-03-10 |
| 5 | Inflatable Sprinkler | 29/727399 | 2020-03-10 |
| 6 | Inflatable Sprinkler | 29/727400 | 2020-03-10 |
| 7 | CATCH TRAY | 29/748005 | 2020-08-26 |
| 8 | Target Game | 29/752980 | 2020-09-29 |
| 9 | Target Game | 29/752983 | 2020-09-29 |
| 10 | Target Game | 29/745497 | 2020-08-06 |
| 11 | Triangular Leg | 29/750148 | 2020-09-11 |
| 12 | Sports net | 29/781173 | 2021-04-28 |
| 13 | Toss Game | 29/804969 | 2021-08-24 |
| 14 | GOLF MAT | 29/817309 | 2021-11-30 |
| 15 | Game Piece | 29/842210 | 2022-06-10 |
| 16 | Game Piece | 29/842217 | 2022-06-10 |
| 17 | Dice Game | 29/842025 | 2022-06-09 |

# EXHIBIT D

509805976 05/02/2026

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

Assignment ID: PATI1778543

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | NUNC PRO TUNC ASSIGNMENT |
| **EFFECTIVE DATE:** | 05/13/2021 |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| Peter H. Engler | 04/30/2026 |
| Peter L. Tanoury | 04/30/2026 |
| Willis S. Santamaria | 04/30/2026 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Company Name:** | P&P Imports LLC |
| **Street Address:** | 17352 Derian Ave. |
| **City:** | Irvine |
| **State/Country:** | CALIFORNIA |
| **Postal Code:** | 92614 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 29783479 |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

**Phone:** 9496300447
**Email:** jzhang@pandpimports.com
**Correspondent Name:** Jiaxiao Zhang
**Address Line 1:** 17352 Derian Ave
**Address Line 4:** Irvine, CALIFORNIA 92614

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | PNDP101 |
| **NAME OF SUBMITTER:** | JIAXIAO ZHANG |
| **SIGNATURE:** | /JIAXIAO ZHANG/ |
| **DATE SIGNED:** | 05/02/2026 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

**Total Attachments: 4**
source=ASSIGNMENT_nunc_PEPTWS-signed#page1.tiff

source=ASSIGNMENT_nunc_PEPTWS-signed#page2.tiff
source=ASSIGNMENT_nunc_PEPTWS-signed#page3.tiff
source=ASSIGNMENT_nunc_PEPTWS-signed#page4.tiff

# PATENT ASSIGNMENT

WHEREAS, I **Peter H. Engler** ("Assignor 1") am an inventor of the inventions identified in the attached Appendix A, each invention identified by title, U.S. Patent Application Number, and filing date, and each invention as described in its respective U.S. Patent Application filed in the U.S. Patent and Trademark Office (the "Patent Applications"), which were invented within the course and scope of my employment at P&P Imports LLC;

WHEREAS, I **Peter L. Tanoury** ("Assignor 2") am an inventor of the inventions identified in the attached Appendix A, each invention identified by title, U.S. Patent Application Number, and filing date, and each invention as described in its respective U.S. Patent Application filed in the U.S. Patent and Trademark Office (the "Patent Applications"), which were invented within the course and scope of my employment at P&P Imports LLC; and

WHEREAS, I **Willis S. Santamaria** ("Assignor 3") am an inventor of the inventions identified in the attached Appendix A, each invention identified by title, U.S. Patent Application Number, and filing date, and each invention as described in its respective U.S. Patent Application filed in the U.S. Patent and Trademark Office (the "Patent Applications"), which were invented within the course and scope of my employment at P&P Imports LLC; and

WHEREAS, Assignor 1 Peter H. Engler, Assignor 2 Peter L. Tanoury, and Assignor 3 Willis S. Santamaria are collectively referred to as "ASSIGNORS."

WHEREAS, P&P Imports LLC ("Assignee") desires to acquire all rights in and to the Patent Applications and any patents (including any reissues and extensions) that may be granted therefrom.

