CASEY H. KEMPNER (SBN: 272149)
E-Mail: CKempner@pandpimports.com
JIAXIAO ZHANG (SBN: 317927)
JZhang@pandpimports.com
**P&P IMPORTS LLC**
17352 Derian Ave
Irvine, CA 92614
Telephone: (949) 734-6892

MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@hpl.law
**HANKIN PATENT LAW,**
A Professional Corporation
11414 Thurston Cir
Los Angeles, CA 90049
Tel: (310) 979-3600

Attorneys for PLAINTIFF and COUNTERDEFENDANT,
**P&P Imports LLC**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

P&P Imports LLC,

Plaintiff

v.

Vevor Store LLC; Vevor Technology LLC; Vevor Technology Ltd.; Vevor Corporation; Vevor Equipment Inc.; Sanven Corporation; Sanven Technology Ltd.; Shanghai MuXinMuYe Youxiangongsi; Shanghai LEILEI E-Commerce Co., Ltd.; Shanghai SIJIE E-Commerce Co., Ltd.; Bozhou LEIKEYOU Technology Co., Ltd.; DOES 1 through 10, inclusive,

Defendants.

Vevor Store LLC, Vevor Technology LLC, Sanven Corporation and Sanven Technology Limited;

CounterPlaintiffs,

v.

P&P Imports LLC;

CounterDefendant.

CASE No. 8:25-cv-02494-DOC-DFM

**DECLARATION OF CASEY H. KEMPNER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS FOR PATENT INFRINGEMENT PURSUANT TO FED. R. CIV. P. 12(b)(1)**

I, Casey H. Kempner, declare as follows:

1. I, the undersigned, am an attorney licensed to practice law by the State of California and admitted to the Central District of California. I am one of the attorneys of record for the Plaintiff P&P IMPORTS LLC ("Plaintiff"), specifically Plaintiff's Chief Legal Officer, and in that capacity, I am familiar with this matter.

2. The facts stated below are based upon my personal knowledge, and, if called as a witness, I could and would testify competently thereto.

3. Counsel for Plaintiffs have received no requests for production or any other discovery from any of the Defendants, including concerning patent ownership.

4. On June 19, 2026, Defendants' counsel first raised allegations that Plaintiff did not own each patent asserted in this case. A true and correct copy of Mr. Emanuelson's email and attached letter (dated June 18, 2026) is attached as Exhibit A. I responded that Plaintiff disagreed with his position and offered a time to meet and confer. We received no response. In August Defendants demanded a conference on the patent ownership issue. A true and correct copy of the Parties' subsequent correspondence is attached as Exhibit B. Pursuant to L.R. 7-3, a meet and confer was held between Defendants' counsel Bruno Tarabichi, Ken Emanuelson, and David Owens, and myself and Jiaxiao Zhang on August 17, 2026 ("August 17 conference"). A true and correct copy of the Parties' correspondence scheduling the August 17 conference is attached as Exhibit C.

5. After the August 17 conference, Plaintiff was compelled to respond to misstatements in Mr. Owen's August 21, 2026 email (Dkt. 101-2 at 8–9) that mischaracterized the Parties' discussion and applicable authority. Defendants filed a copy of Plaintiff's email (sent by Ms. Zhang on August 24, 2026, "Plaintiff's August 24 Email") with their Motion to Dismiss as Dkt. 101-2.

6. During the August 17 conference, it became clear to Plaintiff's counsel during

the August 17 conference that Defendants' counsel had not properly reviewed or examined available USPTO assignment records, and had an improper understanding of Federal Circuit precedent regarding assignments and *nunc pro tunc* assignments.

7. As discussed with Defendants' counsel during the August 17 conference, and reiterated in Plaintiff's August 24 Email, "Defendants' allegations ignore: 1) that recording assignments with the USPTO is not required; 2) clear evidence that the patents have always been owned by Plaintiff; 3) assignment records that have been formally recorded in the USPTO for each of the patents referenced in Mr. Emanuelson's letter; and 4) the unambiguous language in USPTO formally recorded assignment documents for each of the patents referenced in Mr. Emanuelson's letter.

8. Defendants' Motion to Dismiss challenges Plaintiff's ownership of three of Plaintiff's Asserted Patents in this case: U.S. Design Patent Nos. D1,051,263 (the "'263 Patent); D1,048,254 (the "'254 Patent); and D1,012,214 (the "'214 Patent) (collectively "challenged patents-in-suit"). The respective cover pages or "face" of the Asserted Patents in this case confirm that Plaintiff applied for and was issued the patents, that the inventors are Plaintiff's employees and founders, and that Plaintiff's ownership rights existed before this action was filed. Dkts. 1-1 and 22-1 at 77 ('263 Patent); Dkts. 1-1 and 22-1 at 86 ('254 Patent); Dkts. 1-1 and 22-1 at 122 ('214 Patent); Dkt. 101-2 at 6–7.

9. The publicly available assignments for the challenged patents-in-suit in the USPTO explicitly state that they are "effective at least as early as the filing date of each one of the Patent Applications identified in Appendix A, and consistent with employment and other agreements and company policies entered into by ASSIGNORS and inuring to the benefit of Assignee prior to the filing date of each one of the Patent Applications identified in Appendix A" and properly include standard language recognized as conveying patent rights. Dkt. 101-2 at 11–15; Dkt. 101-2 at 17–21; Dkt.

101-2 at 23–28; Dkt. 101-2 at 6.

10. The *nunc pro tunc* assignments recorded for the challenged patents-in-suit reference and confirm the existence of employment and other agreements and company policies entered into by inventors and constituting assignment documents for those patents, each including "hereby assign" language assigning each inventor's rights in that invention to Plaintiff P&P Imports LLC. Dkt. 101-2 at 11–15; Dkt. 101-2 at 17–21; Dkt. 101-2 at 23–28. These kinds of agreements and company policies are typically not filed in the USPTO or other public spaces.

11. During the August 17 conference, Defendants' counsel did not dispute that "hereby assign" language is appropriate for assignments or creates an immediate transfer of intellectual property rights.

12. Plaintiff has not refused to produce any documents. Plaintiff has stated, multiple times, that it "will produce relevant documents through the ordinary discovery process," i.e. "in due course." *See also* Dkt. 101-2 at 6–7.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 28, 2026 in Irvine, California.

*/s/Casey H. Kempner*________________
Casey H. Kempner