**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| P&P Imports LLC,<br><br>Plaintiff<br><br>v.<br><br>Vevor Store LLC; Vevor Technology LLC; Vevor Technology Ltd.; Vevor Corporation; Vevor Equipment Inc.; Sanven Corporation; Sanven Technology Ltd.; Shanghai MuXinMuYe Youxiangongsi; Shanghai LEILEI E-Commerce Co., Ltd.; Shanghai SIJIE E-Commerce Co., Ltd.; Bozhou LEIKEYOU Technology Co., Ltd.; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02494-DOC-DFM<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS VEVOR STORE LLC, ET AL.'S MOTION TO DISMISS CERTAIN CLAIMS FOR PATENT INFRINGEMENT PURSUANT TO FED. R. CIV. P. 12(b)(1)** |
| Vevor Store LLC, Vevor Technology LLC, Sanven Corporation and Sanven Technology Limited;<br><br>CounterPlaintiffs,<br><br>v. | |

P&P Imports LLC;

CounterDefendant.

Before the Court is Defendants Vevor Store LLC, et al.'s Motion to Dismiss Certain Claims for Patent Infringement Pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. 101, "Motion to Dismiss").

Before the Court is Plaintiff P&P Imports LLC's Opposition to Defendants' Motion to Dismiss Certain Claims for Patent Infringement Pursuant to Fed. R. Civ. P. 12(b)(1) and Request for Judicial Notice. (Dkt. 103, "Opposition").

The Court, having considered Defendants' Motion to Dismiss and Plaintiff's Opposition thereto, finds that the recorded assignments confirm Plaintiff's presumption of validity as to the patents-in-suit and Plaintiff's Article III standing, that Defendants have not met their burden to challenging such standing, and hereby DENIES Defendants' Motion to Dismiss. *SiRF Technology, Inc. v. International Trade Commission*, 601 F.3d 1319, 1327–28 (Fed. Cir. 2010).

In view of the spurious nature of Defendants' allegations underlying their Motion to Dismiss, the Court also grants Plaintiff's request for its costs and fees for opposing Defendants' Motion to Dismiss. Plaintiff has thirty (30) days to submit evidence of its costs and fees expended opposing Defendants' Motion to Dismiss to the Court for review.

The Court, having considered Plaintiff's Request for Judicial Notice enters judicial notice as to the facts stated in the USPTO assignment documents filed as Dkt. 101-2 at 11-15, Dkt. 101-2 at 17-21, and Dkt. 101-2 at 23-28, and confirming Plaintiff's ownership of the patents-in-suit. Fed. R. Evid. 201(b)(2); *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004); *Seoul Laser Dieboard Sys. Co. v. Serviform, S.r.l.*, 957 F. Supp. 2d 1189 (S.D. Cal. 2013).

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: ___________________

_____________________________________
HON. DAVID O. CARTER
United States District Court Judge