**BRUNO TARABICHI**, CA Bar No. 215129
bruno@tmwlawfirm.com
**TMW LAW**
4750 Almaden Expy. 124-359
San Jose, California 95118
Telephone: 408.634.0324
Facsimile: 408.715.6707

**DAVID R. OWENS**, CA Bar No. 180829
dowens@dowenslaw.com
**OWENS LAW FIRM, PC**
84 W. Santa Clara St., Suite 700
San Jose, California 95113
Telephone: 408-298-8200

**KENNETH T. EMANUELSON** (pro hac vice)
Ken@Emanuelson.us
**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: 469-363-5808

ATTORNEYS FOR DEFENDANTS/COUNTER-CLAIMANTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

**P&P IMPORTS LLC,**

Plaintiff

vs.

**VEVOR STORE LLC, et al.**

Defendants

**VEVOR STORE LLC, et al.**

Counter-Claimants

vs.

**P&P IMPORTS LLC,**

Counter-Defendant.

Case No. 8:25-cv-02494-DOC-DFM

**DEFENDANTS VEVOR STORE LLC, ET AL.'S REPLY TO PLAINTIFF P&P IMPORTS' OPPOSITION TO DEFENDANTS' VEVOR STORE LLC, ET AL.'S MOTION TO DISMISS CERTAIN CLAIMS FOR PATENT INFRINGEMENT PURSUANT TO FED. R. CIV. P. 12(b)(1)**

Hearing Date: October 19, 2026
Hearing Time: 8:30 am
Courtroom: 10A

Judge: Hon. David O. Carter

# I. INTRODUCTION

Plaintiff has not provided even one assignment for any of the three patents at issue in this Motion to Dismiss to demonstrate its ownership prior to filing the Complaint.[1] Despite stating that such documents exist, Plaintiff has elected to refuse to provide such documents and to alternatively make a multitude of various ancillary arguments, basically relying on vague references to an employment agreement and other agreements and company policies and their "word" that such a collection of documents exist and contain proper assignments of the patents prior to filing the Complaint. Defendants submit that the vague references to multiple documents in *nunc pro tunc* assignments, which themselves cannot provide standing, and the multitude of ancillary arguments demonstrate that proper assignments executed prior to the filing of Plaintiff's Complaint do not exist or do not contain proper assignments. Plaintiff has failed to carry its burden to demonstrate its standing, and the claims for patent infringement based upon the three patents at issue should be dismissed for lack of jurisdiction.

# II. ARGUMENT

## A. Plaintiff has not produced any written assignments executed before the filing of the Complaint and has failed to carry its burden to demonstrate standing.

At issue in Defendants' Motion to Dismiss certain claims for patent infringement based on Plaintiff's lack of standing is whether Plaintiff actually had ownership of the asserted patents at issue in this Motion prior to the filing of its Complaint or not. Failure to show that Plaintiff owned the asserted patents prior to filing its Complaint is a lack of standing resulting in a lack of jurisdiction for the Court. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("Though lack

---

[1] Defendants note that references to "the patents" and "assignments" of the patents refers to the three patents at issue with respect to this Motion to Dismiss.

of statutory standing requires dismissal for failure to state a claim, lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)”).

Plaintiff has not provided any assignment(s) of the asserted patents at issue executed prior to the filing of its Complaint and, therefore, has failed to carry its burden of showing its ownership. In fact, Plaintiff spends more than two pages of its Opposition describing how a contract can effect a present assignment and how such is a matter of law and operates as an immediate transfer of rights, *see* Pl.’s Opp’n. p. 3, l. 17 – p. 4, 1. 21, and how a preexisting valid assignment can be formalized nunc pro tunc, *see id.* p. 9 l. 1 – p. l. 4. But, Plaintiff has not provided any such preexisting contract that shows such an assignment or that would even allow such an evaluation of whether such contract contained a valid assignment executed prior to filing the Complaint. Thus, Plaintiff lacks standing, and the Court must dismiss these claims for lack of jurisdiction.

### B. Plaintiff makes myriad arguments designed to misdirect from the fact that no prior assignments exist and Plaintiff lacks standing.

#### 1. Plaintiff confuses Article III standing and statutory standing to support its use of a plethora of ancillary arguments that similarly fail to demonstrate its standing.

Plaintiff confuses the issue of standing and jurisdiction with that of “statutory standing.” When a plaintiff has no ownership rights prior to filing its Complaint, it lacks Article III standing. Article III standing requires that the plaintiff suffer an injury-in-fact, which in a patent case exists *only if* the plaintiff possesses exclusionary rights in the patent at filing. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) (stating that plaintiffs that hold less than all substantial rights to a patent and lack rights to exclude others from making, using, selling, offering for sale, or importing the patented invention, are not injured by a party that does so and, therefore, lack constitutional standing). The issue in this Motion to

Dismiss is constitutional, Article III standing—either Plaintiff demonstrates that it owned the patents prior to filing its Complaint or the related claims for patent infringement must be dismissed.

