**BRUNO TARABICHI**, CA Bar No. 215129
bruno@tmwlawfirm.com
**TMW LAW**
4750 Almaden Expy. 124-359
San Jose, California 95118
Telephone: 408.634.0324
Facsimile: 408.715.6707

**DAVID R. OWENS**, CA Bar No. 180829
dowens@dowenslaw.com
**OWENS LAW FIRM, PC**
84 W. Santa Clara St., Suite 700
San Jose, California 95113
Telephone: 408-298-8200

**KENNETH T. EMANUELSON** (pro hac vice)
Ken@Emanuelson.us
**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: 469-363-5808

ATTORNEYS FOR DEFENDANTS/COUNTER-CLAIMANTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

**P&P IMPORTS LLC,**

Plaintiff

vs.

**VEVOR STORE LLC, et al.**

Defendants

**VEVOR STORE LLC, et al.**

Counter-Claimants

vs.

**P&P IMPORTS LLC,**

Counter-Defendant.

Case No. 8:25-cv-02494-DOC-DFM

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Hearing Date: December 7, 2026
Hearing Time: 8:30 am
Courtroom: 10A

Judge: Hon. David O. Carter

## TABLE OF CONTENTS

**I. INTRODUCTION .......... 1**

**II. RELEVANT FACTS .......... 1**

A. Plaintiff's Operative Complaint .......... 1

B. Plaintiff's Asserted Claims for Design Patent Infringement .......... 1

C. Defendants' Accused Football Nets .......... 2

**III. LEGAL STANDARD .......... 3**

A. Motion for Judgment on the Pleadings .......... 3

B. Non-Infringement of a Design Patent .......... 3

1. The Ordinary Observer Test .......... 3

2. Design Patent Infringement Is Frequently Resolved Through Rule 12 Motions When the Designs Are Plainly Dissimilar .......... 5

**IV. ARGUMENT .......... 6**

A. Defendants' Football Nets are Plainly Dissimilar from Plaintiff's '933 Patent .......... 6

B. Defendants' Football Nets are Plainly Dissimilar from Plaintiff's '355 Patent .......... 8

C. Defendants' Football Nets are Plainly Dissimilar from Plaintiff's '985 Patent .......... 10

**V. CONCLUSION .......... 11**

# TABLE OF AUTHORITIES

## CASES

*Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)........................................................ 3

*Colida v. Nokia, Inc.*, 347 F. App'x 568, 570 (Fed. Cir. 2009)........................................................ 6

*Converse Inc. v. Steven Madden*, Ltd., 552 F. Supp. 3d 139, 2021 WL 3293624, at *2 (D. Mass. Aug. 2, 2021) ........................................................................................................................ 5

*Curver Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1343 (Fed. Cir. 2019) ...... 6

*Curver Luxembourg, SARL v. Home Expressions, Inc.*, No. 2:17-cv-4079-KM-JBC, 2018 U.S. Dist. LEXIS 3792, 2018 WL 340036, at *4 (D.N.J. Jan. 8, 2018), aff'd, 938 F.3d 1334 (Fed. Cir. 2019)).......................................................................................................................... 5

*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679-80 (Fed. Cir. 2008) (en banc)........... 4, 5

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) .................... 5

*Gorham Mfg. Co. v. White*, 81 U.S. 511, 528, 20 L. Ed. 731 (1871)............................................... 4

*Great Neck Saw Mfrs., Inc. v. Star Asia U.S.A., LLC*, 727 F. Supp. 2d 1038, 1052 (W.D. Wash. 2010), aff'd, 432 F. App'x 963 (Fed. Cir. 2011).............................................................. 4

*Hooker Furniture Corp. v. GTR Leather, Inc.*, No. 1:20CV451, 2022 U.S. Dist. LEXIS 29985, 2022 WL 508544, at *3-5 (M.D.N.C. Feb. 18, 2022)................................................................ 4

*In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988)....................................................................... 4

*LKQ Corp. v. GM Glob. Tech. Operations, LLC*, 102 F.4th 1280, 1291 (Fed. Cir. 2024).............. 3

*Minka Lighting, Inc. v. Craftmade Int'l, Inc.*, 93 F. App'x 214, 216 (Fed. Cir. 2004)..................... 5

*Performance Designed Prods. LLC v. Mad Catz, Inc.*, Case No. 16cv629-GPC(RBB) (S.D. Cal. Jun. 29, 2016)........................................................................................................................ 5

*Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010) .................................... 3

