# Exhibit A

Defendants' Letter to Plaintiff Dated September 29, 2026

THE EMANUELSON FIRM, P.C.

17304 PRESTON ROAD, SUITE 800
DALLAS, TEXAS 75252

EMANUELSONFIRM.COM
[214] 390-4800

September 29, 2026

***VIA ELECTRONIC MAIL***
***CKempner@pandpimports.com***
***JZhang@pandpimports.com***
***Marc@hpl.law***

Mr. Casey Kempner
Ms. Jiaxiao Zhang
P&P Imports LLC
17352 Derian Ave.
Irvine, California 92614
(949) 269-1452

Mr. Marc E. Hankin
HPL Intellectual Property Law
11414 Thurston Cir
Los Angeles, California 90049

Re: *P&P Imports v. Vevor*
Civil Action No. 8:25-cv-02494 (C.D. Cal.)
Our Matter No. 1715-5006

Counsel:

Pursuant to Local Rule 7-3, Defendants write to provide notice of their intent to file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) directed to certain claims and pleading deficiencies in Plaintiff's First Amended Complaint ("FAC"), as the FAC fails in certain respects to plead sufficient factual matter to state claims for relief that are plausible on their face. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants request that counsel meet and confer concerning the contemplated motion to determine whether the issues raised by the motion can be resolved without Court intervention.

Defendants presently intend to raise two principal issues.

First, Defendants intend to seek judgment on the pleadings as to Plaintiff's claims for infringement of the design patents directed to football training nets. The designs of the accused products, as depicted in and incorporated into the FAC, are plainly dissimilar from the claimed designs. Thus, Plaintiff has failed to state any plausible claim for infringement of these design patents under the "ordinary-observer" standard applicable to design patent claims. *See, e.g., Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (*en banc*). Because the relevant patented and accused designs are before the Court on the face of the pleadings, the issue may appropriately be resolved under Rule 12(c).

Second, Defendants intend to challenge the FAC's collective pleading against the eleven separately named corporate defendants. The FAC defines the named defendants collectively "Vevor" and thereafter attributes all of the allegedly actionable conduct to "Vevor," without identifying the particular defendant or defendants alleged to have engaged in the conduct giving rise to each claim. This manner of pleading does not adequately identify the conduct attributed to each defendant or provide the notice required by Federal Rule of Civil Procedure 8 and the governing Ninth Circuit pleading standards. *See, e.g., Gibson v. City of Portland*, 165 F.4th 1265, 1288–94 (9th Cir. 2026).

Accordingly, Defendants intend to move for judgment on the pleadings as to the football-net design patent claims and appropriate relief under Rule 8 as to the FAC's collective allegations against the named defendants.

Defendant's counsel is available to confer regarding this matter on Wednesday, September 30, 2026 at 11:00 am PT or 1:00 pm PT. If Plaintiff's counsel is not available to confer at either of those times, please provide your availability within the next week so that counsel may meet and confer concerning these issues, as required by Local Rule 7-3.

Regards,

Ken Emanuelson