**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| P&P Imports LLC,<br><br>Plaintiff<br><br>v.<br><br>Vevor Store LLC; Vevor Technology LLC; Vevor Technology Ltd.; Vevor Corporation; Vevor Equipment Inc.; Sanven Corporation; Sanven Technology Ltd.; Shanghai MuXinMuYe Youxiangongsi; Shanghai LEILEI E-Commerce Co., Ltd.; Shanghai SIJIE E-Commerce Co., Ltd.; Bozhou LEIKEYOU Technology Co., Ltd.; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02494-DOC-DFM<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Vevor Store LLC, Vevor Technology LLC, Sanven Corporation and Sanven Technology Limited; | |

CounterPlaintiffs,

v.

P&P Imports LLC;

CounterDefendant.

Before the Court is the Motion for Judgment on the Pleadings (Dkt. 112, the "Motion") filed by Defendants Vevor Store LLC, Vevor Technology LLC, Vevor Technology Ltd., Vevor Corporation, Vevor Equipment Inc., Sanven Corporation, Sanven Technology Ltd., Shanghai MuXinMuYe Youxiangongsi, Shanghai LEILEI E-Commerce Co., Ltd., Shanghai SIJIE E-Commerce Co., Ltd., and Bozhou LEIKEYOU Technology Co., Ltd. (collectively, “"Defendants”).

Plaintiff P&P Imports LLC ("Plaintiff") opposes the Motion. Dkt. 114 (the "Opposition").

The Court referred the Motion to Special Master Scott R. Miller for a Report and Recommendation. Dkt. 113.

Having considered the Motion, the Opposition, [any reply,] the Special Master's Report and Recommendation, and the record, the Court finds as follows.

1. Design patent infringement is a question of fact. It turns on whether an ordinary observer, giving such attention as a purchaser usually gives, would find the accused design substantially the same as the claimed design, viewing each design as a whole. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc); *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010). On the pleadings, judgment of non-infringement is appropriate only where the claimed and accused designs are so plainly dissimilar that infringement is implausible.
2. Defendants apply the wrong standard. Rather than comparing the overall visual impression of the claimed designs with that of the accused football nets, the Motion relies on an itemized list of individual differences. Several of those differences concern features that the Asserted Patents disclaim by broken lines. That approach is inconsistent with the ordinary observer test. *See Egyptian Goddess*, 543 F.3d at 679–80; *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303–04 (Fed. Cir. 2010).

3. Accepting the allegations of the verified First Amended Complaint (Dkt. 22) as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has plausibly alleged that the accused football nets are substantially the same as the designs claimed in U.S. Design Patent Nos. D900,933, D960,985, and D1,003,355. The claimed and accused designs are not so plainly dissimilar that infringement is implausible.
4. Factual issues remain that cannot be resolved on the pleadings. These include how an ordinary observer would perceive the designs, and how they compare in light of the prior art and the prosecution histories that Defendants themselves have placed at issue. (Dkt. Nos. 67, 91, 92.)

Accordingly, Defendants' Motion for Judgment on the Pleadings (Dkt. 112) is **DENIED**.

DATED: __________________

________________________________
HON. DAVID O. CARTER
United States District Court Judge