**BRUNO TARABICHI**, CA Bar No. 215129
bruno@tmwlawfirm.com
**TMW LAW**
4750 Almaden Expy. 124-359
San Jose, California 95118
Telephone: 408.634.0324
Facsimile: 408.715.6707

**DAVID R. OWENS**, CA Bar No. 180829
dowens@dowenslaw.com
**OWENS LAW FIRM, PC**
84 W. Santa Clara St., Suite 700
San Jose, California 95113
Telephone: 408-298-8200

**KENNETH T. EMANUELSON** (pro hac vice)
Ken@Emanuelson.us
**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: 469-363-5808

ATTORNEYS FOR DEFENDANTS/COUNTER-CLAIMANTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **P&P IMPORTS LLC,**<br>Plaintiff<br>vs.<br>**VEVOR STORE LLC, et al.**<br>Defendants<br>**VEVOR STORE LLC, et al.**<br>Counter-Claimants<br>vs.<br>**P&P IMPORTS LLC,**<br>Counter-Defendant. | Case No. 8:25-cv-02494-DOC-DFM<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing Date: December 7, 2026<br>Hearing Time: 8:30 am<br>Courtroom: 10A<br><br>Judge: Hon. David O. Carter |

## I. INTRODUCTION

Despite Plaintiff's best attempts at unduly complicating this Motion, it remains that a district court can apply the ordinary observer test for design patent infringement, conclude that the claimed patented design and accused design are plainly dissimilar, and grant this Motion for non-infringement. The law is clear that, in such case, there is no question of fact precluding the granting of the Motion.

In comparing the overall impression of Plaintiff's claimed patented design for football nets to the design of the accused football nets, they are indisputably plainly dissimilar. There is no need to indulge Plaintiff's *modus operandi* of distraction, mischaracterization, red herrings, irrelevance, and contradiction. Once Plaintiff's ill-conceived arguments are laid bare, nothing remains but a simple comparison of the claimed patent designs to the accused patent designs that are so visually different that they easily qualify as plainly dissimilar.

## II. ARGUMENT

### A. The Design of the Accused Football Nets Is Plainly Dissimilar From the Claimed Patented Designs

Plaintiff agrees and concedes that, where an accused design is plainly dissimilar from the claimed patented design, a finding of non-infringement is appropriate at the pleading stage. *See* ECF No. 115, at 9:22-24. Accordingly, Plaintiff's arguments that a determination at the pleading stage is inappropriate can be ignored because they are all premised on the designs at issue not being plainly dissimilar—as opposed to this case, where the designs are plainly dissimilar.

Knowing the designs at issue are plainly dissimilar, Plaintiff resorts to the illogical argument that, by pointing out specific dissimilarities, Defendants somehow are ignoring the test that compares overall impression. *See* ECF No. 115, at 10:8-11:25. Notably, federal courts discuss individual dissimilarities in coming to the conclusion of overall dissimilarity. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 681 (Fed. Cir. 2008) (en banc) (stating there would be nothing wrong

with pointing out differences between the accused design and the patented design). In fact, this is why Plaintiff does exactly the same thing, enumerating what it believes are similarities. *See, e.g.,* ECF No. 115, at 12:1-8. Pointing out dissimilarities is the manner of explaining why the *overall visual impression* between two designs is plainly dissimilar. The clearly obvious, noticeable, and stark differences described by Defendants are, *in toto*, the exact reason that an ordinary observer would conclude that the accused football nets and the claimed designs are plainly dissimilar.

Plaintiff then argues that the differences identified by Defendants to show overall plain dissimilarity should be disregarded as "minor differences." *See* ECF No. 115, at 10:22-27. Plaintiff's argument falls apart because the dissimilarities identified by Defendants ***are major, not minor, differences***. Unlike the minor difference of the width of the straps in *Crocs* (cited by Plaintiff), Defendants have identified major, monumental differences that strongly impact the overall visual impression of the designs at issue. If the Court reviews the *Crocs* case, it can see the similarity of the designs at issue in that case as opposed to the plainly dissimilar designs in this case. Accordingly, Defendants believe that the Court will find the differences to be major differences, not minor differences.