NOW, THEREFORE, for valuable consideration including employment by Assignee, the receipt of which is acknowledged, ASSIGNORS hereby assign to Assignee 100% of their right, title, and interest in the inventions and Patent Applications (as well as such rights in any divisions, continuations in whole or part, or substitute applications), *nunc pro tunc*, effective at least as early as the filing date for each one of the Patent Applications identified in Appendix A, and consistent with employment and other agreements and company policies entered into by ASSIGNORS and inuring to the benefit of Assignee prior to the filing date for each one of the Patent Applications identified in Appendix A, to Assignee for the entire term of any issued Patent and any reissues or extensions that may be granted and for the entire terms of any and all foreign patents that may issue from foreign applications (as well as divisions, continuations in whole or part, or substitute applications) filed claiming the benefit of the Patent Applications;

ASSIGNORS HEREBY authorize the United States Patent and Trademark Office to issue any Patents resulting from the Patent Applications to Assignee in full. The right, title, and interest is to be held and enjoyed by Assignee and Assignee's successors and assigns as fully and exclusively as it would have been held and enjoyed by ASSIGNORS had any assignments not been made; and

ASSIGNORS HEREBY further agree to: (a) cooperate with Assignee in the prosecution of the Patent Application and any foreign counterparts; (b) execute, verify, acknowledge, and deliver all such further papers, including patent applications and instruments of transfer; and (c) perform such other acts as Assignee lawfully may request to obtain or maintain patents for the inventions in any and all countries.

Execution Date: 4/30/26

Assignor 1: [signature]
**Peter H. Engler**

First Witness: [signature]
Print Name: Kevin White

Second Witness: [signature]
Print Name: Casey Keppner

Execution Date: 4/30/26

Assignor 2: [signature]
**Peter L. Tanoury**

First Witness: [signature]
Print Name: Kevin White

Second Witness: [signature]
Print Name: Casey Keppner

**PATENT ASSIGNMENT**

Execution Date: 4/30/26

Assignor 3: [signature]
**Willis S. Santamaria**

First Witness: [signature]
Print Name: Ken White

Second Witness: [signature]
Print Name: Casey Kempner

APPENDIX A (PEPTWS)

| No. | Title | App. # | Filing Date |
|---|---|---|---|
| 1 | HANDLE | 29/756434 | 2020-10-28 |
| 2 | Game Base | 29/842574 | 2022-06-14 |
| 3 | Sign | 29/797435 | 2021-06-30 |
| 4 | Rope Tensioner | 29/797611 | 2021-07-01 |
| 5 | Golf Hole Illumination Device | 29/782085 | 2021-05-04 |
| 6 | Sports Pylon | 29/783479 | 2021-05-13 |
| 7 | Snow Sled | 29/806885 | 2021-09-07 |
| 8 | Clay Target Stand | 29/805027 | 2021-08-24 |
| 9 | Container Hanger | 29/829485 | 2022-03-04 |
| 10 | Pole Anchor | 29/829864 | 2022-03-08 |
| 11 | Baseball Tee | 29/799439 | 2021-07-14 |
| 12 | Baseball Tee Base | 29/798680 | 2021-07-09 |
| 13 | Swing | 29/834251 | 2022-04-11 |
| 14 | Disc Sled | 29/833897 | 2022-04-07 |
| 15 | Golf Ramp Accessory | 29/798118 | 2021-07-06 |
| 16 | Exercise Ball Platform | 29/797686 | 2021-07-01 |
| 17 | Golf Swing Trainer | 29/804782 | 2021-08-23 |
| 18 | Sports Handle | 29/802145 | 2021-08-03 |
| 19 | A-Frame Connector | 29/800031 | 2021-07-19 |
| 20 | Hook Attachment | 29/805034 | 2021-08-24 |
| 21 | Basketball Goal Assembly | 29/797585 | 2021-07-01 |
| 22 | Fitness equipment | 29/802369 | 2021-08-04 |
| 23 | Tube Cap | 29/799415 | 2021-07-14 |

APPENDIX A (PEPTWS)

| | | | |
|---|---|---|---|
| 24 | Snow Sled | 29/847735 | 2022-07-27 |
| 25 | Swim Kickboard | 29/855462 | 2022-10-03 |
| 26 | Ball Tray | 29/846224 | 2022-07-14 |
| 27 | Tire Deflator | 29/842382 | 2022-06-13 |
| 28 | Shelf | 29/859052 | 2022-11-07 |
| 29 | Wall Hanger | 29/858922 | 2022-11-04 |
| 30 | Sign | 29/860162 | 2022-11-16 |
| 31 | SPORT ASSEMBLY | 29/936140 | 2024-04-05 |
| 32 | BASKETBALL HOOP SUPPORT | 29/895787 | 2023-06-26 |
| 33 | Illuminated object systems and methods | 18/226769 | 2023-07-26 |