By contrast, statutory standing concerns whether a plaintiff falls within the class of persons *authorized by statute* to sue, which is separate and apart from whether a Plaintiff has constitutional standing. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125-127 (2014) (stating that Article III requires an injury-in-fact and that the claim was properly within the court's jurisdiction but that the question before the court was whether the party was properly authorized to bring the claim under the relevant statute). Plaintiff further confuses this issue by stating, in the context of statutory standing, that Plaintiff has suffered injuries from Defendants' alleged infringing activities, which is an Article III injury-in-fact issue. *See* Pl.'s Opp'n. p.2, ll.1-3. Plaintiff's reliance on *Lexmark*, *Lone Star*, and *Seoul Laser Dieboard* is simply misplaced, as these cases are directed to statutory standing.

### 2. Reliance on the *nunc pro tunc* assignments and a vague reference to other documents fails to show prior assignments.

Rather than simply provide the assignments alleged by Plaintiff to have been executed prior to the filing of its Complaint, Plaintiff elects to rely upon language in each of the *nunc pro tunc* assignments, stating that the assignment *therein* (*i.e.*, the express assignment conveying rights *in the nunc pro tunc itself* as opposed to any prior assignment) is "consistent with employment and other agreements and company policies entered into by ASSIGNORS and inuring to the benefit of Assignee prior to the filing date of each one of the Patent Applications . . . ." Based upon this vague and self-serving reference to some other alleged documents, Plaintiff concludes that such proves the existence of assignments of the patents prior to filing of the Complaint. *See* Pl's. Opp'n. p. 5, ll. 4-7; Casey Decl. ¶10.

Notwithstanding that *nunc pro tunc* assignments themselves are insufficient for purposes of standing (particularly in this case because they were executed well after the filing of the Complaint), *see Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010), a vague reference to "employment and other agreements and company policies" is not sufficient to satisfy its burden of demonstrating Plaintiff's ownership of the patent prior to filing its Complaint. Nor is a declaration stating that such assignments exist without providing those assignments. In fact, neither of these constitute any prior assignments, and neither points expressly to any prior assignments. Rather, this phrase is simply a cobbled together vague reference to multiple documents, notably without even specifying a date when such alleged prior assignments were executed. Coupled with the fact that Plaintiff did not record the alleged actual assignments, even nunc pro tunc, along with this vague reference, not to a single assignment per se, but to a collection of documents and company policies, clearly leads to a conclusion that the alleged prior assignments do not exist. Again, Plaintiff has not satisfied its burden in a factual Rule 12(b)(1) challenge. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Plaintiff also contends that "years before the Complaint was filed" the inventors executed these alleged employment agreements containing a conveyance of future inventions to Plaintiff. *See* Pl.'s Opp'n. p.2, ll.15-17. For this, Plaintiff relies upon the Declaration of Casey Kempner, Plaintiff's inhouse counsel and counsel of record for this case. However, Mr. Kempner's Declaration does not support this conclusion—it only states that the "*nunc pro tunc* assignments recorded for the challenged patents-in-suit reference and confirm the existence of employment and other agreements and company policies entered into by inventors and constituting assignment documents for those patents, each including 'hereby assign' language assigning each inventor's rights in that invention to Plaintiff P&P Imports LLC." Kempner Decl. ¶10. In other words, Mr. Kempner is simply

regurgitating what is stated in the *nunc pro tunc* assignments (noting that it is ambiguous as to whether the reference to the "hereby assign" language is referring to the nunc pro tunc assignments or the alleged collection of documents (*i.e.* employment and other agreement and company policies, let alone which of these specific documents contain such words). Moreover, nowhere does Mr. Kempner attest to when such alleged documents containing the alleged assignments were actually executed and certainly does not attest to such being done "years before."

Plaintiff then argues that the use of "hereby assigns" in the *nunc pro tunc* assignments is being ignored by Defendants. Pl.'s Opp'n. p. 6, ll. 15-19. Such should be ignored as it is irrelevant—*nunc pro tunc* assignments are ineffective in conveying retroactive standing, *Abraxis Bioscience*, 625 F.3d at 1364. Plaintiff alleges a discourse on how such phraseology is sufficient to convey title even in an employment agreement or other formal agreement. *Id.* p. 8, ll. 1-15. Plaintiff, however, is trying to parlay this phraseology in the post-filing *nunc pro tunc* assignments (again ineffective in conferring standing), along with the additional self-serving text noted above, into a legal conclusion that the patents were previously assigned. Plaintiff further relies upon the self-serving and biased Kempner Declaration that, in conclusory fashion, states that the "employment documents" (noting the plural) also contain this language. *Id*. p. 8, ll. 20-22; Kempner Decl. ¶10. Again, none of this shows the actual alleged preexisting assignment(s) or a showing of any assignment of the patents prior to filing the Complaint. Confusingly, Plaintiff also states that the *nunc pro tunc* assignments containing this "hereby assigns" language actually does not create ownership retroactively as it simply documented and confirmed Plaintiff's rights based on the prior alleged documents. Pl.'s Opp'n. p. 5, ll. 18-20. So, Plaintiff takes the position that "hereby assigns" language constitutes a present assignment but only when Plaintiff needs it to be so.