*Vigil v. Walt Disney Co.*, 232 F.3d 911, at *1 (Fed. Cir. 2000) (table decision) ............................ 6

*Wing Shing Prods. (BVI) Co. v. Sunbeam Prods., Inc.*, 665 F. Supp. 2d 357, 362 (S.D.N.Y. 2009) ........................................................................................................................ 5

## RULES

MPEP § 1503.02 ........................................................................................................................ 4

**REGULATIONS**

37 C.F.R. § 1.152 .......... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In its operative First Amended Complaint, Plaintiff P&P Imports, LLC has asserted six claims for design patent infringement. Of those six, three of the claims are simply not plausible and should be dismissed at the pleadings stage.

Specifically, Plaintiff has asserted in its Sixth, Seventh, and Eighth Claims for Relief that three of Defendants' football nets infringe each of Plaintiff's three design patents. However, it is well-established that when the design of an accused product is plainly dissimilar to the design in a design patent, a district court can and should dispose of the design patent infringement claim on a Rule 12 motion. Each of Defendants' three accused football nets are sufficiently distinct and plainly dissimilar from the designs in Plaintiff's asserted design patents. As such, Defendants respectfully request that the Court grant Defendants' Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## II. RELEVANT FACTS

### A. Plaintiff's Operative Complaint

Plaintiff's operative complaint is the First Amended Verified Complaint ("FAC"). *See* ECF No. 22. This Motion concerns Plaintiff's Sixth, Seventh, and Eight Claims for Relief asserting design patent infringement against Defendants' football passing nets. *Id.*, at ¶¶ 222-245.

### B. Plaintiff's Asserted Claims for Design Patent Infringement

In its Sixth Claim for Relief, Plaintiff asserts that Defendants' football nets infringe U.S. Design Patent No. D900933 (the '933 Patent). *Id.*, at ¶¶ 222-229. In its Seventh Claim for Relief, Plaintiff asserts that Defendants' football nets infringe U.S. Design Patent No. D960985 (the '985 Patent). *Id.*, at ¶¶ 230-237. In its Eighth Claim for Relief, Plaintiff asserts that Defendants' football nets infringe U.S. Design Patent No. D1003355 (the '355 Patent). *Id.*, at ¶¶ 238-245. Plaintiff attached

copies of the '933 Patent, '985 Patent, and '355 Patent to its FAC as Exhibits 5-7. *See* ECF No. 22-1.

Both Plaintiff's FAC and the patents themselves attached as Exhibits 5-7 depict Plaintiff's asserted designs, which are reproduced below:



'933 Patent, Fig. 1



'355 Patent, Fig. 1



'985 Patent, Fig. 1

*See* ECF No. 22, at ¶¶ 224, 232, 240; ECF No. 22-1, at Exs. 5-7. The specific design and scope of protection provided by a design patent is discussed further below.

**C. Defendants' Accused Football Nets**

In each of its Sixth, Seventh, and Eighth Claims for Relief, Plaintiff accuses the same three football nets of design patent infringement. *See* ECF No. 22, at ¶¶ 224, 232, 240. The accused football nets are the Vevor 8x8ft football net (B0CN6CQ7GZ), Vevor 7x7ft football net (B0CN6D7RQX), and Vevor 6x6ft football net (B0CN6CKH4G). *Id.*

Plaintiff's FAC depicts the three accused football nets, which are reproduced below, noting that the accused football nets are the same except for the size of their overall perimeter:



Vevor 8x8ft Football Net, B0CN6CQ7GZ




Vevor 7x7ft Football Net, B0CN6D7RQX



Vevor 6x6ft Football Net, B0CN6CKH4G

*Id*. Because the three accused football nets are identical except for size and because size is an element of Plaintiff's design patents, Defendants will use one depiction of the accused football nets in making its non-infringement arguments.

## III. LEGAL STANDARD

### A. Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP") provides that "a party may move for judgment on the pleadings." A motion under Rule 12(c) must be filed "[a]fter the pleadings are closed—but early enough not to delay trial." Judgment on the pleadings is proper when, accepting the complaint's plausible factual allegations as true, no material fact is in reasonable dispute and the movant is entitled to judgment as a matter of law. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). While the timing and circumstances of a Rule 12(c) motion are different from the timing of a Rule 12(b)(6) motion, the underlying legal analysis is the same for both types of motions. *Id*., (Rule 12(c) analysis is "substantially identical" to Rule 12(b)(6) analysis).