Nevertheless, Plaintiff proceeds to list six individual items that it suggests are similar between the claimed designs and the accused football nets. *See* ECF No. 115, at 12:1-8.[1] But Plaintiff does no more than list these items, as there is no attempt to distinguish why these alleged similarities preclude a finding that the accused nets are plainly dissimilar from the claimed designs given the differences

---

[1] However, some of these items are disclaimed in certain of the asserted design patents, such as the triangles. Notably, Plaintiff later argues that Defendants point to differences regarding unclaimed features, yet here tries to mislead the Court that these six features make the accused nets similar to the claimed designs without discerning which of its patents assert which features and which are disclaimed.

described by Defendants.[2] In fact, only two of these six items, both of which concern the pockets and their arrangement, are the only issues substantively discussed by Plaintiff, clearly indicating the lack of real significance of the other items (*i.e.*, the mesh net, the frame, and the trim).

With regard to the pockets and their arrangement, Plaintiff argues that the accused nets' five pocket arrangement in an "X" shape is basically a three pocket "V" shape *so long as the bottom two pockets in the "X" shape are ignored*. *See* ECF No. 115, at 12:9-15. This argument is directly contrary to the guidance of the law, which considers the overall impression of the design. Despite Plaintiff's repeated assertions that Defendants' listing of differences ignores the overall visual impression, Plaintiff argues that a substantial visual distinction should be completely ignored, so as to artificially conclude that an ordinary observer would find the accused designs and the claimed designs to be the same. Notably, Plaintiff makes this argument only with respect to the pocket arrangements, while ignoring its own position that focus should be on the overall visual impression, in order to argue that these distinctions present a question of fact and that the nets and the design are not plainly dissimilar. *See* ECF No. 115, at 12:16-21. To the contrary, such a stark difference, in combination with the other differences listed by Defendants, is what immediately leads to a conclusion of plain dissimilarity. In other words, the pocket arrangement, even standing alone, presents such a substantially dissimilar visual impression that when considered in combination with the other differences, the overall visual impression is clearly plainly dissimilar.

---

[2] Plaintiff does argue about the standard for pleading design patent infringement. *See* ECF No. 115, at 9:8-10. However, such is not an issue in this Motion. And while Plaintiff cites *Nikola* for the proposition that design patent infringement is a question of fact that can't be decided on a Rule 12 Motion, the *Nikola* court actually specifically noted it could be: "To be sure, there may be circumstances where a complaint shows on its face that an accused article is so dissimilar to the patented design that dismissal under Rule 12(b)(6) would be appropriate." *Nikola Corp. v. Tesla, Inc.*, 2020 U.S. Dist. LEXIS 164660, *6 (N.D. Cal. Sept. 9, 2020).

With regard to the ‘355 Patent, Plaintiff argues that the claimed three downward pointing triangles form a V-shape and that by ignoring two of the five pockets and triangles in the accused football nets, the remaining triangles form the same V-shape. Not only does this ignore the difference in the number of triangles, but Plaintiff also asserts that the placement of the triangles relative to the pockets should also be ignored simply because the pockets themselves are disclaimed. See ECF No. 115, at 17:14-22. Confusingly, Plaintiff defies logic further by stating in conclusory fashion that the additional differences of the extra triangular flags and their numbering and the overall net shape or outline are simply insufficient for purposes of evaluating the overall visual impression. *Id*. In other words, Plaintiff's position is to ignore major visual differences, including the number of triangular flags, their numbering, their orientation, their arrangement and the overall net shape. Upon comparing the claimed design in the ‘355 Patent and the accused nets, including all of these different features, they are plainly dissimilar.