Plaintiff also requests judicial notice of the *nunc pro tunc* assignments as

confirming Plaintiff's ownership, asserting that judicial notice is proper because the PTO public records are capable of accurate and ready determination. *Id.* p. 7, ll. 12-16. That the PTO public records are capable of accurate and ready determination may be true simply because the operative wording of the assignment itself is what is recorded, accessible, and readable. To assert that a vague reference to other documents in a recorded assignment, for which no access is possible, somehow means that such exist and that whatever characterization is given to such documents is accurate is ludicrous.

Again, neither self-serving language nor a vague reference to other documents is evidence of any assignment executed prior to the filing of the Complaint and such fails to provide any sufficient details about the prior assignment. By referencing a collection of documents with no indication as to which one contains the necessary assignment or when such was executed, such is clearly not an assignment demonstrating ownership prior to filing the Complaint. And, as Defendants have previously pointed out, all of this commotion—references to other documents and company policies, self-servingly language in the *nunc pro tunc* assignments, and refusing to provide the allegedly preexisting assignments, collectively demonstrates one thing—Plaintiff does not have such assignments and Plaintiff did not own these patents at the time of filing its Complaint.

**3. Plaintiff attempts to distinguish *Abraxis* and *Enzo* but misses the point.**

Plaintiff asserts that Defendants' reliance on *Abraxis* and *Enzo* is misplaced. Pl's. Opp'n. p. 9, ll. 3-7. It is unclear whether Plaintiff agrees or disagrees with well-established law that *nunc pro tunc* assignments cannot confer standing. But, Plaintiff has no choice but to downplay the obvious that the *nunc pro tunc* assignments are the only assignments of record and that such are insufficient to confer standing. Accordingly, Plaintiff presents the rather obvious position that a *nunc pro tunc* assignment does not necessarily preclude the existence of prior

assignment. *Id.* p. 9, ll. 16-22. But, this begs the obvious—where is the prior assignment? Plaintiff's answer to this simply devolves into the same argument that the prior assignments are shown by the reference in the *nunc pro tunc* assignments, which fails as discussed above.

### 4. The face of the patents fails to support any assignment, and Plaintiff's argument regarding recordation at the PTO misses the point.

Plaintiff also argues that the cover page of each of the patents confirms that the inventors are employees and founders of Plaintiff. Pl.'s Opp'n. p. 6, ll. 5-7; Kempner Decl. ¶ 8. To the complete contrary, the cover page makes no indication of the relationship of the inventors to Plaintiff, other than indicating that the Plaintiff was the applicant. Nonetheless, Plaintiff takes the position that such indicates Plaintiff had ownership from the inception of the inventions. *Id.* p. 6, ll. 10-11. Even if the inventors were founders or employees, that fact alone does not demonstrate, much less show, any assignment of the patents.

Plaintiff further distracts and obfuscates the fact that it has not provided any document(s) that show assignment of the patents prior to the filing of the Complaint by making additional irrelevant arguments that recordation of an assignment at the U.S. Patent and Trademark Office ("PTO") is not necessarily required. *Id.* p. 10, l. 15 – p. 11, l. 2. Plaintiff even presses this point by illogically arguing that because recorded assignments have a presumption of validity, it becomes Defendants' burden to prove otherwise. *Id.* p. 11, ll. 14-20. Again, Plaintiff misses the point that the present assignments in the respective nunc pro tunc assignments are not the issue (other than to demonstrate that Plaintiff's ownership only arose after the filing of its Complaint). Rather, any presumption of assignment validity does not extend to a mere reference to other documents or company policies that cannot be verified. And, it bears emphasizing that without more and when there are no other assignments, the recorded assignments, including the *nunc pro tunc* assignments

here, are extremely important because they show that the patents were only assigned after the filing of the Complaint.