### B. Non-Infringement of a Design Patent

#### 1. The Ordinary Observer Test

Under 35 U.S.C. § 171(a), whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent for it. Importantly, unlike a utility patent, a design patent only protects the new and original ornamental design. *LKQ Corp. v. GM Glob. Tech. Operations, LLC*, 102 F.4th 1280, 1291 (Fed. Cir. 2024); *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010). Therefore, when a design contains both ornamental and functional aspects, a design patent's scope is limited to the ornamental aspects alone. *Id*., at 1294.

Also, unlike utility patents, "design patents have no written description or written claims to define their scope; the invention is defined by the overall visual impression that the drawings convey." *LKQ Corp.*, 102 F.4th at 1291 (*citing Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679-80 (Fed. Cir. 2008) (en

banc)). The specific scope of a design patent claim is defined by the drawings. *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988). Within the drawings, claimed design elements are identified by solid lines, while design elements not claimed are identified by dotted lines. *See* 37 C.F.R. § 1.152; MPEP § 1503.02.

The standard for determining design patent infringement is whether "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528, 20 L. Ed. 731 (1871). This standard articulated by *Gorham* has come to be "referred to as the 'ordinary observer' test." *Egyptian Goddess*, 543 F.3d at 670.

In the context of a Rule 12(c) motion for judgment on the pleadings, the ordinary observer test is straightforward, "involv[ing] a side-by-side study of the designs." *Great Neck Saw Mfrs., Inc. v. Star Asia U.S.A., LLC*, 727 F. Supp. 2d 1038, 1052 (W.D. Wash. 2010), aff'd, 432 F. App'x 963 (Fed. Cir. 2011); *Hooker Furniture Corp. v. GTR Leather, Inc.*, No. 1:20CV451, 2022 U.S. Dist. LEXIS 29985, 2022 WL 508544, at *3-5 (M.D.N.C. Feb. 18, 2022). The test involves two steps.

In the first step, "without review of the prior art, the claimed and accused designs" are compared to one another to determine whether they are substantially similar. *Id*. If they are not substantially similar, the inquiry ends there with a conclusion that the accused design does not infringe. *See also*, *Egyptian Goddess*, 543 F.3d at 678 (where the claimed design and the accused design are sufficiently distinct, the patentee has not met its burden of proving that the designs are substantially the same to the ordinary observer without resort to the prior art).

Otherwise, the court can proceed to the second step that "compar[es] the claimed and accused designs with prior art to identify differences that are not noticeable in the abstract but would be significant to the hypothetical ordinary

observer familiar with the prior art." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015); *accord Wing Shing Prods. (BVI) Co. v. Sunbeam Prods., Inc.*, 665 F. Supp. 2d 357, 362 (S.D.N.Y. 2009) ("[The] second level analysis ... accounts for prior art...."); *see also, Performance Designed Prods. LLC v. Mad Catz, Inc.*, Case No. 16cv629-GPC(RBB) (S.D. Cal. Jun. 29, 2016) (where the accused products and the claimed designs are not plainly dissimilar, resolution may benefit from a comparison of the accused and claimed designs with the prior art).

If at either step it is determined that the "designs are 'sufficiently distinct' and 'plainly dissimilar,' the patentee fails to meet its burden of proving infringement as a matter of law." *Ethicon Endo-Surgery*, 796 F.3d at 1335; *Egyptian Goddess*, 543 F.3d at 678.

### 2. Design Patent Infringement Is Frequently Resolved Through Rule 12 Motions When the Designs Are Plainly Dissimilar

Finally, it is important to note that district courts routinely resolve design patent infringement issues on Rule 12 motions. Specifically, courts may dismiss claims of design infringement on a Rule 12 motion "where, as a matter of law, no reasonable factfinder could find infringement." *Id*. (citing *Curver Luxembourg, SARL v. Home Expressions, Inc.*, No. 2:17-cv-4079-KM-JBC, 2018 U.S. Dist. LEXIS 3792, 2018 WL 340036, at *4 (D.N.J. Jan. 8, 2018), aff'd, 938 F.3d 1334 (Fed. Cir. 2019)); *accord Converse Inc. v. Steven Madden*, Ltd., 552 F. Supp. 3d 139, 2021 WL 3293624, at *2 (D. Mass. Aug. 2, 2021). This is appropriate when, after applying the ordinary observer test "through its own eyes," *Minka Lighting, Inc. v. Craftmade Int'l, Inc.*, 93 F. App'x 214, 216 (Fed. Cir. 2004), the district court finds that "the claimed and accused designs are 'sufficiently distinct' and 'plainly dissimilar,'" and thus it is implausible that the patentee fails to meet its burden of proving infringement as a matter of law." *Ethicon Endo-Surgery*, 796 F.3d at 1335.