Plaintiff makes similar misstatements with regard to the ‘933 and ‘985 Patents, arguing that Defendants have improperly referenced the triangles as a difference between the accused football nets and the claimed designs. To the contrary, Defendants noted correctly that the claimed feature of the three pockets in both the ‘933 and the ‘985 patents showed no numbered flag identifying the pocket, whereas, *in connection with each pocket* in the accused football nets, there is an numbered flag extending from the top of the pocket downward and thereby covering part of the pocket opening. When viewing the claimed pockets in these patents compared to the pockets of the accused nets, inclusion of a flag attached to each pocket is a distinguishing feature that strongly affects the overall visual impression.[3]

---

[3] Although elements shown in broken lines are not claimed, they can affect the overall visual impression of a design patent by showing its context or environment. *See, e.g., Shunock v. Apple*, 825 F.Supp.3d 366, at 395 (S.D.N.Y. 2026).

Contrary to Plaintiff's assertion, Defendants have not mischaracterized the claimed patented designs. Plaintiff argues that Defendants mischaracterized the claimed designs by describing the shape of the *net* when the *frame* has a different shape. *See* ECF No. 115, at 18:6-10. But surely Plaintiff must appreciate the difference between the net itself and the frame that holds the net. Thus, Defendants' characterization of the net is correct. In addition, Plaintiff argues that the shape of the net as shown in the pictures of the accused nets could be different based upon other factors and that such are factual disputes. *See* ECF No. 115, at 18:11-19. Plaintiff's proposition is pure speculation, done to create the impression of factual dispute where none exists. Plaintiff set forth the images of the accused nets as a basis for its infringement claims. In this Motion, it is those images against which the claimed designs are compared, and that comparison shows unmistakable visual differences with respect to the position of the nets relative to the frames.

Plaintiff makes a completely inconsistent and illogical argument with respect to the '933 Patent—namely, that certain claimed features of the claimed designs should either be ignored as minor differences or are functional. *See* ECF No. 115, at 18:20-19:2. Again, Plaintiff takes a completely unsupported position that visual differences should be ignored, even when those differences go directly to elements expressly included in the claimed design (e.g., the connectors, the bend in the bottom frame, and the attachment locations of the net to the frame). Of course, these elements directly affect the overall visual impression and cannot be ignored. Knowing that, Plaintiff also submits that such are functional despite being claimed. *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328-1334 (Fed. Cir. 2015) (finding that while individual elements of the surgical instrument performed functions, the design patent nevertheless covered "the particular ornamental designs of those underlying elements.").

Lastly, Plaintiff takes issue with the use of only the images provided in the FAC, namely, the front view of the accused football nets and one figure from each

of the design patents. *See* ECF No. 115, at 19:3-19. Conspicuously, Plaintiff only states this in conclusory fashion and makes no particular point as to how the use of only these images affects the analysis—because it does not. These images suffice to clearly demonstrate the overall plain dissimilarity. No further images are necessary, and by making no argument in that regard, Plaintiff has conceded the point.

### B. Defendants' Remaining Arguments Should Be Disregarded As Intentional Mischaracterizations, Irrelevant, Red Herrings, Etc.

Plaintiff's opposition is replete with a mishmash of immaterial, extraneous, and improper arguments meant to distract the Court from the straightforward task of comparing the overall visual impressions of the designs at issue to decide if they are plainly dissimilar. Defendants briefly address these below.

#### 1. Plaintiff's Puerile Rants on Discovery Are Improper

A Rule 12 Motion is limited to the pleadings. Yet, Plaintiff chooses to repeat its prior attempts to raise discovery issues with this Court instead of using the Special Master and his written procedures.[4] *See* ECF No. 115, at 1:18-22. Not only are discovery issues outside of the pleadings, but Plaintiff purposely mischaracterizes them. The Special Master has already ruled in Defendants favor that Plaintiff's interrogatories consisted of many more than the allowed 25 numerical limit. In other words, Plaintiff failed to comply with the discovery rules, and its failure, not any failure by Defendants, has caused the delay.