**5. Plaintiff's states that it has the operative assignments but refuses to provide them, and its motivation for not doing so is telling and violates the Best Evidence Rule.**

Plaintiff's express motivation for not demonstrating its alleged prior ownership by revealing the alleged assignments containing proper assignment language and executed prior to the filing of the Complaint is petty. Plaintiffs expressly state that they contemplated attaching the alleged assignments but concluded that (i) they were not needed and duplicative and (ii) that such would reward Defendants' attempt at circumventing discovery rules. *Id.* p. 12, l. 25 – p. 13, l. 5. First, Plaintiff has not provided any document showing the assignment of the patents to Plaintiff prior to filing the Complaint—their concern about duplicity is silly. Second, Plaintiff's view that Defendants would somehow benefit from Plaintiff's showing of standing is similarly silly. Plaintiff's motivation for not providing these to punish Defendants is absurd and is a reckless action that deprives both the Court and Defendants of an opportunity to confirm Plaintiff's standing and the Court's corresponding jurisdiction.

Plaintiff further emphasizes its anger with Defendants and discovery by complaining about Defendants' objections to interrogatories (in the Introduction of its Opposition nonetheless) and because Defendants had not served discovery requests on the issue of Plaintiff's standing. *Id.* p. 3, ll. 4-11, n. 1; p. 12, l. 25 – p. 13, l. 5. Plaintiff even goes so far as to claim that Defendants brought this motion specifically to circumvent discovery. Pl.'s Opp'n. p. 4, ll. 23-26. Of course, such is utter nonsense. The discovery process has absolutely nothing to do with this Motion to Dismiss, and Defendants will not be baited into chasing this red herring.[2]

---

[2] Defendants' objections to Plaintiff's five sets of interrogatories on the basis that each set contained more than 25 interrogatories and that Defendants had the right to

Motions to Dismiss for lack of jurisdiction are often filed before discovery has been taken, and such is not a prerequisite for filing this type of motion. In fact, Plaintiff has not cited to any authority indicating that formal discovery must be taken by Defendant regarding Plaintiff's standing. Moreover, since it is Plaintiff's burden to demonstrate standing and Plaintiff alleges it is in possession of documents that would do so, whether Defendants have served discovery or not is immaterial.

Lastly, the best evidence rule requires that if a party seeking to prove the contents of a writing that the original document must be provided. See Fed. R. Evid. 1002. Here, Plaintiff has not only alleged that the original assignments exist but has steadfastly refused to provide them. Accordingly, no reliance at all can be placed on the vague reference to other documents in the nunc pro tunc assignments or on the Kempner Declaration referring to such documents. Pursuant to the best evidence rule, the Court should disregard Plaintiff's attempt to prove the contents of the allegedly existing assignments through the references in the *nunc pro tunc* assignments or the Kempner Declaration. Plaintiff, for this reason as well, has failed to demonstrate its standing.

## III. CONCLUSION

Plaintiff's myriad arguments are tantamount to the proverbial throwing anything against the wall to see what sticks. Plaintiff would have the Court believe that vague references to a collection of documents (notably, not any specific, dated document(s) in which the alleged prior assignments actually exist) and a declaration that basically states, in a "take our word for it," manner that these alleged documents exist and contain proper assignment language, are sufficient to show Plaintiff's ownership of the patents prior to filing its Complaint. The extent to which Plaintiff has cobbled together its arguments, rather than simply providing the

---

elect to not respond to any interrogatories was upheld by the Special Master. Plaintiff's displeasure with formal discovery is its own fault in not being able to draft proper interrogatory requests or properly follow the rules regarding the L.R. 37-1 letter and the meet and confer.

prior assignments that it states actually exist, is telling. It makes no sense that Plaintiff would go to this extent rather than simply providing documents to unequivocally demonstrate its standing *unless* they did not exist or do not contain the proper assignment language executed prior to filing the Complaint. Moreover, failure to provide these documents not only violates the Best Evidence Rule but deprives the Court and Defendants of an opportunity to validate whether such alleged assignments do properly assign ownership of the patents to Plaintiff prior to filing the Complaint and to, therefore, confirm the Court's jurisdiction.

While Defendants do not believe proper assignments exist or that a collection of various documents somehow comprises a single assignment for each of the three patents, *if* Plaintiff actually has such documents, Plaintiff's position that it need not provide to punish Defendants because of discovery issues unnecessarily compounds the issue and is certainly not a basis for an award of fees and costs. Plaintiff had an opportunity to avoid all of this. Moreover, if Plaintiff ultimately provides such documents and they are insufficient, denial of this Motion at this point will most certainly mean that Defendants will have no choice but to raise this issue again.

Defendants' Motion to Dismiss should be granted.

Date: October 5, 2026

Respectfully Submitted,

/s/ David R. Owens
David R. Owens
OWENS LAW FIRM, PC

Bruno Tarabichi
TMW LAW

Kenneth T. Emanuelson (pro hac vice)
THE EMANUELSON FIRM, P.C.

Attorneys for Defendants