Indeed, the Federal Circuit has affirmed district court Rule 12 dismissals of design patent infringement claims on multiple occasions. *Curver Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1343 (Fed. Cir. 2019); *Colida v. Nokia, Inc.*, 347 F. App'x 568, 570 (Fed. Cir. 2009); *Vigil v. Walt Disney Co.*, 232 F.3d 911, at *1 (Fed. Cir. 2000) (table decision).

As discussed below, the design of Defendants' football nets are "plainly dissimilar" from the designs in Plaintiff's asserted design patents. Therefore, an ordinary observer would not conclude the designs are substantially similar, and Plaintiff's claim of design patent infringement is implausible.

## IV. ARGUMENT

As noted above, Plaintiff has asserted three design patents, each being asserted against three of Defendants' football nets. Because the three accused football nets differ from each other only in overall perimeter size, only one image of these football nets from Plaintiff's FAC will be used in the following analysis showing how plainly dissimilar these football nets are when compared to Plaintiff's design patents. In viewing the following images and making comparisons, to the extent distinctions between solid and broken lines are not easily ascertainable, reference to the drawings in the asserted patents in Exhibits 5-7 of Plaintiff's FAC may provide a clearer view.

### A. Defendants' Football Nets are Plainly Dissimilar from Plaintiff's '933 Patent

Figure 3 from Plaintiff's '933 Patent, which shows a front view of the design, is shown next to a front view of Defendants' football net with a list of features that evidence substantial differences between the two designs. In this case, the '933 Patent is directed to the entire design shown below with the exception of four triangles shown with broken lines and, therefore, disclaimed.

//

//

| ‘933 Patent: | Accused Football Nets: |
|---|---|
|  FIG. 3 |   |
| 1. Rectangular net (straight sides) | 1. Polygonal net (angled sides) |
| 2. Three pockets | 2. Five pockets |
| 3. Pockets arranged in a “V” in the middle to upper portion of the net | 3. Pockets arranged in a “X” centered on the net |
| 4. No numbered flags for each pocket (triangles disclaimed by broken lines) | 4. Triangular numbered flags hanging from the top of each pocket and covering a portion of the opening |
| 5. Straight bottom frame | 5. Bent bottom frame |
| 6. Bottom of the net curves downward | 6. Bottom of the net curves upward |
| 7. Three connectors for attaching the net to the bottom frame | 7. Two connectors for attaching the net to the bent bottom frame |
| 8. Net contacts the frame at each of the four corners | 8. Net does not contact the frame at each of four corners |

Based on at least these eight substantial differences, no ordinary observer would conclude that these two designs are substantially similar. For example, focusing only on the difference between three pockets and five pockets and their different arrangements on the net, no ordinary observer would be deceived and induced into purchasing a five pocket football net supposing it was Plaintiff’s

designed three pocket net. However, coupled with all of the other stark visual differences listed above in considering the overall visual impression—in particular, the differences between the sides and bottom of the net (straight versus curved), the bottom of the frame (straight versus bent or angled), the number of connectors between the net and the frame at the bottom, and the extent to which the net physically contacts the frame at the corners—Defendants' football nets are not even close to being similar to the design of the '933 Patent, let alone "substantially" similar. Accordingly, Defendants' football nets are plainly dissimilar to, and do not infringe, the design of the '933 Patent.

**B. Defendants' Football Nets are Plainly Dissimilar from Plaintiff's '355 Patent**

Figure 3 from Plaintiff's '355 Patent, which shows a front view of the design, is shown next to a front view of Defendants' football net with a list of features that evidence substantial differences between the two. In this case, the claimed design in the '355 Patent is only directed to the net, three triangles under each pocket, and two corresponding frame elements that border the top and bottom of the net and wrap around the corresponding corners of the net respectively, as the remaining elements are shown as broken lines (*e.g.*, the frame and three pockets) and therefore are disclaimed.