#### 2. Plaintiff Implies an Incorrect Standard by Touting "Other Ways to Make Football Nets"

On multiple occasions, Plaintiff touts that there are "countless other ways" to make and market football nets. *See* ECF No. 115, at 2:24, 3:1. This may be correct, but it is not relevant because "countless other ways" is not the standard for design patent infringement. All the Court needs to do is look at whether the claimed patent

---

[4] It is surprising that Plaintiff does so again given that Plaintiff's counsel was chastised by the Special Master for violating his procedures.

design and the accused design are plainly dissimilar. There is no consideration given to how many other ways there are to make a product. Plaintiff did not cite any law for this incorrect standard because it is not the correct standard.

**3. Plaintiff's Continual Shoehorning of Matters Outside the Pleadings Is Impermissible**

Throughout its opposition, Plaintiff repeatedly references matters outside the pleadings. These include assertions about responses to cease and desist letters[5], discovery disputes, scheduling orders, and more. *See, e.g.,* ECF No. 115, at 7:6-26, 21:12-22:23. On top of the fact that references to matters outside the pleading is not permitted, Plaintiff's characterizations of these matters outside of the pleadings are both factually inaccurate and deceptive. Given the page limits of this reply brief, while Defendants dispute Plaintiff's deliberate mischaracterizations, Defendants will simply state these matters must be ignored as they are outside the pleadings.

**4. Plaintiff's Attempt to Distinguish Case Law Falters**

Plaintiff spends a large portion of its brief citing cases that have denied a motion for judgment on the pleadings for design patent infringement. *See* ECF No. 115, at 13:12-16:5. But these cases were decided on their own facts. Obviously, there are cases that grant Rule 12 motions and there are cases that deny Rule 12 motions as to design patent infringement. Defendants have cited cases that grant them, and Plaintiff has cited cases that deny them. At the end of the day, they don't compel a result here because the Court needs to make its own determination based on the designs at issue in this case, not the cases cited by Plaintiff or Defendants. However, these cases clearly show that a Court can grant a Rule 12 motion based on a finding of non-infringement.

In addition, Plaintiff wrongly argues that Defendants' cases were decide on a

---

[5] In a particularly egregious example, Plaintiff asserts that Defendants responded to a cease and desist letter by admitting infringement, whereas the response only acknowledged receipt of Plaintiff's letter—two very different things. This is why Plaintiff did not include the response letter as an exhibit to its Complaint.

full record, inapposite, or undercut Defendants' arguments. First, Defendant cited several cases deciding design patent infringement on the pleadings—Plaintiff conveniently points to certain cases cited for general legal principles. *See* ECF No. 112-1, at 5:13-6:5. Second, the Federal Circuit citations confirm a district court can grant dismissal for non-infringement on the pleadings where the designs are plainly dissimilar. *Id*. And none of the cases cited undercut Defendant's arguments, as each case confirms the principle for which it is cited.

**5. Plaintiff's Disingenuous Twisting of an Obvious Typographical Mistake Is Unprofessional at Best**

In its opposition, Plaintiff takes delight in pointing out an obvious typographical mistake with an entire heading directed to making something out of a typographical error. *See* ECF No. 115, at 20:4-21:4. Even though the inclusion of the word "not" was clearly a typographical mistake, Plaintiff wrongly misleads the Court by stating: "In addressing the '985 Patent, Defendants' state that their nets 'are ***not*** sufficiently distinct from the design of the '985 Patent.'" *Id*. (emphasis added). Plaintiff knows the inclusion of "not" was a typographical error because it proceeds to state "Whatever Defendant intended …" *Id*. The inclusion of "not" is clearly a typographical error, particularly in light of the overall paragraph and the next sentence which states that Defendants' football nets are plainly dissimilar. *See* ECF No. 112-1, at 10:28-11:10.[6]

**6. Contrary to Plaintiff's Statement, the Prior Art Step Can Most Certainly Be Skipped**

In its opposition, Plaintiff fails at its attempt to mislead this Court by saying