//

//

//

//

//

//

//

//

//

| **'355 Patent:** | **Accused Football Nets:** |
|---|---|
|  FIG. 3 |  |
| 1. Rectangular net (straight sides) | 1. Polygonal net (angled sides) |
| 2. Three triangles (shown under each disclaimed pocket) with no numbers | 2. Five triangles hanging from the top of each pocket and each having a number thereon |
| 3. Triangles arranged in a "V" shape in the middle to top of the net | 3. Triangles arranged in a "X" centered on the net |
| 4. Bottom of the net curves downward | 4. Bottom of the net curves upward |

Based on at least these four substantial differences, no ordinary observer would conclude that these two designs are substantially similar. A straight-sided net with three triangles placed in a "V" shape in the upper portion of the net compared to a net with angled sides and five numbered triangles arranged in an "X" shape in the center of the net provide a vastly distinct visual impression such that no ordinary observer would be deceived and induced into purchasing Defendants' football net supposing it was Plaintiff's football net. Moreover, the bottom of the net in the '355 Patent is bowed or curved downward, whereas Defendant's net at the bottom is curved upward. Accordingly, Defendants' football nets are plainly dissimilar to, and do not infringe, the design of the '355 Patent.

//

**C. Defendants' Football Nets are Plainly Dissimilar from Plaintiff's '985 Patent**

Figure 3 from Plaintiff's '985 Patent, which shows a front view of the design, is shown next to a front view of Defendants' football net with a list of features that evidence substantial differences between the two. In this case, the claimed design in the '985 Patent is only directed to the net, three pockets, and two corresponding frame elements that border the top and bottom of the net and wrap around the corresponding corners of the net respectively, as the remaining elements are shown as broken lines (*e.g.*, the three triangles and the frame) and therefore are disclaimed.

**'985 Patent:**



FIG. 3

1. Rectangular net (straight sides)
2. Three pockets
3. Pockets arranged in a "V" in the middle to upper portion of the net
4. No numbered flags for each pocket (triangles disclaimed by broken lines)
5. Bottom of the net curves downward

**Accused Products:**




1. Polygonal net (angled sides)
2. Five pockets
3. Pockets arranged in a "X" centered on the net
4. Triangular numbered flags hanging from the top of each pocket and covering a portion of the opening
5. Bottom of the net curves upward

Based on at least these five substantial differences, no ordinary observer

would conclude that these two designs are substantially similar. As discussed above in connection with the ‘933 Patent, focusing only on the difference between three pockets and five pockets and their different arrangements on the nets, no ordinary observer would be deceived and induced into purchasing Defendants’ football net supposing it was Plaintiff’s football net. And, again, coupled with all of the other stark visual differences, including the differences between the sides and bottom of the net (straight versus curved) and the difference with the use of numbered triangles, Defendants’ football nets are not sufficiently distinct from the design of the ‘985 Patent. Accordingly, Defendants’ football nets are plainly dissimilar to, and do not infringe, the design of the ‘985 Patent.

## V. CONCLUSION

Defendants’ accused football nets are visually vastly different from any of the designs in Plaintiff’s three design patents. No ordinary observer could conclude that the accused football nets are substantially similar to the designs shown in these design patents—they are clearly and plainly dissimilar, requiring very little analysis. Because of the obvious dissimilarities between Defendants’ football nets and the asserted design patents, reliance on the prior art is not necessary at this point.

Since the comparison between the accused football nets and the designs shown in the asserted design patents can be made based only upon Plaintiff’s FAC, Plaintiff’s three design patent infringement claims can be properly adjudicated by this Motion under FRCP 12(c). Moreover, because neither the designs in the three asserted design patents, nor the design of the accused football nets will change, dismissal of Plaintiff’s three claims for design patent infringement should be dismissed with prejudice. In other words, Plaintiff can do nothing to change the plainly dissimilar designs between the accused football nets and the asserted design patents.

Accordingly, Defendants request judgment on the pleadings that each of the

three accused football nets does not infringe (1) U.S. Design Patent No. D900,933 (Sixth Claim for Relief); (2) U.S. Design Patent No. D960,985 (Seventh Claim for Relief); and (3) U.S. Design Patent No. D1,003,355 (Eighth Claim for Relief), without leave to amend.

Date: November 9, 2026

Respectfully Submitted,

/s/ David R. Owens
David R. Owens
OWENS LAW FIRM, PC

Bruno Tarabichi
TMW LAW

Kenneth T. Emanuelson (pro hac vice)
THE EMANUELSON FIRM, P.C.

Attorneys for Defendants

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 3597 words, which complies with the word limit of L.R. 11-6.1.

Date: November 9, 2026

Respectfully Submitted,

/s/ David R. Owens
David R. Owens
OWENS LAW FIRM, PC
Attorney for Defendants