---

[6] It would now be remiss for Defendants to not point out Plaintiff's own typographical error when it characterized its claimed design as a "hole." *See* ECF No. 115, at 11:2-5. By analogy, Defendants should argue that if Plaintiff cannot "consistently describe" its own design, it has not shown the similarities between the accused products and the claimed designs "as a matter of law." Obviously, Plaintiff's argument is nonsense and should be ignored.

the prior art step is a required step of the infringement analysis. As the cases cited by Defendants show, the first step considers whether the accused designs are plainly dissimilar to the claimed patented designs. If the Court finds them plainly dissimilar, it can grant the Rule 12 motion without considering prior art. This is the exact basis for Defendants' Motion. Defendants have moved on the grounds that the designs are plainly dissimilar. No consideration of the prior art is required if this step is dispositive due to the designs being plainly dissimilar. *See e.g., Ethicon*, 796 F.3d at 1335; *Grill Rescue LLC v. Schedule A*, 2026 U.S. Dist. LEXIS 35029, *6, n.4 (N.D. Ill. Feb. 20, 2026) ("But because the '850 patent and the accused product are plainly dissimilar, the Court need not delve into comparisons with prior art.")

**7. The Pleadings and Scheduling Order Are 100% Irrelevant to this Motion for Judgment on the Pleadings**

Plaintiff's argument that the pleadings and scheduling order prevent the court from deciding non-infringement on a Rule 12(c) motion for judgment on the pleadings is nonsensical. *See* ECF No. 115, at 21:12-22:24. Both the Federal Rules of Civil Procedure and federal case law make it clear that this Court can decide a design patent infringement claim if the designs at issue are plainly dissimilar. This is not impacted by a court's scheduling order or discovery. And finally, Plaintiff attempts to mischaracterize this Motion as a motion for summary judgment to argue that it violates the filing of piecemeal motions for summary judgment is purposely deceitful. This Motion is a motion for judgment on the pleadings—not a motion for summary judgment. These arguments should be disregarded.

**C. Leave to Amend Should Be Denied As Futile**

Plaintiff's request for leave to amend should be denied as futile. The law is clear that a district court may deny leave to amend if an amendment would be futile. *See, e.g., Campos v. 1169 Palms LLC*, 2022 U.S. Dist. LEXIS 96149, *24-25 (C.D. Cal. May 23, 2022). This is especially so when the basic underlying facts are what they are and when the party seeking leave does not articulate the facts that

would cure the deficiency. *Id*. In the design patent context, once a court finds the designs plainly dissimilar on a Rule 12 Motion, leave to amend should be denied as futile. *See, e.g., Performance Designed Products LLC v. Mad Catz, Inc.*, 2016 U.S. Dist. LEXIS 84848, *19 (SD Cal. June 29, 2016) (finding designs plainly dissimilar and granting Rule 12 motion with prejudice and denying leave to amend as futile); *Kohler v. Signature Plumbing*, 2024 U.S. Dist. LEXIS 215096, *6-11 (SDNY Nov. 25, 2024) (finding designs plainly dissimilar and granting Rule 12 motion for judgment on the pleadings with prejudice and without leave to amend).

Here, Plaintiff has not articulated what additional facts could change the inescapable conclusion that the accused designs are plainly dissimilar from the claimed patent designs. Instead, Plaintiff only offers conclusory statements that it could include allegations of photographs, annotated side-by-side comparisons, ***hypothetical* facts** about the ordinary purchaser, and ***speculative*** instances of confusion that might come out during discovery but have not yet. *See* ECF No. 115, at 23:13-23. But Plaintiff has not articulated how any of these allegations might make the accused designs more similar the claimed patent designs—because they could not. The designs are what they are, and once this Court finds that they are plainly dissimilar, nothing Plaintiff can allege will change that. Therefore, Plaintiff's claims should be dismissed without leave to amend.

## III. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Judgment on the Pleadings as to Plaintiff's Sixth, Seventh, and Eighth Claims for Relief.

Date: November 23, 2026

Respectfully Submitted,

/s/ David R. Owens
David R. Owens
Bruno Tarabichi
Kenneth T. Emanuelson (pro hac vice)
Attorneys for Defendants